Janice Abner, Plaintiff In Pro Se
888 Victor Avenue , Unit 16
Inglewood, California, 90302
(310) 419-4563

RECEIVED

2007 FEB 20  A 9: 48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JANICE ABNER | ) **CASE NO.** |
| | ) **COMPLAINT FOR** |
| | ) **DECLARATORY And** |
| Plaintiff | ) **INJUNCTIVE RELIEF UNDER;** |
| Vs. | ) **42 U.S.C., SECTION 1981 For** |
| | ) **DENIAL OF CIVIL RIGHT** |
| ALABAMA BOARD OF | ) **42 U.S.C., SECTION 1983;** |
| MEDICAL EXAMINERS, | ) **For VIOLATION OF** |
| and THE ALABAMA | ) **CONSTITUTIONAL RIGHTS** |
| DEPARTMENT OF | ) **UNDER COLOR OF STATE** |
| PUBLIC HEALTH | ) |

2:07CV146-WKW

## 1. INTRODUCTION

This is a civil rights action seeking declaratory and injunctive relief

against the Alabama Board of Medical Examiners and The Alabama

Department of Public Health . The Alabama Public agencies through

their agents have treated Abner who is a member of a protected class

non uniformly from other male Caucasian although Abner has similar

-1-

standing by education as physicians . Through such action Plaintiff has been denied equal protection of the law and has incurred discrimination base don race and gender.. Such discriminatory action is a denial of civil rights.

The Alabama Board of Medical Examiners through its Officer has acted under color of State Authority and Law to deprive Plaintiff of the First Amendment Right secured by the United States Constitution in seeking redress from the government through complaint.

## JURISDICTION/VENUE

The Court has jurisdiction over this action pursuant to 28 U.A.C. Section 1331 ( Federal Question ) and 28 U.S.C. Section 1343 (3) Civil Rights . Venue lies within the Middle District of Alabama , the Judicial District in which the claim arose pursuant to 28 U.S.C. Section 1391 (b) .

This action is brought pursuant to 42 U.S.C. 1981 , 1983 which prohibits denial of equal protection of the law of an individual in a protected class, and forbids violation of civil rights under color of State Law.

-2-

**PARTIES**

1. Plaintiff , Janice Abner is an African American female by birth born and raised in the United States and was a dual citizen of Alabama and California as a property owner and resident until October 2002. Although in year 2002 Plaintiff sold property in Alabama a relation with the state of Alabama subsequently continued periodically  through a judicial action.

Plaintiff  holds post graduate degrees in Behavioral- Educational psychology obtained in California Universities where citizenship currently is singularly with the State of California.

2. Alabama Board of Medical Examiners is a State Medical Board overseeing licensing of  physicians and osteopaths, and serves as an agency under statutory authority arising from Alabama Code Sections 34-24-330, 34-24-361  to receive and investigate complaints in regards to medical practitioners. It is administrated by an executive director and agent Larry Dixon .The Alabama Board o Medical Examiners does business in Montgomery, Alabama.

3. The Alabama Department of Public Health is a Agency operating to oversee public hospitals and clinics in the State. Said agency receives

-3-

federal funds to help provide services to citizens of Alabama , and has

jurisdiction to investigate complaints against private hospitals who

provide services to recipients of Medicare and thereby receive cost

sharing funds for such service in relation.

FACTS

4. On 2/24/06 a correspondence as complaint was written by Plaintiff

( Hereinafter referred to as Abner, or plaintiff ) to the Office of The

United States Attorney of Southern Alabama against seven Caucasian

male medical physician in private practice and Mobile Infirmary

Medical Center, also a private entity whereby all referenced care

providers also provide services under Medicare , a federal act arising

from the Social Security .

4. The above referenced medical providers had performed purported

services on Lillian Abner , in 2002 under Medicare whereby decedent

who was mother of plaintiff died while hospitalized . A autopsy was

requested performed by the Mobile Infirmary Medical Center

immediately following death of decedent .

5. In 2003 Abner did lodge a complaint to the Alabama Quality

Assurance Foundation (AQAF) against the level of care provided

-4-

decedent by the referenced Caucasian private physicians and the private Medical Center.. The  AQAF is a Peer Review Agency under contract with the Secretary of Health and Human Services to investigate complaints against care providers who performed services at such time under Medicare .

6. In 2003 the AQAF upon investigation opined that the standard of care provided Lillian Abner conformed with norms for such providers, and the cause of death listed by Mobile Infirmary Medical Center as cardiac arrest arising from heart disease was correct .

7. In year 2004 Abner filed a complaint pursuant to 42 Code of Federal Regulations in the United States District Court of Southern Alabama for wrongful death and  medical malpractice related to the Medicare Act regarding the death of Lillian Abner , mother of Plaintiff while under the purported care of the physicians an parties. A claim was also incorporated in complaint for violation of constitutional rights .

8. The action was dismissed on ground that a private cause of action did not arise under Medicare .,and that the claims for wrongful death and malpractice were state law claims. The Court also dismissed the

-5-

claim for violation of constitutional rights on ground claim failed to state a claim as parties were private.

9. Abner requested leave to amend latter claim which was denied by the District Court , and affirmed upon review by the United States Court of appeal .

10. The correspondence to the Office of the United States Attorney followed Abner securing in December 2005 a post autopsy report opining that the cause of death of mother Lillian Abner was negligence by the care providers based on detailed findings and reference to the medical records of decedent used in the conduction of the post autopsy.  Said post autopsy was conducted by Dr. David Posey, Pathologist of Glenoakes Pathology Associates , Inc. of Los Angeles County, California.

11. In 4/13/06 Mr. Eugene Sideau, Assistance United States Attorney for Southern Alabama wrote three (3) Alabama Peer Review Agencies of The Alabama Board of Medical Examiners (ABME) The Alabama Department of Public Health (ADPH) and the Alabama Quality Assurance Foundation (AQAF) each having jurisdiction to receive and investigate complaints against medical providers in Alabama who

-6-

provided services at such time under Medicare, a Federal Act.

12. The correspondence submitted to the three agencies by the Office of the United States Attorney was based on the year 2005 autopsy report of Glenoakes Pathology Group which contradicted by graphic evidence the findings in the autopsy prior performed by Mobile Infirmary medical Center as to cause of death of Lillian Abner.

13. A prior detailed and lengthy complaint was lodged on 3/13/06 to the Alabama Board of Medical Examiners ( ABME) against seven (7) private physicians whereby allegations of neglect were lodge din the year 2033 complaint to The Alabama Quality Assurance Foundation (AQAF). A complaint was submitted also to the Alabama Department of Public Health (ADPH)

14. On 3/27/06 Mr. Larry Dixon , Executive Director of The ABME did respond to the lengthy complaint lodged directly by Abner against the physicians, and at such time agreed the agency would conduct investigation based on the evidence which were medical records.

15. Abner had prior on 7/30/06 filed in complaint under Alabama law in the Circuit Court of Alabama against the seven male Caucasian physicians and Medical Center based on the December 2005 autopsy

-7-

report by the Glenoakes Pathology Associates as to the finding of cause of death of decedent mother

16. The three agencies receiving the complaint of Abner through the Office of the United States Attorney did respond to Mr . Eugene Sideau, Assistant United States Attorney initially through correspondence by the A.B.M.E. dated 4/25/06 from its General Counsel Patricia Shaner declaring  investigation would transpire . The ADPH declared on 5/05/05 by correspondence to the Office of the United States Attorney investigation would transpire. The AQAF having formerly performed an autopsy in year 2003 base don the findings of Mobile Infirmary Medical Center notified the Assistant United States Attorney of declination to conduct a new investigation based on new evidence.

17. On 10/13/06 the ABME submitted a delinquent one -one fourth page of it 9/07/06 finding only after demand by Abner declaring the standard of care for the seven Caucasian male providers was within prescribed norms based on numerous incorrect findings. The  findings and statements are clearly contradicted by the records in medical records that had been provided, and in the possession of  Abner. The

A.B.M.E .investigative finding did reveal by statement therein

fraudulent responses from the physicians were accepted by the refusal

of the A.B.M.E. to do perform a full investigation base do the medical

records of decedent as to complaint  lodged by the Office of the

United States Attorney .

18. The ADPH unlike the ABME failed to submit any investigative

findings required by agency regulation released within 45 days of

receipt of complaint.

19. On 9/16/06 Abner filed  a writ of mandamus in the Circuit Court

of Montgomery seeking a writ of mandamus directing the A.B./M.E.

to separately perform investigation of complaints lodged by the

United States Attorney and individually by Abner. The mandamus

based on ground that the agency had abused discretion by deliberately

interpreting the language in the regulations to perform a very limited

investigation of the complaint from the Office of The United States

Attorney , and had failed to investigate the separate complaint OF

Abner .

20. The mandamus action also sought writ to command the Alabama

Department of Public Health perform investigation required by law in

the total absence thereof by the agency.

21. Both agencies did move to dismiss complaint prior to receipt of timely reply by Abner , and secured a telephonic conference through the court in relation thereto. investigated the complaint submitted through the Office of the United States Attorney .A fore referenced motions were made on Eleventh Immunity and Immunity through the Alabama Constitution. At such time the trial judge did direct the A.B.M.E. to submit in writing the procedure whereby the agency investigated the complaint received from the Office of The United States Attorney , and ordered that Abner submit response to motion s to dismiss

22. Abner subsequently did respond by citation of authority in defense of motion to dismiss facts the suit sought no money to be paid out of the Alabama treasure, and was brought in State rather than Federal Court cited immunities did not operate to bar action.

23. Thereafter the ABME did answer complaint denying all charges therein, The ADPH failed to provide an answer. Abner did there after submit substantial documentary evidence from medical records and medical authorities to refute the denials by the A.B.M.E. that their

-10-

agency had failed to conduct a through and fair investigation of the complaint by the United States Attorney, and failed entirely to investigate the separate complaint of Abner..

24. Abner received a copy of an affidavit by William Addison , Assistant Counsel to the A.B.M/E. dated 10/20/06 complying with order by the Court incorporated in paragraph 15 of this complaint. The affidavit entitled RESPONSE OF ALABAMA BOARD OF MEDICAL EXAMINERS TO THE COURT'S VERBAL ORDER OF 10/19/06 declared under penalty of perjury that the investigation of the complaint against the physicians lodged through the Office of the United States Attorney transpired by securing less than one fourth (7 of 203 ) of the medical records from the hospital of decedent constituting concealment through investigation .

25.. The afore referenced affidavit by the A.B.M.E. does state the agency secured medical reports from physicians directly from the files of physicians rather than the medical records in complying with the Court order thereby invalidating authenticity of the medical reports to constitute fraud by investigative procedures as also listed by paragraph 23.

-11-

26. Abner also receive notice dated 12/06/06 from William Addison,
Associate Counsel that the Agency through its Executive Director
Larry Dixon did prior lodged cross complaints against Abner and
David Posey ,M.D. who had conducted a post autopsy report in Los
Angeles County, California.  The complaints were lodged to  the
American Board of Pathology  and California Board of Medical
Examiners

27. The complaint to both agencies as to Abner reported general
accusations absent specificity and particularity that were
inconclusive regarding Abner filing a prior judicial action. The
accusation was   unrelated to the fact that the A.B.M.E. had refused to
conduct a fair and through investigation of the complaints received
both through the United States Attorney and directly Abner. As fore
stated the investigation by the Alabama was fraudulent  due to fact
only 96 percent of evidence available in the medical records was used
by the agency , and therefore the one and one forth page findings by
the A.B.M.E. stated numerous errors in the medical history of patient
and therefore the conclusions were invalid .

28. The trial court in the mandamus action seeking for agencies to perform a fair investigation has refused to make a ruling on the petition for writ of mandamus despite fact that the Court has been provided with evidence by Abner proving the A.B. M.E. committed fraud in investigation to protect the Caucasian male physicians , and fact in addition that the Alabama Department of Public Health , an agency receiving federal funds has failed to investigate the complaint despite declaring to the United States Attorney that agency would perform the duty.

ARGUMENT

**First Claim For Relief; 42 U.S.C., Section 1981; For Denial Of Civil Rights Based On Race And Gender Discrimination**

Complainant Janice Abner does hereby claim by facts incorporated in this complaint that  Alabama agencies the Alabama Board of Medical Examiners did deny the civil rights of Abner secured by Section 1981due to race  by inter alia:

Refusal by the Alabama Board of Medical Examiners to perform a full investigation from all evidence available in the medical records of decedent and to submit valid findings based on fact . Thereby in the absence thereof the Agency did commit fraud in investigating the

-13-

complaints against the seven (7) male Caucasian physicians by Abner, a person in a protected class by race and gender that were lodged through the Office of the United States Attorney and separately by Abner in accords thereby denying Abner equal protection of the law against race and gender discrimination.

By this complaint Abner does claim denial of civil rights by the Alabama Department of Public Health, an agency receiving federal funds by failure to answer the complaint submitted by the United States Attorney and Abner against the Mobile Infirmary Center whom decedent a Medicare recipient was in care at the entity at the time of death .

**Second Claim For Relief, 42 U.S.C.A,, Section 1983 ; For Denial Of Constitutional Rights Under Color Of State Law.**
Charge is set forth as incorporated by paragraphs 26 and 27of this complaint that Alabama Board of medical Examiners through agent Larry Dixon did abuse position under color of state authority and law to deny Abner the right by the First Amendment to seek fair and valid redress of grievance . Larry Dixon as officer and agent of the Alabama Board of Medical Examiners , a State Governmental agency

-14-

did abuse position by making complaint against Abner after the

Alabama Board of Medical Examiners had committed fraud by

refusal to utilize 96 per cent of the evidence in the medical records of

decedent to conduct an examination and make findings of complaints.

submitted by The Office of the United States Attorney , and refusal to

investigate entirely the complaint lodged separately by Abner.

### PRAYER

Wherefore, Plaintiff , seeks judgment as follows:

(a) A preliminary and permanent injunction directing defendant

Alabama Board of Medical Examiners cease its refusal to re

investigate complaints received from the Office of the United States

Attorney and Plaintiff .That an investigation be conducted that is

through and fair yielding valid findings based only information taken

from the total medical records (203 pages ) to exclude reports directly

received from physicians whereby authenticity of such data can lead

to challenge of finding by agency. That the findings conform with the

evidence and medical research and opinions by national physicians

and not just an opinion by a physician of the A.B.M.E. as was the

invalid finding by the A.BM.E.

-15-

(b) . That the Alabama Department of Public Health as an Agency receiving federal funds commence as declared by correspondence to the Office of the United States Attorney on 5/05/06 investigate and make findings as to the Mobile Infirmary medical Center to Include their radiologists and other staff physicians .Said agency was to have completed pursuant to regulations. That the investigation be through and finding valid as based on information from the medical records of Decedent housed the hospital and which Plaintiff and the Glenoakes Pathology Department of Los Angeles County, California have copies thereof.

( c) That a preliminary and permanent in junction be issued for the Alabama Board of Medical Examiners ordering said Agency to cease and desist denial of First Amendment Right of Plaintiff to file Complaint absent interference by the government to deny redress thereof by cross complaint unrelated to issues lodged by complainant .

Dated: October 9, 2007    By: *Janice Abner*

Janice Abner

-16-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing complaint for Violations of Civil Rights and Denial Of Constitutional Rights by the Alabama Board of Medical Examiners and The Alabama Department of Public Health has been served on the following parties to the actions as listed:

1. The Alabama Board of Medical Examiners
   P.O. Box 946 **Montgomery, Ala. 36101-0946**
   848 Washington Avenue .Montgomery , Ala. 36104

2. The Alabama Department of Public Health
   The RSA Tower
   P.O. Box 303017, Montgomery, Ala. **36130-3017**
   201 Monroe Street , Montgomery, Ala. 36104

The complaint was served on parties by the U.S. mail with postage fully pre paid on February 17, 2007.

by Certified mail

Janice Abner

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

Janice Abner )
_____ )
_____ )
**Plaintiff(s),** )
)                    CIVIL ACTION NO.
**v.** )
)
Alabama Board of Medical Examiners )
Alabama Department of Public Health )
**Defendant(s).** )

## COMPLAINT

1. **Plaintiff(s)' address and telephone number:** 888 Victor Ave #16 Inglewood, California 90305

2. **Name and address of defendant(s):** ① Alabama Board of Medical Examiners P.O. Box 946, 848 Washington Ave. Montgomery, Ala. 36104 ② Alabama Department of Public Health P.O. Box 303017 Montgomery, Ala. 36130-3017

3. **Place of alleged violation of civil rights:** Montgomery, Alabama

4. **Date of alleged violation of civil rights:** September 1, 2006, Oct 19, 2006

5. **State the facts on which you base your allegation that your constitutional rights have been violated:** Both the Alabama Board of Medical Examiners and Alabama Department of Public Health are govermental agencies empowered by the Alabama laws to receive and investigate complaints seeking redress of grievance as to physicians and hospitals The ABMe fradulently answered complaint constituting denial of complaint and therefore First amendment right. The ADPH refused to investigate complaint.

1

6.    - Relief requested: *Injunctive and declaratory relief requiring The ABMe investigate complaints received by The United States attorney and Plaintiff, and for the ADPH as an agency receiving federal funds investigate complaints and make findings*

Date: 2/09/07

*Janice Abner*

Plaintiff(s) Signature

2



## ALABAMA STATE BOARD OF MEDICAL EXAMINERS
### LARRY D. DIXON, EXECUTIVE DIRECTOR

P.O. BOX 946
MONTGOMERY, ALABAMA 36101-0946
848 WASHINGTON AVE.
MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 242-4116
E MAIL: ldixon@albme.org

March 27, 2006

Janice M. Abner
888 Victor AV, Unit 16
Inglewood, CA   90302

Dear Ms. Abner:

This will acknowledge receipt of your recent complaint concerning Drs. John Michael O'Dowd, Brian Kendrick Arcement, John Donald Kirby, Philip Stanley Travis, Gregory Sullivan McGee, Terry Trent Wilsdorf, Jeffery James Ickler and Maher Niji Sahawneh. The information you have provided will be reviewed and assigned to one of our investigators. When the investigation has begun, you will be contacted by the investigator to whom the case has been assigned.

The Alabama Board of Medical Examiners has seven investigators who handle heavy case loads. A number of other investigations may be in progress when your complaint is assigned. These investigations are often quite involved and require a great deal of time, dedication and travel. Your complaint is important to us and will be investigated, thoroughly, professionally, and, in as timely a manner as possible.

If you have any questions or if this office can be of any further assistance to you please contact us.

Sincerely,
ALABAMA BOARD OF MEDICAL EXAMINERS

Larry D. Dixon

LDD/as

Plaintiff's Exhibit "A"



# ALABAMA STATE BOARD OF MEDICAL EXAMINERS
## OFFICE OF THE GENERAL COUNSEL
848 WASHINGTON AVE., MONTGOMERY AL 36104
P.O. BOX 946, MONTGOMERY AL 36101-0946
TEL. (334) 242-4116  FAX (334) 242-4155

PATRICIA E. SHANER
GENERAL COUNSEL
tshaner@albme.org

WILLIAM F. ADDISON
ASSOCIATE COUNSEL
baddison@albme.org

April 25, 2006

Eugene A. Seidel, Esq.
Assistant U. S. Attorney
Southern District of Alabama
Riverview Plaza
63 S Royal St Ste 600
Mobile AL  36602

RE:    Complaint against Mobile Infirmary Medical Center by Family of Lillian Abner

Dear Mr. Seidel:

   This letter is to advise you that the Alabama Board of Medical Examiners has received your April 13, 2006, letter with enclosures.  The information you sent has been forwarded to the Alabama Board of Medical Examiners' investigative department.  The Alabama Board of Medical Examiners investigates all complaints, and Ms. Abner will be contacted concerning the progress of the investigation and a disposition by the Board when the investigation is concluded.

   Thank you for your concern in this matter.

Sincerely,
ALABAMA BOARD OF MEDICAL EXAMINERS

Patricia E. Shaner
General Counsel

PES:chk

cc:    Mr. Stan Ingram
       Mr. Jim Nichols

Plaintiff's Exhibit "B"

RECEIVED
U.S. ATTORNEY'S OFFICE
2006 APR 27 P 12: 49
SOUTHERN DISTRICT
OF ALABAMA



STATE OF ALABAMA DEPARTMENT OF

# PUBLIC HEALTH

Donald E. Williamson, MD
State Health Officer

May 5, 2006

Deborah J. Rhodes
U.S. Attorney, Southern District Of Ala
Riverview Plaza, 63 So. Royal St.  Suite
Mobile, AL 36602

RE:    Mobile Infirmary
       Complaint # AL00007734

Dear Deborah J. Rhodes:

On April 18, 2006, we received your complaint concerning the above referenced facility.
After reviewing your complaint, we have decided an investigation should be conducted.
The Division of Health Care Facilities will investigate and will write to you concerning
our findings.

Thank you for bringing this to our attention. If you have questions please contact us at
1-800-356-9596 or (334) 206-2039 if you need additional information.

Sincerely,

Barbara A. Little, R.N., L.N.C., Paralegal
Complaint Intake Coordinator
Division of Health Care Facilities

BAL/bal

The RSA Tower • 201 Monroe Street • Montgomery, AL  36104
P.O. Box 303017 • Montgomery, AL  36130-3017

RECEIVED
U.S. ATTORNEY'S OFFICE
2006 MAY -8  P 1:00
SOUTHERN DISTRICT
OF ALABAMA

Plaintiff's Exhibit "C"

ELECTRONICALLY FILED
10/20/2006 1:56 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

JANICE ABNER,               )
                          )
       Plaintiff,         )
                          )
v.                      )      CASE NO. CV- 06-2470
                          )
ALABAMA BOARD OF MEDICAL  )
EXAMINERS, et. al.,        )
                          )
       Defendant.      )

RESPONSE OF ALABAMA BOARD OF MEDICAL EXAMINERS
TO THE COURT'S VERBAL ORDER OF 10/19/06

COMES NOW, the Alabama State Board of Medical Examiners, by and through counsel, and submits this response to the Court's Verbal Order of October 19, 2006, by stating as follows:

1.    During a telephone conference on October 19, 2006, the Court instructed undersigned counsel to report to the Court whether autopsy records of the deceased Lillian Abner were considered during the Board's investigation.

2.    Attached hereto as Exhibit A is a list of all the records reviewed and considered by the Board during its investigation. Included in this list are two items which refer specifically to the autopsy of Lillian Abner and which were read and considered by the Board:

a.    Item 5: Autopsy Report of Brian Arcement, M. D.

b.    Item 2a: Four-page letter of 12/19/05 from David M. Posey, M. D., to Ms. Janice Abner in which he renders his medical opinion, at Ms. Abner's request, concerning the deceased Lillian Abner's medical treatment and cause of death.

1

*Plaintiff's Exhibit "D"*

RESPECTFULLY submitted on this the _20th_ day of October, 2006.

TROY KING                (KIN047)
ATTORNEY GENERAL

_[signature]_

William F. Addison, Associate Counsel    (ADD002)
Alabama State Board of Medical Examiners
Assistant Attorney General
Alabama Bar No. ASB-7206-A54W
P.O. Box 946
Montgomery, AL 36101-0946
Telephone (334) 242-4116
Facsimile  (334) 242-4155
E-mail:  baddison@albme.org

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss has been served on Janice Abner, 888 Victor Ave, Unit #16, Inglewood CA  90302, and Brian Hale, Esq., Office of General Counsel, Alabama Department of Public Health, P.O. Box 303017, Montgomery, AL 36130-3017 by U. S. mail, postage prepaid, this _20th_ day of _October_ , 2006.

_[signature]_

William F. Addison

2

EXHIBIT A

STATE OF ALABAMA               )
MONTGOMERY COUNTY               )

**AFFIDAVIT**

I, the undersigned, William F. Addison, being first duly sworn, depose and say:

"In connection with the complaint of Janice Abner filed with the Alabama Board of Medical Examiners on March 20, 2006, against the following physicians:

Brian K. Arcement, M. D. (license no. MD.00018500)
Jeffrey James Ickler, M. D. (license no. MD.00022258)
John Donald Kirby, M. D. (license no. MD.00006382)
Gregory Sullivan McGee, M. D. (license no. MD.00015677)
John Michael O'Dowd, M. D. (license no. MD.00012245)
Maher Naji Sahawney, M. D. (license no. MD.00010414)
Philip Stanley Travis, M. D. (license no. MD.00015173)
Terry Trent Wilsdorf, M. D. (license no. MD.00024078),

the following information, which, pursuant to Ala. Code §34-24-60(2002) is "privileged and confidential, shall be used only in the exercise of the proper functions of the board, and shall not be public records nor be available for court subpoena or for discovery proceedings," was reviewed by a board certified vascular surgeon:

1.      July 14, 2006, Synopsis of Investigation

2.      Complaint to the Alabama Board of Medical Examiners by Janice Abner dated March 15, 2006, which attached the following documents:

    a.      Letter dated December 19, 2005, to Ms. Abner from David M. Posey, M. D., a physician in California who is not licensed to practice medicine in Alabama;

    b.      Letter dated October 29, 2002, from S. Greg Burge, Esq., Heninger Burge Vargo & Davis;

    c.      *Curriculum Vitae* of David M. Posey, M. D.;

    d.      Seven pages of medical records from Mobile Infirmary Medical Center; and

3.      Eight two-page complaints, one against each physician listed above.

1

Plaintiff's Exhibit "E"

3.  One-page letter from Janice Abner received April 27, 2006, which enclosed a copy of an undated letter from Ms. Abner to the U. S. Department of Health and Human Services.

4.  Letters of response to Ms. Abner's complaint from Dr. Arcement, Dr. Ickler, Dr. Kirby, Dr. McGee, Dr. O'Dowd, Dr. Sahawney, Dr. Travis and Dr. Wilsdorf.

5.  Letter dated April 13, 2006, to the Board from the U. S. Attorney, Southern District of Alabama, which enclosed Ms. Abner's February 24, 2006, letter of complaint against Mobile Infirmary Medical Center and August 5, 2002, Autopsy Report of Brian Arcement, M. D

6.  Medical record of Lillian Abner subpoenaed from Philip Stanley Travis, M. D.

7.  Medical record of Lillian Abner subpoenaed from John Michael O'Dowd, M. D.

8.  Medical record of Lillian Abner subpoenaed from Gregory Sullivan McGee, M. D.

9.  Medical record of Lillian Abner subpoenaed from John Donald Kirby, M. D.

10.  Medical record of Lillian Abner subpoenaed from Terry Trent Wilsdorf, M. D.

11.  Medical record of Lillian Abner subpoenaed from Maher Naji Sahawney, M. D.

12.  Medical record of Lillian Abner subpoenaed from Jeffrey James Ickler, M. D.

13.  Medical record of Lillian Abner subpoenaed from Mobile Infirmary Medical Center"

_____
William F. Addison

SWORN TO AND SUBSCRIBED before me this the _20th_ day of October, 2006.

_____
Notary Public
My Commission Expires: _10-1-07_

2