IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JANICE ABNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO.  2:07-CV146-WKW-SRW |
| ALABAMA BOARD OF MEDICAL ) | |
| EXAMINERS and ALABAMA ) | |
| DEPARTMENT OF PUBLIC HEALTH, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COMES NOW the Alabama Department of Public Health (hereinafter referred to as "the Department") and in response to the Plaintiff's complaint, answers as follows.  This responsive pleading attempts to follow the format of the Plaintiff's complaint.

### INTRODUCTION

The Department denies that it has treated the Plaintiff differently than persons of other gender or race.  The Department further denies that the Plaintiff has been denied equal protection of the law and that it has discriminated against the Plaintiff based on her gender or race.  The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averments relating to the Alabama Board of Medical Examiners.

### JURISDICTION/VENUE

The Department does not challenge jurisdiction or venue.  However, the Department asserts that neither 42 U.S.C. § 1981 or § 1983 provide the Plaintiff an avenue to seek relief against the Department, as an agency of the State of Alabama.  The Plaintiff does not have a separate cause of action under 42 U.S.C. § 1981 against Defendants who are state actors.  *See*

Jett v. Dallas Independent School District, 491 U.S. 701 (1989), and Butts v. County of Volusia, 222 F.3d 891 (11th Cir. 2000).  Further, neither states nor their officials in their official capacities are "person[s]" for the purposes of an action under 42 U.S.C. § 1983; no claim is permitted against states and state agencies.  *See* Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

## PARTIES

1. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

2. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

3. Admitted.  However, the Department asserts that the Plaintiff's description of its functions and responsibilities are narrowly tailored to this cause of action.  The overall functions and responsibilities of the Department are much more expansive that those listed by the Plaintiff.

## FACTS

4. Admitted.

4. The Department notes that there are two paragraphs numbered as "4" in the Plaintiff's complaint.  The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph

5. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

6. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

7. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

8. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

9. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

10. The Department admits that the Plaintiff received a December 19, 2005, report from the Glenoaks Pathology Medical Group, Inc. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's remaining averments in this paragraph.

11. The Department admits that it received an April 13, 2006, letter as alleged by the Plaintiff. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's remaining averments in this paragraph.

12. The Department admits that the referenced letter made mention of the report from the Glenoaks Pathology Medical Group. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's remaining averments in this paragraph.

13. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

14. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

15. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

16. The Department admits that it sent correspondence of May 5, 2006, as alleged by the Plaintiff. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's remaining averments in this paragraph.

17. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

18. The Department admits that it has not submitted investigative findings as alleged by the Plaintiff. The Department denies that agency regulations or any other law requires that findings be released within 45 days of receipt of a complaint. Only a State Operations Manual developed by the Centers for Medicare and Medicaid Services ("CMS") to its participating state agencies provides this guidance.

19. The Department admits that the Plaintiff filed an action against it and the Alabama Board of Medical Examiners in the Montgomery County Circuit Court on September 16, 2006. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's remaining averments in this paragraph.

20. The Department admits that the Plaintiff filed an action against it and the Alabama Board of Medical Examiners in the Montgomery County Circuit Court on September 16, 2006.

21. The Department admits that both it and the Alabama Board of Medical Examiners filed motions to dismiss the action in the Montgomery Circuit Court and that Judge William Shashy conducted a phone conference with the parties thereto. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's remaining averments in this paragraph.

22. Admitted.

23. The Department admits that the Alabama Board of Medical Examiners filed an answer in the Montgomery County Circuit Court action and that it did not file an answer. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's remaining averments in this paragraph.

24. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

25. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

26. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

27. The Department is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's averment in this paragraph.

28. Denied. The Montgomery County Circuit Court dismissed the Plaintiff's action against the Alabama Board of Medical Examiners and the Department by Order of April 15, 2007.

## PRAYER

29. The Department denies that the Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

30. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

31. The Plaintiff lacks standing to bring this action. Any failure by the Department to meet the guidelines set out in CMS's State Operations Manual is a matter of contract between the Department and CMS.

32. The Plaintiff has failed to allege a prima facie case of discrimination.

33.     The Department's delay in investigating the Plaintiff's complaint against the Mobile Infirmary is based upon legitimate, non-discriminatory reasons and not for any unlawful reason

34.     The Plaintiff does not have a separate cause of action under 42 U.S.C. § 1981 against Defendants who are state actors.  *See* Jett v. Dallas Independent School District, 491 U.S. 701 (1989), and Butts v. County of Volusia, 222 F.3d 891 (11th Cir. 2000).

35.     Neither states nor their officials in their official capacities are "person[s]" for the purposes of an action under 42 U.S.C. § 1983; no claim is permitted against states and state agencies.  *See* Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

36.     The Department did not violate any provision of the Alabama or United States Constitution or any clearly established law.

37.     The Department did not intentionally discriminate against the Plaintiff in violation of any applicable federal of state law.

38.     The Department is entitled to sovereign immunity.

    Respectfully submitted,

    TROY KING (KIN047)
    ATTORNEY GENERAL

    **/s P. Brian Hale**
    P. Brian Hale (HAL072)
    Assistant Attorney General

    Alabama Department of Public Health
    201 Monroe Street, Ste. 1540
    P.O. Box 303017
    Montgomery, Alabama 36130-3017
    Telephone: (334) 206-5209
    Fax:    (334) 206-5874
    E-Mail: bhale@adph.state.al.us

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 20, 2007, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record. I also hereby certify that I have this date served a copy of said filing on the Plaintiff by placing a copy of same in the United States Mail, postage prepaid, to the following address of record.

    Janice Abner
    888 Victor Avenue, Unit #16
    Inglewood, CA  90302

                                                **/s P. Brian Hale**
                                                P. Brian Hale (HAL072)
                                                Assistant Attorney General

                                                Alabama Department of Public Health
                                                201 Monroe Street, Ste. 1540
                                                P.O. Box 303017
                                                Montgomery, Alabama 36130-3017
                                                Telephone: (334) 206-5209
                                                Fax:    (334) 206-5874
                                                E-Mail: bhale@adph.state.al.us