UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE ABNER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 2:07-CV-146-WKW |
| | ) |
| ALABAMA BOARD OF MEDICAL | ) |
|   EXAMINERS, | ) |
| | ) |
|     Defendant. | ) |

## ANSWER

COMES NOW, the Alabama Board of Medical Examiners (hereinafter the "Board"), and files its Answer to the Complaint by stating as follows:

    I.      INTRODUCTION:

    1.      The Board denies that Abner is a member of a protected class and that Abner has "similar standing by education as physicians."

    2.      The Board denies that Abner has been denied equal protection of the law.

    3.      The Board denies that Abner has been discriminated against based upon race and/or gender.

    II.      JURISDICTION/VENUE:

    1.      The Board denies the material allegations pursuant to its statement of jurisdiction and venue and demands strict proof thereof.

    III.      PARTIES

    1.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1.

2. Defendant admits in part and denies in part the allegations contained in paragraph 2.

3. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3.

IV. FACTS

4. Defendant denies the allegations in paragraph 4 and demands strict proof thereof.

4. Defendant admits in part and denies in part the allegations contained in the second paragraph numbered 4.

5. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5.

6. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6.

7. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 7.

8. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8.

9. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 9.

10. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10.

11. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 11.

12. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant admits the allegations contained in paragraph 14 and further submits that additional correspondence from Senator Dixon was mailed to Plaintiff on September 7, 2006.

15. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 15.

16. Defendant admits the allegations concerning correspondence from Board General Counsel Patricia Shaner, but is otherwise without sufficient information to admit or deny the remaining allegations contained in paragraph 16.

17. Defendant admits that correspondence from Executive Director Larry D. Dixon was mailed to Abner on September 7, 2006. Defendant denies the remaining material allegations contained in paragraph 17 and demands strict proof thereof.

18. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18.

19. Defendant admits that Plaintiff filed a "Petition for Peremptory Writ of Mandate" in the Circuit Court of Montgomery County on September 16, 2006. Defendant otherwise denies the allegations contained in paragraph 19 and demands strict proof thereof. defendant further states that this case was dismissed on April 15, 2007, in an Order signed by The Honorable William A. Shashy, a copy of which is attached hereto as Exhibit "A."

20. Defendant denies the allegations contained in paragraph 20 and demands strict proof thereof.

21. Defendant admits in part and denies in part the allegations contained in paragraph 21.

22. Defendant does not understand the allegations contained in paragraph 22 and requests a more definite statement.

23. Defendant admits the allegations contained in paragraph 23 concerning its filing of an Answer to the Complaint denying all charges.

24. Defendant admits in part and denies in part the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25 and demands strict proof thereof.

26. Defendant denies the allegations contained in paragraph 26 and demands strict proof thereof.

27. Defendant denies the allegations contained in paragraph 27 and demands strict proof thereof.

28. Defendant denies the allegations contained in paragraph 28 and submits the attached Exhibit "A" in support of its answer.

V. ARGUMENT

Defendant denies the allegations contained in Abner's "Argument" and demands strict proof thereof.

VI.     PRAYER

(a)     Defendant denies that Plaintiff is entitled to a "preliminary and permanent injunction."

(b)     The allegations set forth in paragraph (b) make no allegations against this Defendant.

(c)     Defendant denies that a "preliminary and permanent injunction" should be issued for the reasons stated in Plaintiff's Complaint or for any other reasons recognized by law.

VII.    AFFIRMATIVE DEFENSES

1.      Defendant is entitled to Eleventh Amendment immunity.

2.      Plaintiff fails to state a cause against Defendant for which relief can be granted.

3.      Defendant denies Plaintiff has been discriminated against in any way, and Defendant further denies that on its face, the complaint fails to allege facts sufficient to establish a prima facie case of discrimination.

4.      Plaintiff has failed to plead a viable claim for the alleged denial of her rights to equal protection of the law.

5.      Defendant has complied with the Alabama statutes alleged in the complaint as well as any and all other statutory requirements in the investigation alleged in the complaint.

6.      Defendant asserts the defenses of res judicata and collateral estoppel.

7.      Defendant asserts any other matter constituting an avoidance or affirmative defense.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL (KIN047)


**s/ William F. Addison**
William F. Addison, Associate Counsel (ADD002)
Assistant Attorney General
Alabama Bar No. ASB-7206-A54W
Attorney for Alabama State Board of Medical Examiners
P.O. Box 946
Montgomery, AL 36101-0946
Telephone (334) 242-4116
Facsimile  (334) 242-4155
E-mail:  baddison@albme.org


CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Answer has been served on Janice Abner, 888 Victor Ave, Unit #16, Inglewood CA  90302, by U. S. mail, postage prepaid, this 24th day of April, 2007.


    /s/ William F. Addison
    William F. Addison

EXHIBIT "A"

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JANICE ABNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. CV-06-2470 |
| | ) |
| AL BD OF MEDICAL EXAMINERS, et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case comes before the Court on a "Petition for Peremptory Writ of Mandate" filed by the Petitioner, Janice Abner, on September 19, 2006. Motions to Dismiss were filed by Defendant Alabama Board of Medical Examiners on October 17, 2006, and Defendant Alabama Department of Public Health on October 19, 2006. Subsequent pleadings were also filed by all parties. Two hearings have been held in this case, one on October 19, 2006, and another on December 4, 2006, during which all parties were allowed to present argument and additional exhibits.

After reading and considering all pleadings, exhibits and argument, the Court is of the opinion that the Defendants' Motions to Dismiss are due to be GRANTED.

It is therefore the ORDER of the Court that this case be DISMISSED with prejudice and that copies of this Order be transmitted to all parties of record.

DONE and ORDERED this 15 day of March, 2007.

WILLIAM A. SHASHY
CIRCUIT JUDGE

cc:  Ms. Janice Abner
     888 Victor Ave. Unit #16
     Inglewood CA  90302