IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JANICE ABNER, )
)
) CASE NO. 2:07-CV-146-WKW-SRW
Plaintiff )
)
) Plaintiff's Reply To Answer To Civil
Vs. ) Rights Complaint By The Board
ALABAMA BOARD OF ) of Medical Examiners and Department
MEDICAL EXAMINERS, et al,) of Public Health of Alabama ;
) Request For Judicial Notice Of Facts
Defendant )Declaration of Janice Abner In Support
)Of Complain, Exhibits 1 thru _____
)
)Assigned For All Purposes
)To Honorable W. Keith Watkins,
)UNITED STATES DISTRICT JUDGE
)
_____)_

# TABLE OF CONTENTS

Page

Introduction--------------------------------------------------------1

Discussion/Argument -----------------------------------------3

A. Defendant's Defense Of Failure To State A Claim For Which Relief Can Be Granted Must Fail Due To Contradiction By Law.--3

1. The Complaint Against The Alabama Department Of Public Health Does States A Claim Under Section 1983 For Denial Of Equal Protection Of The Law ---------------------------------------------4

B. The Doctrine Of Res Judicata Nor Collateral Estoppel Operates To Bar The Civil Rights Action ---------------------------------------5

C. Defendant's Defense of Eleventh Amendment Immunity Must Fail Due To Contradiction By Law---------------------------------------8

Conclusion---------------------------------------------------------10

Request For Judicial Notice of Adjudicative facts----------------10
Certificate of Service -------------------------------------------------""

# TABLE OF AUTHORITIES

**Cases**                                                          Page
Conley Vs. Gibson, 355 U.S. 47, 78 S. Ct 91-------------------------7
Diagle V. Opelousa Health Care Inc, (1985) 774 F. Supp.1344-----8
Federated Dept. Store, Inc. V. Moite (1981) 452 U.S. 394 ----------5
Flowers Vs. Webb (1983) 575 R. Supp. 1450-------------------------3
Jett Vs, County of Volusia (2000) 222F. 3d. 891----------------------9
Nesglo Inc. V. Chase Manhattan Bank, (1983) 562 F. Supp.1029---6
West vs. Atkins , 487 U.S. 42, 108 S. Ct. 225--------------------------3

**Codes**
42 USC 1983

# INTRODUCTION

Janice Abner, Plaintiff replies to the mere answer in absence of pleading by The Alabama Board of Medical Examiners (A.B.M.E.) and the sparse pleading by the Alabama Department of Public Health ( A.D. P.H.) in opposition the civil rights complaint by petitioner alleging intentional denial of constitutional and civil rights by referenced agencies.. An assertion of intentional violation by the A.B.M.E. of rights afforded plaintiff is made on the basis that agency denies all charges of fraud in investigation of the complaint, does inform the Court that agency director Mr. Larry Dixon is also an Alabama Senator Dixon, and asserts as a defense governmental immunity . The revelation renders the claim by Abner as prima facie under Section 1983.Pursuant to Code in order for an agent to violate rights under color of state the conduct must be attributed directly to the state. CITATION. Therefore the state of Alabama did violate the constitutional rights of Abner through Mr. Dixon acting in his official capacity as a state lawmaker and Executive director of the A.B.M.E.

---

**Plaintiff reports misstatement in paragraph 22 of civil rights complaint alleging erroneously a response was made in defense of motion by Defendants. Response in actuality was made in opposition to the motions to dismiss complaint for mandamus.**

The Court as was in the action for writ of mandamus will be requested to take judicial notice of facts establishing the allegations in this complaint establishing the charges in the complaint of plaintiff, and contradicting the numerous denial by Defendant.

The Alabama Board of Medical Examiners and The Alabama Department of Public health Asserts defenses as follows to the complaint by Abner alleging denial of civil and constitutional rights:

1. The complaint fails to state a cause of action for which relief can be granted. ( Asserted by both the A.B.M.E. and the A.D.P.H.)

2. A claim for denial of equal protection under the law is unstated in the complaint. ( Defense stated by both parties )

3. The Doctrines of Res Judicata and Collateral Estoppel Bar The Complaint. ( Defense is asserted by the Alabama Board of Medical Examiners )

4. The Civil Rights complaint is barred by Eleventh Amendment Immunity . ( Asserted both by the A.B.M.E. and the A.D.P.H.)

Plaintiff replies in opposition to each of the defenses by the agencies By discussion and arguments as follows:.

## 11 DISCUSSION/ARGUMENT

### A. The Defense Of Failure To State A Cause Of Action For Which Relief Can Be Granted Must Fail Due To Contradiction By Law

To state a prima facie claim for relief under Section 1983 of U.S. Code 42, a plaintiff must allege deprivation of a constitutional or civil right by the state or its agent under color of state law. **Flowers Vs. Webb (1983) 575 F. Supp. 1450**. While the substantive due process claim under Section 1983 of the civil rights statute does not require that a specific constitutional guarantee be violated by a city or state official, a claim is stated if acts alleged offend the public's sense of fair play and decency; **West Vs. Atkins, 487 U.S., 42, 108 S. Ct. 2250, 101 L. Ed. 2d. 240.** A review of the complaint by Abner proves that a claim under 1983 is stated against the A.B.M.E. and the A.D.P.H. of Alabama in relation thereto.

. The claim and facts premising the entire complaint against the former referenced agency alleges therein that the Alabama Board of Medical Examiners through its agent and director Mr. Larry Dixon did deny with malice and hostility the right of Abner secured by the First Amendment of the United States to receive legitimate redress of grievance by as follows:

1. By fraudulent concealment in securing and utilizing only three (3) % of documentary evidence available in the medical records of Decedent, a senior

citizen to formulate an investigative report highly erroneous.

2. Secured medical records directly from physicians who were subjects of the investigation to protect parties, and in violation of authenticity rules.

3. The A.B.M.E. prior to release of the investigative report requested under the First Amendment right of Abner did with animus and hostility lodge a complaint against Abner for seeking redress whereby complaint stated heresay in view of its failure to perform a valid investigation by law.

4. That the A.B.M.E. did subsequently submit the complaint to the Circuit Court of Alabama to secure prejudice against a writ of mandamus petitioned by Abner seeking investigation of the complaints lodged by the United States Attorney and Abner.

The term fair is defined as honesty, impartiality, just, absence of suppression of favor; **Websters Collegiate Dictionary**. Therefore in the absence of such factors in the investigation conducted by the A.B.M.E., a complaint is stated under 42 U.S.C. 1983 against the agency.

### 1. The Complaint Against The Alabama Department of Public Health States A Claim pursuant to 1983.

Based on the case law of **West Vs. Atkins**, id a claim against the A.D.P.H. under 1983 has been stated, despite facts the circumstances in the two cases are dissimilar. The complaint against the Alabama Department of

Public Health states the department failed to answer complaint against the hospital which alleged fraud and failure to submit medical slides for an investigation to be conducted to secure a second opinion by a pathologist other than pathologist from the Alabama Hospital who was subject to the complaint.

The A.D.P.H. failed to conduct even a cursory investigation of a simple complaint by Abner alleging failure of a hospital to submit slides to insure that fraud was not occurring in a pathology report written by the hospital . Because of this lack of interest to insure that decency and fairness in reporting by hospital occurred , the failure of the A.D.P.H. investigate complaint after declaring to the Court it would, a claim under 1983 is stated by Abner for intentional violation of right to receive redress from the government based on a legitimate complaint .

**B . The Complaint Is Not Barred By The Doctrine of Res Judicata or Collateral Estoppel**

The doctrine of Res Judicata operates to preclude parties from relitigation of a final judgment made on the on the merits; **Federated Department Store Inc. Vs. Moite And Brown (1981) 452 U.S. 394, 69 L. E. 2d. 103, 101 S. Ct. 2424.** Claim preclusion by Res Judicata occurs when a final

judgment in matter sought re litigated includes identical parties, same issues and nucleus of operative facts which gave rise to former judgment a the judgment. **Nesglo Inc. V. Chase Manhattan Bank, N.A. (1983) 562 F. Supp.1029**

The A.B.M.E/ asserts that claim preclusion a bar to the complaint by Abner occurs by fact that a complaint seeking a writ of mandamus premised on the underlying issue of failure by agencies to investigate complaint was dismissed with prejudice by the Alabama Circuit Court. However the assertion is unavailing and therefore flawed as the complaint was nor dismissed on the merits for two (2) reasons listed in argument that the defense of Res Judicata as bar must be rejected based is as follows;

1. The operative facts premising the complaints are un identical, as are the causes of action. The complaint seeking a mandamus is based on fact that the agencies failed to perform an investigation of complaints received from the United States Attorney and Abner. In contrast the current complaint pertains to acts by the agency of failure to accept and recognize documentary evidence submitted to agency and the Circuit Court supporting allegation in the complaint. The current complaint unlike former states fact that the A.B.M.E. did with malice and hostility lodged and presented to the

-6-

Circuit Court in order to evoke prejudicial error complaints submitted by agency stating dishonesty by Abner in seeking investigation and by David Posey, M.D. for writing a medical opinion as alleged based on incomplete facts. The lodging of the complaints by the agency was egregious ,outrageous behavior by fact that the A.B.M.E. had submitted affidavit that their investigation was based on only 7 out of 203 documents of hospital medical records of Decedent, mother of Plaintiff

2. Foremost Res Judicata is inapplicable to bar the current as the judgment by Circuit Court of Alabama dismissing with prejudice the complaint of Abner was not on the merit . The A.B.M.E. cited no authorities in support of answer submitted as pleadings to the complaint , whereby pleadings of Abner rested on citation of authority . The A.D.P.H. refused to submit a pleading upon receiving reply from Abner to its initial motion to dismiss which the agency later abandoned

.A motion to dismiss a complaint should not be granted unless there exists no doubt that a plaintiff cannot establish any claims therein. **Conley Vs. Gibson (United States Supreme Court) 355 U.S. 41, 78 S. Ct. 99.** Based on the foregoing facts and facts the Court will be requested to take judicial notice , Res Judicata does not operate to bar the current complaint.

-7-

## C. The Defense That Eleventh Immunity Bars Complaint Must Fail Based On Contradiction By Points Of Law

As has been stated in the complaint for violation of constitutional and civil rights both agencies have failed to either perform a fair and factual investigation , or no investigation of medical practitioners and a medical entity as truthfully and factually stated performed purported services on decedent under Medicare. Said physicians did bill Medicare for such services as the Court will be requested to take judicial notice of. Therefore the Alabama agencies having jurisdiction to receive and answer such complaints have no immunity for failure to perform a duty required by State law of investigating physicians and medical entities.

Governmental immunity is not bestowed on a state lawmaker for deliberately refusal to perform a duty pertaining to question of if a private party receiving cost sharing for federal funds emanating from Medicare is performing standard treatment and governed in part by federal funds received by a private party state.

Governmental immunity does not operate when the action alleged performed by agent under the color of state law is directly attributable to the state;. **Diagle Vs, Opelousas Health Care , Inc. (1985) 774 F. Supp. 1344.** . By fact that Mr. Dixon was both an Alabama Senator and director of the

-8-

director of the Alabama Board of Medical Examiner, the denial of a constitutional right brought under 1983 is apparently attributable to the state and therefore governmental immunity does not exists to bar the current case.

### D. A Claim Pursuant To Section 1981 Has Been Stated Under Section 1983.

As argued by the Alabama Department of Public Health a complaint under U.S.C. Section 1981 may not be brought against a state and cause of action for alleged violation of the Equal Protection Clause of the Fourteenth Amendment must be brought pursuant to Section 1983 ; **Jetts Vs. County of Volusia, (2000) 222 F. 3d. 891.**

A claim for denial of equal protection under the law is stated in the 1983 claim that both agencies refused to investigate the complaints by plaintiff alleging failure by medical practitioners whom Abner is similarly situated to by education and refusal to investigate medical entity. Under the equal protection clause of the Fourteenth Amendment persons similarly situated must bear the same punishment. Abner unrequited has been subject to hostile action A.B.M.E. for lodging a complaint seeking redress of grievance while defendant Caucasian male physicians and the medical entity have been shielded by fraudulent by agency, or just through

-9-

In difference by Alabama Department of Public Health to constitute discrimination based on race and gender

## CONCLUSION

For all the reasons as argued in reply to the answers by the Board of Medical Examiners, and Department of Public Health of Alabama Petitioner Janice Abner respectfully request relief of a temporary injunction compelling the A.B. M.E. conduct a full scale investigation of the complaints received from the Office of the United States Attorney and that the A.D.P.H. perform an investigation as required by law. And declared by agency to the United States Attorney.

Dated: April 29, 2007   Respectfully submitted by :

*Janice Abner*
Janice Abner, Plaintiff

## REQUEST FOR JUDICIAL NOTICE Of FACTS

Plaintiff requests pursuant to Rule 201 of the Rules of Federal Procedure the following adjudicative facts.

I, Janice Abner, declarant have personal knowledge of the following facts and if called upon to testify in relation could and would competently do so.

1. On 9/16/06 I filed a petition seeking a writ of mandamus by the Circuit Court of Alabama directing the Defendant in this case conduct investigation

Of a complaints forwarded both by the Office of The United States Attorney o Southern Alabama and Abner . I was in relation served by The Alabama Board of medical Examiners through its Associate legal counsel William Addison an affidavit sworn 10/20/06 and filed with the Court declaring that investigation of the complaint was conducted by the agency securing 7 of the 203 (less than 3% of the documents in the medical records of Decedent family member whereby said death did give rise to complaint .Affidavit also declared that medical reports were obtained directly from physicians for investigation whereby authenticity is questioned as decedent had died four years earlier and it was unlikely said physicians retained purported treatment Submitted as Exhibit "A "is an authentic copy of the affidavit by William Addison. `

11

## CERTIFICATE OF SERVICE

      I do certify that on April 30, 2007, I submitted the foregoing document entitled **Plaintiff's Reply to Answer To Civil Rights Complaint By The Board of Medical Examiners and Department of Public health of Alabama ; Request for Judicial Notice of facts, Declaration of Janice Abner** on the following parties:

1. The Alabama Board of Medical Examiners
P.O. Box 946
848 Washington Ave.
Montgomery, Ala. 36101-0946

2. The Alabama Department of Public Health
P. O. Box 303017
201 Monroe Street, Ste 1540
Montgomery, Ala. 36130-3017

*Janice Abner*
Janice Abner , Plaintiff

EXHIBIT A

STATE OF ALABAMA            )
MONTGOMERY COUNTY    )
                                              **AFFIDAVIT**

I, the undersigned, William F. Addison, being first duly sworn, depose and say:

"In connection with the complaint of Janice Abner filed with the Alabama Board of Medical Examiners on March 20, 2006, against the following physicians:

Brian K. Arcement, M. D. (license no. MD.00018500)
Jeffrey James Ickler, M. D. (license no. MD.00022258)
John Donald Kirby, M. D. (license no. MD.00006382)
Gregory Sullivan McGee, M. D. (license no. MD.00015677)
John Michael O'Dowd, M. D. (license no. MD.00012245)
Maher Naji Sahawney, M. D. (license no. MD.00010414)
Philip Stanley Travis, M. D. (license no. MD.00015173)
Terry Trent Wilsdorf, M. D. (license no. MD.00024078),

the following information, which, pursuant to Ala. Code §34-24-60(2002) is "privileged and confidential, shall be used only in the exercise of the proper functions of the board, and shall not be public records nor be available for court subpoena or for discovery proceedings," was reviewed by a board certified vascular surgeon:

1. July 14, 2006, Synopsis of Investigation

2. Complaint to the Alabama Board of Medical Examiners by Janice Abner dated March 15, 2006, which attached the following documents:

    a. Letter dated December 19, 2005, to Ms. Abner from David M. Posey, M. D., a physician in California who is not licensed to practice medicine in Alabama;

    b. Letter dated October 29, 2002, from S. Greg Burge, Esq., Heninger Burge Vargo & Davis;

    c. *Curriculum Vitae* of David M. Posey, M. D.;

    d. Seven pages of medical records from Mobile Infirmary Medical Center; and

3. Eight two-page complaints, one against each physician listed above.

1

3. One-page letter from Janice Abner received April 27, 2006, which enclosed a copy of an undated letter from Ms. Abner to the U. S. Department of Health and Human Services.

4. Letters of response to Ms. Abner's complaint from Dr. Arcement, Dr. Ickler, Dr. Kirby, Dr. McGee, Dr. O'Dowd, Dr. Sahawney, Dr. Travis and Dr. Wilsdorf.

5. Letter dated April 13, 2006, to the Board from the U. S. Attorney, Southern District of Alabama, which enclosed Ms. Abner's February 24, 2006, letter of complaint against Mobile Infirmary Medical Center and August 5, 2002, Autopsy Report of Brian Arcement, M. D

6. Medical record of Lillian Abner subpoenaed from Philip Stanley Travis, M. D.

7. Medical record of Lillian Abner subpoenaed from John Michael O'Dowd, M. D.

8. Medical record of Lillian Abner subpoenaed from Gregory Sullivan McGee, M. D.

9. Medical record of Lillian Abner subpoenaed from John Donald Kirby, M. D.

10. Medical record of Lillian Abner subpoenaed from Terry Trent Wilsdorf, M. D.

11. Medical record of Lillian Abner subpoenaed from Maher Naji Sahawney, M. D.

12. Medical record of Lillian Abner subpoenaed from Jeffrey James Ickler, M. D.

13. Medical record of Lillian Abner subpoenaed from Mobile Infirmary Medical Center"

_____
William F. Addison

SWORN TO AND SUBSCRIBED before me this the 20th day of October, 2006.

_____
Carla H Kruger
Notary Public
My Commission Expires: 10-1-07