IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE ABNER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv146-WKW |
| ) | |
| ALABAMA BOARD OF MEDICAL ) | |
| EXAMINERS and ALABAMA ) | |
| DEPARTMENT OF PUBLIC HEALTH, ) | |
| ) | |
|     Defendants. ) | |

## MOTION FOR SUMMARY JUDGMENT

Comes now the Alabama Department of Public Health (hereinafter referred to as "ADPH") and moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, to enter a summary judgment in favor of ADPH dismissing the above-referenced action on the grounds that there is no genuine issue of material fact and that ADPH is entitled to a judgment as a matter of law.

This motion is based upon the pleadings, the attached evidentiary exhibits, and both the narrative summary of undisputed facts and memorandum of law contained herein.

## INTRODUCTION

Janice Abner seeks this Court to direct ADPH to investigate a complaint that was forwarded to it through written communication from the United States Attorney's Office for the Southern District of Alabama. ADPH has completed this investigation. Accordingly, Abner's claim cannot withstand summary judgment because there is no disputed material fact and, further, because ADPH is entitled to a judgment as a matter of law since Abner's claim is moot.

## NARRATIVE SUMMARY OF UNDISPUTED FACTS

1.   Janice Abner seeks this Court to direct ADPH to investigate a complaint that was forwarded to it through written communication from the United States Attorney's Office for the Southern District of Alabama. See Document 1-1, page 16, section (b).

2.   ADPH conducted an investigation of Abner's complaint against the Mobile Infirmary concluding on August 6, 2007; the results of that investigation were communicated to Abner by letter of August 10, 2007. See Exhibit A (Affidavit of Carolyn Duck and August 10, 2007, letter), and Exhibit B (Affidavit of Tonya Blankenship).

## APPLICABLE STANDARD OF REVIEW

The applicable standard of review has been aptly stated as follows:

> "Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party asking for summary judgment 'always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.' Id. at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-23, 106 S.Ct. 2548.
>
> "Once the moving party has met its burden, Rule 56(e) 'requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."' Id. at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.' Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d

202 (1986).  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Fed.R.Civ.P. 56(c)."

Sanders v. City of Montgomery, 319 F.Supp.2d 1296, 1301-1302 (M.D. Ala. 2004)

## SUPPORTING MEMORANDUM OF LAW

In short, Abner has received the relief she sought in her initial complaint.  Assuming, without conceding, that ADPH's practices in relation to the investigation of Abner's complaint against the Mobile Infirmary were unlawful, Abner's claim is moot.  "A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief."  Jews for Jesus, Inc. v. Hillsborough County Aviation Auth., 162 F.3d 627, 629 (11th Cir. 1998)(citing Pacific Ins. Co. v. General Dev. Corp., 28 F.3d 1093, 1096 (11th Cir.1994)).

While voluntary cessation of a challenged practice will not necessarily make a claim moot, if there is no "reasonable expectation" that the challenged conduct will recur, the case should be dismissed as moot.  See Jews for Jesus, 162 F.3d at 629 (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).  The Plaintiff's claim against ADPH is directed towards one specific complaint against the Mobile Infirmary that was received by ADPH in 2006.  Accordingly, there is no reasonable expectation that the Plaintiff will likely be affected by ADPH action regarding its process of investigating complaints in the future.  The Plaintiff should therefore be required to produce some evidence that the Defendants intend to return to the challenged practice.  ADPH asserts that evidence of such an intention is lacking.  Without such a showing, the Plaintiff's claim is moot

## CONCLUSION

There being no disputed fact that is material to the resolution of this matter, and further based upon the pleadings, the evidentiary exhibits attached hereto, and the applicable law, ADPH is due a summary judgment in this cause. Accordingly, ADPH respectfully requests that this Court enter a summary judgment in its favor.

Respectfully submitted,

**/s P. Brian Hale**
P. Brian Hale (HAL072)
Assistant Attorney General

Alabama Department of Public Health
P.O. Box 303017
Montgomery, Alabama 36130-3017
Telephone: (334) 206-5209
Facsimile: (334) 206-5874
E-Mail: bhale@adph.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2007, I electronically filed the foregoing Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record. I also certify that I have this date served a copy of said filing on the Plaintiff by placing a copy of same in the Untied States Mail, postage prepaid, to the following address of record:

Janice Abner
888 Victor Avenue, Unit #16
Inglewood, California  90302

**/s P. Brian Hale**
P. Brian Hale (HAL072)
Assistant Attorney General

STATE OF ALABAMA )

COUNTY OF MONTGOMERY )

### AFFIDAVIT OF CAROLYN C. DUCK

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at Large, personally appeared Carolyn C. Duck, who, being known to me and being first duly sworn by me, deposed and said as follows:

1. My name is Carolyn C. Duck, and I am the Supervisor of the Alabama Department of Public Health's Division of Health Care Facilities' Medicare/Other Unit. As Supervisor of the Medicare/Other Unit, I oversee: (1) the initial licensure and Medicare certification of health care facilities and providers of services; (2) recertification surveys; (3) licensure resurveys; and (4) complaint investigations. These activities relate to the following health provider types: home health; hospice; hospitals; dialysis facilities; ambulatory surgical centers; rural health clinics; outpatient rehabilitation facilities; comprehensive outpatient rehabilitation facilities; portable x-ray units; sleep disorder clinics; abortion centers; and psychiatric residential treatment facilities for patients under 21 years of age.

2. On or about July 23, 2007, I directed Tonya Blankenship, a Licensure and Certification Surveyor employed by my unit, to conduct an investigation of a complaint by Janice Abner against the Mobile Infirmary. Tonya Blankenship completed her investigation on August 6, 2007. After Ms. Blankenship communicated her findings to me, I issued a letter on August 10, 2007, to Ms. Abner informing her that the investigation had been completed and that

no improper treatment was found. A true and correct copy of the August 10, 2007, letter is attached hereto.

*Carolyn C. Duck*
Carolyn C. Duck

STATE OF ALABAMA        )

COUNTY OF MONTGOMERY    )

Sworn to and subscribed before me and given under my hand and seal on this the 17th day of August, 2007.

*Pat Conner*
NOTARY PUBLIC

My Commission Expires: 8/31/10



STATE OF ALABAMA DEPARTMENT OF
# PUBLIC HEALTH

Donald E. Williamson, MD
State Health Officer

August 10, 2007

Ms. Janice Abner
88 Victor Ave. Unit 16
Englewood, Ca. 90302

Dear Ms. Janice Abner:

RE:  Mobile Infirmary

This letter is to notify you that your complaint against Mobile Infirmary has been investigated by the Department of Public Health on 7/24/07 to 8/6/07.

After reviewing the medical record we could not determine that there was improper treatment.

Thank you for your interest in assuring that patients in the state of Alabama receive the best of care in our health care facilities. Please do not hesitate to call us in the future if you have concerns.

Sincerely,

Carolyn C. Duck, Supervisor
Medicare Other Unit
Division of Health Care Facilities

CCD

cc:    Jennell Thorpe, Administar Of Ky (160)

The RSA Tower • 201 Monroe Street • Montgomery, AL  36104
P.O. Box 303017 • Montgomery, AL  36130-3017

STATE OF ALABAMA            )

COUNTY OF MONTGOMERY   )

### AFFIDAVIT OF TONYA BLANKENSHIP

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at Large, personally appeared Tonya Blankenship, who, being known to me and being first duly sworn by me, deposed and said as follows:

1. My name is Tonya Blankenship, and I am a Licensure and Certification Surveyor employed by the Alabama Department of Public Health's Division of Health Care Facilities' Medicare/Other Unit. As a Licensure and Certification Surveyor, I perform: (1) the initial licensure and Medicare certification of health care facilities and providers of services; (2) recertification surveys; (3) licensure resurveys; and (4) complaint investigations. These activities relate to a number of different health provider types, including hospitals.

2. On or about July 23, 2007, I was directed by Carolyn C. Duck, the Supervisor of my Unit, to conduct an investigation of a complaint by Janice Abner against the Mobile Infirmary. I began my investigation on July 24, 2007; I completed it on August 6, 2007. I then communicated to Ms. Duck that I had found no improper treatment to have occurred.

_____
Tonya Blankenship

- 2 -

| | |
|---|---|
| STATE OF ALABAMA | ) |
| COUNTY OF MONTGOMERY | ) |

Sworn to and subscribed before me and given under my hand and seal on this the _17th_ day of August, 2007.

_Pat Conner_
NOTARY PUBLIC

My Commission Expires:  _8/31/10_

-2-