" Ⓞ "

Janice Abner, Plaintiff
888 Victor Avenue , Unit 16
Inglewood, Ca. 90303
(310) 419-4563

**RECEIVED**

2007 AUG 22  A 10: 01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE ABNER, | ) **Case No. 2:07-CV146-WKW-SRW** |
| | ) |
| Plaintiff | ) **NOTICE OF MOTION AND** |
| | ) **MOTION FOR ORDER OF** |
| Vs. | ) **SUMMARY JUDGMENT;** |
| | ) |
| ALABAM BOARD OF | )  **Memorandum of Points and** |
| MEDICAL EXAMINERS, | )  **Authorities** |
| Et al, | )   **Request For Judicial Notice** |
| | ) **Declaration of Janice Abner** |
| | ) **Exhibits "A" thru "E"** |
| _____ | )Honorable Keith Watkins |
| | Judge |

# TABLE OF CONTENTS
## Pg.

Table of Contents ------------------------------''

1.Table Of Authorities
**Federal Cases**

Flowers Vs. Webb (19830 542 R. Supp -----------7

Federate Department Store Inc. Vs. Moite and Brown  (1981) 452 U.S. 394,
69, L.Ed. 2d. 103, 101 S. Ct. 244. ----------------6

Mansul vs. Sanders (1967) 372 F. 2d. 573----------------11

Nash County Board of Education vs. Biltmore Company , (1981 ) 640 F.
Rptr. 2d. 648--------------------------------------------------5

Negslo Inc. Vs. Chase Manhattan Bank 562 F. Supp 764---------6

Public Citizens vs. Department of Health and Welfare  (2001)
151 F. Supp. 2d. 64--------------------------------------------------------12

 Shelly Vs. Green (1975) 391 F. Supp. 10440------------------------9

West Vs . Atkins 478 U. S. 42, 108, S. Ct. 2250,
101 L. Ed. 2d. 2405--------------------------------------------------------8

**State cases**
Woco Pep Co. Vs. City of Montgomery, 213 Ala. 452,
105  S. 2d. 573----------------------------------------------10,11-

**Federal Codes**
42 U.S. C. A. , Section 1981
42 U.S.C.A. , Section 1983

**State Statute**
Article 1, Section X111 , Constitution Of Alabama State
-1-

**11.Notice of Motion For Summary Judgment And Memorandum of Points and Authorities ------------------------------3**

**111. Statement of Uncontroverted Facts ----------------5**

A. The Defense of Claim Preclusion Based On Res Judicata Asserted By The Alabama Board Of Medical Examiners Is Unsupported By Law To Constitute An Issue of Material Fact Existing As To Claims Against Agency ------------------------------------------------------------------------5

B. The Argument By Agencies of Failure To State A Cognizable Claim Under Section 1983 Is Contradicted by Facts As To Any Triable issue Of Material Facts ---------------------------------------------7

C. The Laws Of The Constitution of  Alabama Comports With Section 1981 To State A Claim For Discrimination --------------------------------------9

D.The Defense of Governmental Immunity Arising From The Eleventh Amendment Of The Federal Constitution or Constitution  of Alabama Is Absent Merit ------------------------------------------------------------------11

1V. Request For Notice of Adjudicative Facts------------------------12

V. Proposed Order -------------------------------------------------------15

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Statement of Case

Plaintiff, Janice Abner moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure of issues in a complaint seeking solely declaratory and injunctive relief under 42 U.S.C., Sections 1981 and 1983 respectively for denial of equal protection under the law, and violation of constitutional rights under color of State law by Defendants The Alabama Board of medical Examiners and Department of Public Health of Alabama.

The defendants have failed to move to dismiss complaint that would require judicial notice of evidence by the Court , but have only answered complaint stating purported defenses .

On 04/20/07 and 04.25.07 Defendants answered complaint asserting affirmative defenses of :

1.Failure to state a claim under Section 1983 due to Claim preclusion under the Res judicata ( Alabama Board of Medical Examiners )

-3-

2. Failure by plaintiff to state a claim under Section 1983 as neither states , nor their officials in their official capacities are persons ( Alabama Board of medical Examiners, Department of Public Health of Alabama .

3. The Departments did not violate any provision of the Alabama or United States Constitution or any federal or state law.

Plaintiff's complaint brought pursuant to Sections 1981 and 1983 o f 42 U.S.C.A. is predicated on alleged acts and omissions by agencies supported by clear evidence and seeks relief only of injunctive and declaratory relief. An injunction may be granted when the relief requested consists of restraining the continuance of the act complained of , either for a limited period or perpetually.  In relation to alleged act of concealment  by the A.B.M.E. giving rise in part to federal complaint, Co defendant the Department of Public Health of has now declared agency  has investigated complaint of Abner absent providing any written opinion of findings to substantiate declaration .An  offer of proof cannot be pleaded, and therefore presumption may be formed no investigation occurred and fraud continues.The  matter is not moot , as Abner has received no proof .

-4-

A party moving for summary judgment must state facts entitling

party to judgment as a matter of law.

## STATEMENT OF UNCONTROVERTED FACTS

A. The Defense of Complaint Preclusion By The Alabama Board of
medical Examiners Based On The Doctrine of Res Judicata Is Invalid
And Therefore  No Dispute As To Issue of Material Fact Exists.

The A.B.M.E has asserted Res Judicata to the by Abner seeking

relief by order directing the State agencies investigate , or perform fair

investigation .of complaints against physicians or medical entity has

been prior litigated in State Court  submitted by Abner. The defense is

unavailing as an initial state action litigate don the merits serves to bar

a subsequent federal action between same parties only I f the latter

complaint contains the same operative facts and state an identical

wrong as the initial action , **Nash County Board Of Education v.**

**Biltmore Company (1981) 640 Federal Reporter 2d. 648.**

The facts operating n the state claim as alleged are un identical to

the federal . The cause of action alleged in the state action pertained

alleged  abuse of discretion and arbitrary, capricious behavior by

the A.B.M.E. in strict interpretation of agency regulations for

investigation of complaint by Abner, and failure by the A.D.P.H. to

-5-

answer complaint despite receiving federal funds for agency

services through grant application and guidelines . The operative facts

forming the federal complaint are refusal by the A.B.M.E. upon

receipt of evidence contradicting finding and conclusion of complaint

by plaintiff refusal thereafter to t perform a fair investigation of

complaint for redress of grievance afforded plaintiff by the First

Amendment.

Although a prior state Court's judgment must be given full faith

and credit by a federal court when case has been litigated and a final

judgment on the merit has been rendered .**Negslo Inc. Vs. Chase**

**Manhattan Bank. N.A. (1983) 562 F. Supp. 764.**

For Res judicata to operate there also must be a final judgment

made on the merits **Federated Department Store Inc., Vs. Moite**

**and Brown (1981) 452 U.S. 394, 69 L. E. 2d., 103, 101 S. Ct. 2424**

The facts existent in the state action is that judgment rendered states

no ground , nor any discussion in relation for

dismissal and therefore plaintiff met a burden of proof by failure of

the A.B.M.E. in answering complaint to provide affirmative defenses,

and admission by D.P.H.A. of failure to answer the state complaint )

_-6-

B. **The Argument By Agencies Of Failure By Plaintiff To State A Claim Under Section 1983 Is Contradicted By Facts And Therefore Absence Of Triable Issue Exists As to Legality of Claim.**

1. **Points of Law Establishes A Claim Under Section 1983 is States When Facts Alleging That A State Agency Or Public Official Acting in An Official Capacity Has Deliberately Violated State Law.**

The Constitution of Alabama adopts the amendments of the federal constitution. Pursuant to Article 1, Section 36 , the impairment of right granted by the Alabama Constitution is prohibited .

To state a prime facie complain for relief under Section 1983 , Code 42 U.S.C.A. a plaintiff must state deprivation of a constitutional or civil right by a state of its agent under the color of state law.;

**Flowers Vs. Webb (1983) 575 F. Supp.1450**

Plaintiff 's claim under Section 83 alleges a denial by the agencies o f the State Agencies A.B.M.E. and D.P.H.A. of the right of plaintiff secured by the First Amendment of The United States Constitution to

obtain redress of grievance upon petition government of legitimate grievance . While the substantive due process claim under 1983 of the civil rights statute does not require that a specific constitutional right be violated by a city or state official, a claim is stated if acts

-7-

allege offend the public sense of fair play and decency. **West Vs.**

**Atkins, 487 U.S. 42, .108 S. Ct. 2250. 101 L. Ed. 2s. 240**.

The federal complaint of Abner alleges as incorporated in

paragraph 17, the A.B.M.E. by applying narrow interpretation of

agency regulating   policy by director , Mr. Larry Dixon , State

Senator, and legal counsel, William Addison, while serving

simultaneously in the capacity as Assistant Attorney General did

conceal substantial evidence known available in medical records in

order to dismiss complain of plaintiff alleging breach of professional

standards by seven (7) Caucasians physicians . Said breach led to the

unnecessary suffering and death of elderly mother of plaintiff. Alleged

breach by a medical entity also was allege din the complaint to the

D.P.H.A. seeking investigation by plaintiff .

The claim under Section 1983 alleges deprivation of constitutional

right of the First Amendment by the A.B.M.E. in refusal upon

presentation by plaintiff of substantial disproving purported

findings by Agency that was based on only three (3)  percent of

records of immediate family member constituting fraudulent

concealment . The complaint by Abner factually alleged the A.B.M.E

-8-

did refuse to conduct a second investigation. Acts or acts of

omission by an arm of the state that shocks the conscience of

constitute a violation of constitutional rights to state a claim under

Section 198 . **Shelly Vs. Green. (1975) 391. F. Supp. 10440**

The claim under 1983 states also that agency of A.B.M.E. violated

authenticity rules by suponea directly from the seven (7) physicians

rather the hospital medical records purported medical reports of

immediate family member who had expired 4 years earlier. Purported

evidence secure by the agency for investigation is un subject to

release upon request by complainant .

### C.. The Laws Of The Alabama Constitution Comports With Section 1981 To State A Claim For Discrimination

Under Section 1981 prohibiting discrimination under the

Fourteenth Amendment Clause providing Equal Protection under The

law it is illegal for a state to grant preferential treatment when parties

are similar or somewhat similarly situated. There must exist as to laws

and acts of a state uniform treatment , and persons or entities

similarly situated must bear the same burden; **Woco Pep Co,. vs. City**

**of Montgomery. 213 Ala. 452 , 105 So., 214**

.The Constitution of Alabama incorporates a declaration of Rights

-9-

based on the United States Constitution , Article 1, Section 36

provides for equal protection under the law to comport with 42 U.S.C.

, Section 1981 of the Civil Rights Act ..

Plaintiff has alleged preferential treatment due to race and gender

by act of the Alabama Board of Medical examiners 's refusal to fairly

investigate a complaint o f Abner. Against seven (70 Caucasian

physician alleging breach of professional norms of standard of care

base on year 2005 post autopsy report . The preferential treatment as

pleaded was manifested by the willful and deliberate refusal to obtain

but three (3) per cent of evidence in medical records in conducting

complaint against physicians to dismiss the complaint of Abner .**In

Woco , Id ,** the Alabama Supreme Court held the taxing of individuals

purchasing motor oils from a non resident supplier , but providing tax

exemption to Alabama citizens who purchased oil from local dealer

did manifest preferential and non uniform treatment by

the State to state a claim under the Constitution of for denial of The

Equal Protection of The Law.

Because Alabama adopts the federal Constitution and declares that

-10-

impairment of rights are prohibited, Plaintiff has as contends stated

aclaim under 1981 .

### D. The Defense Of Immunity Arising from The Federal Or State Constitutions As To The Medical Board And Public Health Department Is Unsupported By Law.

1. The Contention Of Governmental  Immunity Arising From The

Eleventh Amendment By The Alabama Board of Medical Examiners

Fails As A Defense, And Therefore No Triable issue Exists

The Alabama Board of Medical Examiners has asserted immunity

under the Eleventh Amendment to action brought by Abner that seeks

only injunctive of an order directing its agency to reinvestigate the

complaint of Abner, and making findings on all facts available to

include the 203 medical records off deceased family .

The defense of eleventh amendment immunity or immunity Arising

from a State Constitution to the suit of plaintiff does not operate in a

complaint against a start agency under 1983 that alleges violation of

federal laws arising from the United States Constitution or laws s

arising from the Constitution or the laws of the land .**Mansell v.**

**Sanders , 1967, 372 F. 2d. 573,**

-11-

The Department of Public Health Of Alabama has asserted sovereign   immunity under the Constitution to the complaint of Abner. The defense is unavailing on two grounds as follows:

The defense is unavailing for two reasons as follows.

1.The D.P.H.A. operates by federal regulatory rules by fact it is recipient through application of funds by grant from the Department of Health and Human Services for operation in part.( **Public Citizens Vs. Department of Health and Human Services , (2001) 151 F. Supp./ 2d., 64**.. There is no dispute of material fact to plaintiff's claim for injunctive relief as the parties of the A,B.M.E. have failed to object to prayer in claim requesting relief . respond to prayer asking for relief claim.

## REQUEST FOR JUDICIAL NOTICE OF FACTS

Plaintiff Janice Abner, pursuant to Code of  Federal procedure 432 respectfully requests the Court to take judicial notice of The following facts:

I , Janice Abner am familiar and have personal knowledge of the factual allegations stated herein request for notice, , and if called upon could and would competently testify in relation .

1. I was served on or about 01/24/06 by Alabama A.B.M.E.

-12-

through legal counsel William Addison, Assistant Attorney Gneral of Alabama served a copy of affidavit provided the Court on Abner in seeking a peremptory writ of mandate for investigation of complaints to agencies. . Said affidavit date 10/04/06 revealed that only seven (7) of 203 medical records of deceased family member were subponea by agency to conduct exam. Affidavit also disclosed the entity obtained purported medical reports directly from physicians although family member expired four years earlier. Submitted as Exhibit A. is a true copy of affidavit by William Addison submitted to the Circuit Court of  Alabama describing process  used by  agency to investigate the complaint by Abner against seven (7) physicians .

2. The afore referenced order by the Court  arose from challenge by plaintiff of the investigative finding by the A.B.M.E. As pertains I received on or around July 2006 a one –one fourth purported investigative report from agency director , Mr. Larry Dixon based

totally on un factual  operative facts premising  conclusions of decease family member in did dismiss the complaint on grounds  of lack of Submitted as Exhibit "B" is a authentic correspondence from Mr. Dixon of findings by the A.B.M.E. as to complain by plaintiff.

-13-

4. On 08/30/06 I submitted defensive pleadings in opposition to t

answer to complaint by the A.B.M.E. The pleading was accompanied

by voluminous exhibit establishing argument that A.B.M.E. had

fraudulent concealment evidence to dismiss complaint of Abner

against physicians . Attached as Exhibit "B"_ is a true copy of

.,pleading by plaintiff .

3. Following receipt of the purported investigatory report by the

A.B.M.E. referenced in paragraph 2 that utilized only 3 percent of

available data , I was serve d on 12/06/06 with copies of   complaints

by Mr. Larry Dixon to two agencies against Plaintiff stating plaintiff

had secured an autopsy report with intent to obtain investigation of

physicians based on insufficient data evidence. Submitted in the order

of exhibits "C' , "D" and" E" are authentic copies of letters forwarded

by Mr. Dixon. Plaintiff was never served with any response by

agencies.

I declare under the laws of penalty perjury o f Alabama that the

foregoing is true .

Dated: August 18, 2007 Respectfully  Submitted By

*Janice Abner*

Janice Abner, Plaintiff

-14-

## PROPOSED ORDER

Plaintiff purposes that as the civil Rights complaint brought pursuant to 42 U.S. A.A., Sections 1981 and 1983 seeks only injunctive and declaratory relief and by fact it appears the violation of civil rights continues as manifested by notice by the D.P.H./. absent any offer of proof to substantiate notice, and therefore the action is not moot, Plaintiff proposed as follows:

1. That summary judgment or partial summary judgment be rendered in favor of plaintiff as to relief requested.

Dates August 18, 2007    Respectfully submitted by

*Janice Abner*

Janice Abner, plaintiff in pro per

-15-

Certificate of Service

I, Janice Abner does hereby certify that o nAugust 21 , 2006 Iserve

document entitled Notice of  Motion For Summary Judgment on the

following interested entities and persons:

1. Alabama Board of Medical Examiners
   William Addisson. Associate Counsel
P.O. Box 946
Montgomery, Ala. 36101-0946

2. Department of Public Health of Alabama
    William Addison , Legal counsel
    P.O. Box 303017
Montgomery, Ala. 36130-3017
         By:

Sending document sin the United States mail with postage fully prepaid

By: *James Abner*

# EXHIBIT A

EXHIBIT A

STATE OF ALABAMA      )
MONTGOMERY COUNTY    )

## AFFIDAVIT

I, the undersigned, William F. Addison, being first duly sworn, depose and say:

"In connection with the complaint of Janice Abner filed with the Alabama Board of Medical Examiners on March 20, 2006, against the following physicians:

Brian K. Arcement, M. D. (license no. MD.00018500)
Jeffrey James Ickler, M. D. (license no. MD.00022258)
John Donald Kirby, M. D. (license no. MD.00006382)
Gregory Sullivan McGee, M. D. (license no. MD.00015677)
John Michael O'Dowd, M. D. (license no. MD.00012245)
Maher Naji Sahawney, M. D. (license no. MD.00010414)
Philip Stanley Travis, M. D. (license no. MD.00015173)
Terry Trent Wilsdorf, M. D. (license no. MD.00024078),

the following information, which, pursuant to Ala. Code §34-24-60(2002) is "privileged and confidential, shall be used only in the exercise of the proper functions of the board, and shall not be public records nor be available for court subpoena or for discovery proceedings," was reviewed by a board certified vascular surgeon:

1.     July 14, 2006, Synopsis of Investigation

2.     Complaint to the Alabama Board of Medical Examiners by Janice Abner dated March 15, 2006, which attached the following documents:

    a.    Letter dated December 19, 2005, to Ms. Abner from David M. Posey, M. D., a physician in California who is not licensed to practice medicine in Alabama;

    b.    Letter dated October 29, 2002, from S. Greg Burge, Esq., Heninger Burge Vargo & Davis;

    c.    *Curriculum Vitae* of David M. Posey, M. D.;

    d.    Seven pages of medical records from Mobile Infirmary Medical Center; and

3.     Eight two-page complaints, one against each physician listed above.

1

3. One-page letter from Janice Abner received April 27, 2006, which enclosed a copy of an undated letter from Ms. Abner to the U. S. Department of Health and Human Services.

4. Letters of response to Ms. Abner's complaint from Dr. Arcement, Dr. Ickler, Dr. Kirby, Dr. McGee, Dr. O'Dowd, Dr. Sahawney, Dr. Travis and Dr. Wilsdorf.

5. Letter dated April 13, 2006, to the Board from the U. S. Attorney, Southern District of Alabama, which enclosed Ms. Abner's February 24, 2006, letter of complaint against Mobile Infirmary Medical Center and August 5, 2002, Autopsy Report of Brian Arcement, M. D

6. Medical record of Lillian Abner subpoenaed from Philip Stanley Travis, M. D.

7. Medical record of Lillian Abner subpoenaed from John Michael O'Dowd, M. D.

8. Medical record of Lillian Abner subpoenaed from Gregory Sullivan McGee, M. D.

9. Medical record of Lillian Abner subpoenaed from John Donald Kirby, M. D.

10. Medical record of Lillian Abner subpoenaed from Terry Trent Wilsdorf, M. D.

11. Medical record of Lillian Abner subpoenaed from Maher Naji Sahawney, M. D.

12. Medical record of Lillian Abner subpoenaed from Jeffrey James Ickler, M. D.

13. Medical record of Lillian Abner subpoenaed from Mobile Infirmary Medical Center"

_____
William F. Addison

SWORN TO AND SUBSCRIBED before me this the ___20th___ day of October, 2006.

_____
Notary Public
My Commission Expires: _10-1-07_

2

# EXHIBIT B



Mrs. Abner
Page Two
September 7, 2006

     Ms. Abner, I am certain this report will not satisfy your concerns.  I can only state to you that the Alabama Board of Medical Examiners did a thorough investigation and spent countless hours to include an expert review of the charts and the conclusion reached by the Board is what I have stated.

                     Sincerely,
                     Alabama Board of Medical Examiners

                     Larry D. Dixon

LDD/mlm

# EXHIBIT C

## IN THE CIRCUIT COURT OF ALABAMA
## MONTGOMERY COUNTY ALABAMA

| | | |
|---|---|---|
| **Janice Abner** | ) | **Case No. CV-2006-2470** |
| | ) | |
| Plaintiff | ) | **REPLY BY PLAINTIFF** |
| | ) | **TO ANSWER TO THE** |
| Vs. | ) | **PETITION BY THE** |
| | ) | **ALABAMA BOARD OF** |
| **Alabama Board Of Medical** | ) | **MEDICAL EXAMINERS;** |
| **Examiners, et al** | ) | |
| | ) | **Exhibits "A" thru "G"** |
| | ) | **In Support Of Reply** |
| Defendant | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff/Petitioner Janice Abner replies to the delinquent answer

by Co Defendant , The Alabama Board of Medical Examiners (

Hereinafter referred to as A.B.M.E ) to the petition by Abner .The

State Agency although delinquent denies generally all charges alleged

by Petitioner ( Hereinafter referred to as Abner) of failure to answer

the 18 page complaint submitted by Abner, and the failure to perform

a fair investigation of the notice sent to A.B.M.E. through The United

States Attorney premised on the 2005 autopsy report of Glenoakes

Pathology Associates.

An agency cannot move to dismiss a complaint and before

judgment is entered answer complaint by denying charges therein.

Given this fact it appears the A.B.M.E. can be declared in default , or

sanctions imposed for violation of Code of Civil Practice .

For failure to respond within 30 days to the complaint ( Please see

attached notice from the Clerk of the Circuit Court of Alabama

received on 11/15/06.

The fact exists that The A.B.M.E. also violated general Codes of

Civil Practice or Procedure by moving to dismiss the petition of

-1-

Abner on ground of governmental immunity before Petitioner could even respond. Now upon Abner submitting points of law establishing the ground for motion was without merit, ABME answers the complaint, These continued acts by A.B.M.E. proves as formerly allege the State Agency has no desire to act in good faith , and now In un factually  denying generally all charges in the petition seeks to create controversy and conflict to enable defeat of the petition by fact all issues in a writ action must be resolved in favor of the State when controversy exists.

The A.B.M.E. is now also violating rules of pleading by requesting Abner , who is not a physician to prove the allegations in the 18  page unanswered complaint of Abner which the A.B.M.E. had declared by notice it would investigate and answer, but has not. The Court cannot take notice for any determination of the Medical Malpractice research that is submitted to the A.B.M.E. with this reply as  the Court is a trier of facts based on law, and not an interpreter of medical research.

It is not the duty of Abner, an educational  /behavioral psychologist by profession and also as trained as public school teacher having formerly taught in taught in Mobile County Alabama

-2-

To prove the allegations in the complaint , but for the A. B.M.E. with its Medical Board to disprove each allegations in the petition of Abner . However unbeknownst to the Court , Abner has proven the allegations by the evidence submitted in opposition to the motion .

Because medical evidence in the form of documents from the medical records were referenced in the pleadings of Abner , but only submitted to A.B.M.E., the Court who makes judgments based on law not sent the medical evidence, The A.B.M.E. is aware the evidence cannot be interpreted by the Court, but is asking Abner to prove unanswered charges in the 20 page complaint that remains unanswered by the A.B.M.E., and that premise the petition. However additional evidence that can be interpreted by a person untrained in medicine is submitted by Abner to the Court in reply.

Abner replies To The Answer By Respondent on following grounds:

**1. The Findings By Co Defendant The A.B.M.E. As Regards Complaint Sent By The Office of The United States Attorney Based on Reply By Physicians Confirm Fraud By Practitioners Identified Also In the 20 page Complaint by Abner That remains Un investigated.**

-3-

**2. Because the A.B.M.E. Has Not Denied Alleged Failure To Investigate and Answer The Separate Complaint of Abner, A Writ May Be Issued As Right To Obtain Redress From The Government Is Secured By The United States Constitution**

## ARGUMENTS

**A. The Findings by The Alabama Board Of Medical Examiners In Regards To The Complaint Sent By The United States Attorney Whereby Findings Are Based On The Reply Of Physicians Identified As A Group Confirm Fraud By Physicians In Regards To The 20 Page Complaint Of Petitioner That Remains Unanswered.**

Co Defendant , The Alabama Board of Medical Examiners in its delinquent answer to the petition denies each charge absent proof. .In a writ action  if controversy  exists , judgment must be rendered in favor of Respondent who is a state or municipal agency or official . It is clear that the A.B.M.E. absent any offer of proof to support denials is attempting to have the action dismissed by creation of an inexistent conflict after failure to provide a defense initially to action by asserting governmental immunity . These antics do not operate in

-4-

the interest of the general well being of the citizens of Alabama , nor tourist to the Gulf Coast County Of Mobile who may need medical help from practitioners.

The record will reveal by declaration and evidence provided by Abner that the replies by physicians referenced as a group in the complaint to the United States Attorney are fraudulent. These practitioners are identified by individual names in prior notice by A.B.M.E. of receipt of the complaint of Abner ( Submitted as "Exhibit "A" ) In reference the replies by physicians were largely relied on by the A.B.M.E. to determine that findings by the Glenoakes Pathology Associates submitted by the United States Attorney had no merit. Submitted as Exhibit "B). Specifically the one and one fourth investigative of findings of the complaint submitted by Mr. Larry Dixon, Executive Director of The A.B.M.E. bases their denial of the allegation of continued post operative hemorrhaging by Lillian Abner arising from surgery performed by misdiagnosis on the reply of the physicians investigated

Specifically as regards the assertions that the replies by the physicians investigated were fraudulent can be proven by the findings

-5-

by the A.B.M.E. in the investigative findings denying finding in an autopsy report by Glenoakes Pathology and also allegation the prior complaint of Abner of excessive and continued post operative bleeding by Lillian Abner from the incisional wound.

## 1. Fraud By The Physician Answering The Complaint Has Been Proven By Evidence Contradicting The Replies By The Physicians

Petitioner Janice Abner asserts that the A.B.M.E. made finding as regards the autopsy report of the Glenoakes Pathology Group based primarily on the fraudulent reply (s) of physicians under investigation and rests specifically on the following facts. Fraud as defined under Alabama Code of Civil Practice , Section 6-5-101 is " Misrepresentation of a material fact made willfully to deceive or recklessly without knowledge , and acted on by the opposite party. The statement in the investigative finding dated September 7, 2006 from Larry Dixon , Executive Director of The A.B.M.E. as regards the 2005 autopsy report of Glenoakes Pathology proves the agency relied primarily on the reply from the practitioners identified as a group in the notice sent by the Office of the United States Attorney to the Medical Board .

-6-

The reply by the physicians to finding in the year 2005 pathology report of continued post operative bleeding by Lillian due to un necessary surgery arising from misdiagnosis is also alleged in the separate unanswered complaint of Janice Abner. The reply to autopsy report was clearly made by physicians to mislead the A.B.M.E who chose in abusing discretion to obtain only seven (7) pages of medical records. The 1.20 page investigative report by Mr. Dixon as regards investigative findings declaring the findings in the Pathology report states " Although her ( Lillian Abner) hemoglobin and hematicrit decreased following the surgery there is no evidence of significant hemorrhage reported". "The decrease in hemoglobin and hematicrit was "believed by physicians(those identified by name in the unanswered complaint by Abner ) most likely to be dilutional , secondary to underlying renal failure and IV fluids used in recussiatation".

However documentary evidence submitted by Abner to the A.B.M.E. in opposition to the motion to dismiss whereby declaration of evidence was submitted to the Court contains at least five (5) separate documents of progress reports and doctors orders regarding to

-7-

bleeding from the incisional wound of Lillian Abner that were written

by , and bears the signatures of physicians identified in the complaints

This documentation without a doubt refutes the replies of the

physicians to The A.B.M.E. regarding the complaint sent by the

Department of Justice the complaint submitted by the Department of

Justice. This clear evidence is submitted to the Court as Exhibits "D",

"E", "F", "G" and "H". G

 The documentation by hospital staff nurses' includes documentation

of the continued bleeding and administration after two days upon

doctors orders of insulin, used to prevent shock to be injected in

Lillian Abner. Lillian Abner had no history of diabetes. The A.B.M.E.

is in receipt of these notes sent in opposition by Abner .to the motion

to dismiss petition

It is clear the un factual reply by the physicians is to obstruct any

remedy being obtained by Abner for correction of the factual

allegation, and therefore to obstruct justice.

  Therefore based on fraud by the physicians under investigation

circumventing any offer of proof by the A.B.M.E. that the

investigation of the complaint by the United States Attorney based on

-8-

the 2005 autopsy report , and failure by the A.B.M.E. to declare that it has answered the complaint of Abner, a investigation of the latter is warranted , and reconsideration of the initial findings as regards the autopsy report is warranted. "Mandamus is the proper remedy when an administrative board or commission or official has acted , or refused to act , because of bias, favoritism, fraud , or other improper reasons .

**B. The Circuit Court May Issue A Writ Directing The Alabama Board Of Medical Examiners To Investigate And Answer The Twenty Page Complaint Of Petitioner Due To  The Duty Of The Government Agency And Due To Constitutional Right Of Petitioner For Redress.**

On March 27, 2006 Abner received a correspondence from Mr. Larry Dixon, Executive Director of the Alabama Board of Medical Examiners declaring that the agency would investigate the complaint by Abner as to allegations against eight private physicians  (8) Each complaint averaged generally two pages, and alleged behaviors ranging from failure to obtain consent ,misdiagnosis, failure to implant a pacemaker and inducement of a known pre existent

-9-

pulmonary distress by implanting a synthetic tube in the mouth to the

stomach of patient for four days after surgery whereby Lillian Abner

incurred such respiratory distress she pulled the tube from the throat

herself as is confirmed by the medical documentation of the hospital

nurses. The complaint has never been investigated, and now the

agency requests that Abner, who is not a physician to prove

Each allegation in the petition allegations although the agency with its

Medical Board operates to disprove the allegations . Abner asserts that

the allegations have generally been proven by the 2005 autopsy report

of The Glenoakes Pathology Group which the Board  has objected

based on a cursory investigation made absent evidence in the medical

records of Decedent. No declaration is made neither in the motion to

dismiss nor answer by A.B.M.E. of the investigation of the 18 page

separate complaint of Abner .

Abner asserts that an offer of proof of the allegations is made by the

medical records sent in opposition to the motion to dismiss petition ,

and by the medical research obtained from the internet and the Los

Angeles County Law Library by Abner assisted in the latter endeavor

by a Registered nurses with a Masters .

-10-

The petition seeks a writ of mandaus be directed both to the A.B.M.E.and the Alabama Department of Public Health. The latter agency receiving federal funds has not performed any investigation of the complaint of Abner, and has un factually invoked immunity to writ. The Constitution of The United States by the First Amendment and the Alabama Constitution with its declaration of rights affords citizens or citizens at the time of an action to petition the government for redress of grievance. This fundamental right is secured .

## CONCLUSION

For all reasons stated in the arguments in reply to the delinquent answer by the Alabama Board of Medical Examiners Petitioner Janice Abner respectfully requests the Court issue a writ directing the agency to answer the complaint of Janice Abner as prior declared. There is no conflict or controversy existent to deny a writ as petitioner has met the burden of proof by evidence and point of law. A state agency cannot violate the constitutional rights of a former citizen seeking redress through the government if the complainant was a citizen of the state at the time the alleged action occurred. Abner was dual citizen of Alabama as a property owner, and citizen of California at the time.

Dated: November 21, 2006    By: _Janice Abner_

Janice Abner, Petitioner

# EXHIBIT D



# ALABAMA STATE BOARD OF MEDICAL EXAMINERS
## OFFICE OF THE GENERAL COUNSEL
### 848 WASHINGTON AVE., MONTGOMERY AL 36104
### P.O. BOX 946, MONTGOMERY AL 36101-0946
### TEL. (334) 242-4116  FAX (334) 242-4155

PATRICIA E. SHANER
GENERAL COUNSEL
tshaner@albme.org

WILLIAM F. ADDISON
ASSOCIATE COUNSEL
baddison@albme.org

December 6, 2006

Janice Abner
888 Victor Ave Unit #16
Inglewood CA  90302

RE:    *Janice Abner v. Alabama Board of Medical Examiners, et. al.*
       In the Circuit Court of Montgomery County, Alabama, Case No. 06-2470

Dear Ms. Abner:

Enclosed are copies of two letters which I submitted as exhibits to Judge Shashy at the hearing on December 4, 2006. These are letters which the Board authorized Executive Director, Larry D. Dixon, to send as a result of the investigation of your mother's case. I do not know if you have copies of these letters, but I wanted to send them to you in case you did not.

Sincerely,
ALABAMA BOARD OF MEDICAL EXAMINERS

William F. Addison
Associate Counsel

WFA:chk

Enclosures

# EXHIBIT E

David T. Thornton
Page Two
September 19, 2006

The Alabama Board has done a thorough investigation including a review of the complete medical records of <u>seven</u> treating/consulting physicians, Mobile Infirmary Medical Center records, and a pathology report, and is of the unanimous opinion that Dr. Posey has acted in a manner with conclusions overstated and lacking in merit and has directed that I notify the California Board and the American Academy of Pathology.

This case is exacerbated by the fact that Janice Abner, the daughter of the deceased, filed a lawsuit in Federal Court here in Alabama against eight physicians and the hospital. The Federal Court ruled in favor of the physicians. Mrs. Abner then appealed the decision to the Eleventh Circuit Court of Appeals (Atlanta) where again, the court ruled in favor of the physicians. She has now filed a complaint with this Board and the Attorney General's Office. Apparently, this new involvement is based on Dr. Posey's subsequent autopsy/pathology report done three years after the incident. In addition to the court suit the Alabama Quality Assurance Foundation, the Professional Review Organization, (PRO) determined in 2003 that Standards and Professional Norms of Medical Care and Conduct were provided by physicians attending Lillian Abner in 2002.

The Alabama Board of Medical Examiners feels that a subsequent pathology/autopsy report based on an incomplete record and a series of slides is totally inappropriate for a physician and asks that the California Board address this matter.

Thank you for your attention to this matter.

Sincerely,
Alabama Board of Medical Examiners

Larry D. Dixon

LDD/mlm

# EXHIBIT F



## ALABAMA STATE BOARD OF MEDICAL EXAMINERS
### LARRY D. DIXON, EXECUTIVE DIRECTOR

P.O. BOX 946
MONTGOMERY, ALABAMA 36101-0946
848 WASHINGTON AVE.
MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 242-4116
E MAIL: ldixon@albme.org

September 19, 2006

David T. Thornton, Executive Director
Medical Board of California
1426 Howe Avenue, Suite 54
Sacramento, CA 95825

Dear David:

I am certain this will appear to be a little odd. I am making a complaint on behalf of the Alabama Board of Medical Examiners against one of your California physicians, David M. Posey, M.D., who submitted a pathology report, dated 12/19/05, on a patient (expired) in Mobile, Alabama. That outside pathology opinion was based solely on an incomplete chart review and declining hematocrit and hemoglobin. The pathology report at Mobile Infirmary had no mention of hemorrhage. David M. Posey, M.D., Glenoaks Pathology, LaCanada, California, submitted a pathology report to Mrs. Janice N. Abner, 888 Victor Avenue, #16, Inglewood, California, 90302, regarding her mother who died in the hospital in Mobile, Alabama, in August 2002.

In his report, attached, he says " . . . the following documents provided by you have been reviewed and analyzed: 21 glass microscopic slides, 2 medical records labeled *Medical records of Lillian Abner during period of 7/30/02 - 8/05/02.* (Please note this is an abstract of the medical record because there are a number of documents, as well as laboratory data missing from the record provided.)"

He goes on to state that in his analysis based on the records "provided", the cause and manner of death, and the autopsy findings lead him to identify the cause of death, " . . . Hypovolemic (hemorrhagic) shock due to untreated severe postoperative blood loss". Manner of Death was listed as, "Undetermined (acts of omission or commission)." He states in the Conclusion and Opinion that Lillian Abner, a 78-year-old lady died as a result of the above stated reasons and that the rapid blood loss represented more than one third of her blood volume a 45 percent loss. He further states that the medical records provided disclose no evidence the hospital personnel were aware of her blood loss and calls the exploratory laparotomy, done by surgeons in Mobile, as "unnecessary" and charges the postoperative care failed to recognize and to treat severe post operative hemorrhage resulting in hypovolemic (hemorrhagic) shock and Mrs. Abner's death.

David T. Thornton
Page Two
September 19, 2006

The Alabama Board has done a thorough investigation including a review of the complete medical records of <u>seven</u> treating/consulting physicians, Mobile Infirmary Medical Center records, and a pathology report, and is of the unanimous opinion that Dr. Posey has acted in a manner with conclusions overstated and lacking in merit and has directed that I notify the California Board and the American Academy of Pathology.

This case is exacerbated by the fact that Janice Abner, the daughter of the deceased, filed a lawsuit in Federal Court here in Alabama against eight physicians and the hospital. The Federal Court ruled in favor of the physicians. Mrs. Abner then appealed the decision to the Eleventh Circuit Court of Appeals (Atlanta) where again, the court ruled in favor of the physicians. She has now filed a complaint with this Board and the Attorney General's Office. Apparently, this new involvement is based on Dr. Posey's subsequent autopsy/pathology report done three years after the incident. In addition to the court suit the Alabama Quality Assurance Foundation, the Professional Review Organization, (PRO) determined in 2003 that Standards and Professional Norms of Medical Care and Conduct were provided by physicians attending Lillian Abner in 2002.

The Alabama Board of Medical Examiners feels that a subsequent pathology/autopsy report based on an incomplete record and a series of slides is totally inappropriate for a physician and asks that the California Board address this matter.

Thank you for your attention to this matter.

Sincerely,
Alabama Board of Medical Examiners

Larry D. Dixon

LDD/mlm

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JANICE ABNER,                        )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    CASE NO. CV- 06-2470
                                     )
AL BD OF MEDICAL EXAMINERS, et. al., )
                                     )
        Defendants.                  )

**FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY 2007 APR 16 PM 2:18**

## ORDER

This case comes before the Court on a "Petition for Peremptory Writ of Mandate" filed by the Petitioner, Janice Abner, on September 19, 2006. Motions to Dismiss were filed by Defendant Alabama Board of Medical Examiners on October 17, 2006, and Defendant Alabama Department of Public Health on October 19, 2006. Subsequent pleadings were also filed by all parties. Two hearings have been held in this case, one on October 19, 2006, and another on December 4, 2006, during which all parties were allowed to present argument and additional exhibits.

After reading and considering all pleadings, exhibits and argument, the Court is of the opinion that the Defendants' Motions to Dismiss are due to be GRANTED.

It is therefore the ORDER of the Court that this case be DISMISSED with prejudice and that copies of this Order be transmitted to all parties of record.

DONE and ORDERED this 15 day of March, 2007.

WILLIAM A. SHASHY
CIRCUIT JUDGE

cc:  Ms. Janice Abner
     888 Victor Ave. Unit #16
     Inglewood CA  90302