**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

August 23, 2007

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style: Janice Abner vs. Alabama Board of Medical Examiners, et al**
**Case Number: 2:07cv146-WKW**

**Pleading : #25 - Motion for Summary Judgment**

**Notice of Correction is being  filed this date to advise that  the referenced  pleading was e-filed
on 11/18/2005 with the wrong  pdf document attached as the exhibits.**

 **The corrected pdf document is attached to this notice.**

# EXHIBIT A

EXHIBIT A

STATE OF ALABAMA          )
MONTGOMERY COUNTY          )

**AFFIDAVIT**

I, the undersigned, William F. Addison, being first duly sworn, depose and say:

"In connection with the complaint of Janice Abner filed with the Alabama Board of Medical Examiners on March 20, 2006, against the following physicians:

Brian K. Arcement, M. D. (license no. MD.00018500)
Jeffrey James Ickler, M. D. (license no. MD.00022258)
John Donald Kirby, M. D. (license no. MD.00006382)
Gregory Sullivan McGee, M. D. (license no. MD.00015677)
John Michael O'Dowd, M. D. (license no. MD.00012245)
Maher Naji Sahawney, M. D. (license no. MD.00010414)
Philip Stanley Travis, M. D. (license no. MD.00015173)
Terry Trent Wilsdorf, M. D. (license no. MD.00024078),

the following information, which, pursuant to Ala. Code §34-24-60(2002) is "privileged and confidential, shall be used only in the exercise of the proper functions of the board, and shall not be public records nor be available for court subpoena or for discovery proceedings," was reviewed by a board certified vascular surgeon:

1.     July 14, 2006, Synopsis of Investigation

2.     Complaint to the Alabama Board of Medical Examiners by Janice Abner dated March 15, 2006, which attached the following documents:

    a.     Letter dated December 19, 2005, to Ms. Abner from David M. Posey, M. D., a physician in California who is not licensed to practice medicine in Alabama;

    b.     Letter dated October 29, 2002, from S. Greg Burge, Esq., Heninger Burge Vargo & Davis;

    c.     *Curriculum Vitae* of David M. Posey, M. D.;

    d.     Seven pages of medical records from Mobile Infirmary Medical Center; and

3.     Eight two-page complaints, one against each physician listed above.

1

E

3.  One-page letter from Janice Abner received April 27, 2006, which enclosed a copy of an undated letter from Ms. Abner to the U. S. Department of Health and Human Services.

4.  Letters of response to Ms. Abner's complaint from Dr. Arcement, Dr. Ickler, Dr. Kirby, Dr. McGee, Dr. O'Dowd, Dr. Sahawney, Dr. Travis and Dr. Wilsdorf.

5.  Letter dated April 13, 2006, to the Board from the U. S. Attorney, Southern District of Alabama, which enclosed Ms. Abner's February 24, 2006, letter of complaint against Mobile Infirmary Medical Center and August 5, 2002, Autopsy Report of Brian Arcement, M. D

6.  Medical record of Lillian Abner subpoenaed from Philip Stanley Travis, M. D.

7.  Medical record of Lillian Abner subpoenaed from John Michael O'Dowd, M. D.

8.  Medical record of Lillian Abner subpoenaed from Gregory Sullivan McGee, M. D.

9.  Medical record of Lillian Abner subpoenaed from John Donald Kirby, M. D.

10. Medical record of Lillian Abner subpoenaed from Terry Trent Wilsdorf, M. D.

11. Medical record of Lillian Abner subpoenaed from Maher Naji Sahawney, M. D.

12. Medical record of Lillian Abner subpoenaed from Jeffrey James Ickler, M. D.

13. Medical record of Lillian Abner subpoenaed from Mobile Infirmary Medical Center"

William F. Addison

SWORN TO AND SUBSCRIBED before me this the _20th_ day of October, 2006.

Notary Public
My Commission Expires: _10-1-07_

2

# EXHIBIT B

Mrs. Abner
Page Two
September 7, 2006

      Ms. Abner, I am certain this report will not satisfy your concerns.  I can only state to you that the Alabama Board of Medical Examiners did a thorough investigation and spent countless hours to include an expert review of the charts and the conclusion reached by the Board is what I have stated.

                              Sincerely,
                              Alabama Board of Medical Examiners

                              Larry D. Dixon

LDD/mlm

# EXHIBIT C

# IN THE CIRCUIT COURT OF ALABAMA
## MONTGOMERY COUNTY ALABAMA

| | |
|---|---|
| **Janice Abner** | )  **Case No. CV-2006-2470** |
| | ) |
| Plaintiff | ) **REPLY BY PLAINTIFF** |
| | ) **TO ANSWER TO THE** |
| Vs. | ) **PETITION BY THE** |
| | ) **ALABAMA BOARD OF** |
| **Alabama Board Of Medical** | ) **MEDICAL EXAMINERS;** |
| **Examiners, et al** | ) |
| | ) **Exhibits "A" thru "G"** |
| | ) **In Support Of Reply** |
| Defendant | ) |
| _____ | ) |

## INTRODUCTION

Plaintiff/Petitioner Janice Abner replies to the delinquent answer by Co Defendant , The Alabama Board of Medical Examiners ( Hereinafter referred to as A.B.M.E ) to the petition by Abner .The State Agency although delinquent denies generally all charges alleged by Petitioner ( Hereinafter referred to as Abner) of failure to answer the 18 page complaint submitted by Abner, and the failure to perform a fair investigation of the notice sent to A.B.M.E. through The United States Attorney premised on the 2005 autopsy report of Glenoakes Pathology Associates.

An agency cannot move to dismiss a complaint and before judgment is entered answer complaint by denying charges therein. Given this fact it appears the A.B.M.E. can be declared in default , or sanctions imposed for violation of Code of Civil Practice .
For failure to respond within 30 days to the complaint ( Please see attached notice from the Clerk of the Circuit Court of Alabama received on 11/15/06.

The fact exists that The A.B.M.E. also violated general Codes of Civil Practice or Procedure by moving to dismiss the petition of

-1-

Abner on ground of governmental immunity before Petitioner could even respond. Now upon Abner submitting points of law establishing the ground for motion was without merit, ABME answers the complaint, These continued acts by A.B.M.E. proves as formerly allege the State Agency has no desire to act in good faith , and now In un factually  denying generally all charges in the petition seeks to create controversy and conflict to enable defeat of the petition by fact all issues in a writ action must be resolved in favor of the State when controversy exists.

The A.B.M.E. is now also violating rules of pleading by requesting Abner , who is not a physician to prove the allegations in the 18  page unanswered complaint of Abner which the A.B.M.E. had declared by notice it would investigate and answer, but has not. The Court cannot take notice for any determination of the Medical Malpractice research that is submitted to the A.B.M.E. with this reply as  the Court is a trier of facts based on law, and not an interpreter of medical research.

It is not the duty of Abner, an educational  /behavioral psychologist by profession and also as trained as public school teacher having formerly taught in taught in Mobile County Alabama

-2-

To prove the allegations in the complaint , but for the A. B.M.E. with

its Medical Board to disprove each allegations in the petition of Abner

. However unbeknownst to the Court , Abner has proven the

allegations by the evidence submitted in opposition to the motion .

Because medical evidence in the form of documents from the

medical records were referenced in the pleadings of Abner , but only

submitted to A.B.M.E., the Court who makes judgments based on law

not sent the medical evidence, The A.B.M.E. is aware the evidence

cannot be interpreted by the Court, but is asking Abner to prove

unanswered charges in the 20 page complaint that remains

unanswered by the A.B.M.E., and that premise the petition. However

additional evidence that can be interpreted by a person untrained in

medicine is submitted by Abner to the Court in reply.

Abner replies To The Answer By Respondent on following grounds:

**1. The Findings By Co Defendant The A.B.M.E. As Regards**

**Complaint Sent By The Office of The United States Attorney**

**Based on Reply By Physicians Confirm Fraud By Practitioners**

**Identified Also In the 20 page Complaint by Abner That remains**

**Un investigated.**

-3-

**2. Because the A.B.M.E. Has Not Denied Alleged Failure To Investigate and Answer The Separate Complaint of Abner, A Writ May Be Issued As Right To Obtain Redress From The Government Is Secured By The United States Constitution**

### ARGUMENTS

**A. The Findings by The Alabama Board Of Medical Examiners In Regards To The Complaint Sent By The United States Attorney Whereby Findings Are Based On The Reply Of Physicians Identified As A Group Confirm Fraud By Physicians In Regards To The 20 Page Complaint Of Petitioner That Remains Unanswered.**

Co Defendant , The Alabama Board of Medical Examiners in its delinquent answer to the petition denies each charge absent proof. .In a writ action  if controversy  exists , judgment must be rendered in favor of Respondent who is a state or municipal agency or official . It is clear that the A.B.M.E. absent any offer of proof to support denials is attempting to have the action dismissed by creation of an inexistent conflict after failure to provide a defense initially to action by asserting governmental immunity . These antics do not operate in

-4-

the interest of the general well being of the citizens of Alabama , nor tourist to the Gulf Coast County Of Mobile who may need medical help from practitioners.

The record will reveal by declaration and evidence provided by Abner that the replies by physicians referenced as a group in the complaint to the United States Attorney are fraudulent. These practitioners are identified by individual names in prior notice by A.B.M.E. of receipt of the complaint of Abner ( Submitted as "Exhibit "A" ) In reference the replies by physicians were largely relied on by the A.B.M.E. to determine that findings by the Glenoakes Pathology Associates submitted by the United States Attorney had no merit. Submitted as Exhibit "B). Specifically the one and one fourth investigative of findings of the complaint submitted by Mr. Larry Dixon, Executive Director of The A.B.M.E. bases their denial of the allegation of continued post operative hemorrhaging by Lillian Abner arising from surgery performed by misdiagnosis on the reply of the physicians investigated

Specifically as regards the assertions that the replies by the physicians investigated were fraudulent can be proven by the findings

-5-

by the A.B.M.E. in the investigative findings denying finding in an
autopsy report by Glenoakes Pathology and also allegation the prior
complaint of Abner of excessive and continued post operative
bleeding by Lillian Abner from the incisional wound.

**1. Fraud By The Physician Answering The Complaint Has Been
Proven By Evidence Contradicting The Replies By The Physicians**

Petitioner Janice Abner asserts that the A.B.M.E. made finding as
regards the autopsy report of the Glenoakes Pathology Group based
primarily on the fraudulent reply (s) of physicians under investigation
and rests specifically on the following facts. Fraud as defined under
Alabama Code of Civil Practice , Section 6-5-101 is "
Misrepresentation of a material fact made willfully to deceive or
recklessly without knowledge , and acted on by the opposite party.
The statement in the investigative finding dated September 7, 2006
from Larry Dixon , Executive Director of The A.B.M.E. as regards the
2005 autopsy report of Glenoakes Pathology proves the agency relied
primarily on the reply from the practitioners identified as a group in
the notice sent by the Office of the United States Attorney to the
Medical Board .

The reply by  the physicians to finding in the year 2005 pathology

report of continued post operative bleeding by Lillian

due to un necessary surgery arising from misdiagnosis is also alleged

in the separate unanswered complaint of Janice Abner. The reply to

autopsy report was clearly made by physicians to mislead the

A.B.M.E who chose in abusing discretion to obtain only seven (7)

pages of medical records. The 1.20 page investigative report  by Mr.

Dixon as regards investigative findings declaring the findings in the

Pathology report states " Although her ( Lillian Abner) hemoglobin

and hematicrit decreased following the surgery there is no evidence of

significant hemorrhage  reported". "The decrease in hemoglobin and

hematicrit was "believed by physicians(those identified by name in

the  unanswered complaint by Abner ) most likely to be dilutional ,

secondary to underlying renal failure and IV fluids used in

recussiatation".

However documentary evidence submitted by Abner to the A.B.M.E.

in opposition to the motion to dismiss whereby declaration of

evidence was submitted to the Court contains at least five (5) separate

documents of progress reports and doctors orders regarding to

-7-

bleeding from the incisional wound of Lillian Abner that were written

by , and bears the signatures of physicians identified in the complaints

This documentation without a doubt refutes the replies  of the

physicians to The A.B.M.E. regarding the complaint sent by the

Department of Justice the complaint submitted by the Department of

Justice. This clear evidence is submitted to the Court as Exhibits "D",

"E", "F", "G" and "H". G

 The documentation by hospital staff nurses' includes documentation

of the continued bleeding and administration after two days upon

doctors orders of insulin, used to prevent shock to be injected in

Lillian Abner. Lillian Abner had no history of diabetes. The A.B.M.E.

is in receipt of these notes sent in opposition by Abner .to the motion

to dismiss petition

It is clear the un factual reply by the physicians is to obstruct any

remedy being obtained by Abner for correction of the factual

allegation, and therefore to obstruct justice.

  Therefore based on fraud by the physicians under investigation

circumventing any offer of proof by the A.B.M.E. that the

investigation of the complaint by the United States Attorney based on

-8-

the 2005 autopsy report , and failure by the A.B.M.E. to declare that it

has answered the complaint of Abner, a investigation of the latter is

warranted , and reconsideration of the initial findings as regards the

autopsy report is warranted. "Mandamus is the proper remedy when

an administrative board or commission or official has acted , or

refused to act , because of bias, favoritism, fraud , or other improper

reasons .

**B. The Circuit Court May Issue A Writ Directing The Alabama**

**Board Of Medical Examiners To Investigate And Answer The**

**Twenty Page Complaint Of Petitioner Due To  The Duty Of The**

**Government Agency And Due To Constitutional Right Of**

**Petitioner For Redress.**

On March 27, 2006 Abner received a correspondence from Mr.

Larry Dixon, Executive Director of the Alabama Board of Medical

Examiners declaring that the agency would investigate the complaint

by Abner as to allegations against eight private physicians  (8) Each

complaint averaged generally two pages, and alleged behaviors

ranging from failure to obtain consent ,misdiagnosis, failure to

implant a pacemaker and inducement of a known pre existent

-9-

pulmonary distress by implanting a synthetic tube in the mouth to the

stomach of patient for four days after surgery whereby Lillian Abner

incurred such respiratory distress she pulled the tube from the throat

herself as is confirmed by the medical documentation of the hospital

nurses. The complaint has never been investigated, and now the

agency requests that Abner, who is not a physician to prove

Each allegation in the petition allegations although the agency with its

Medical Board operates to disprove the allegations . Abner asserts that

the allegations have generally been proven by the 2005 autopsy report

of The Glenoakes Pathology Group which the Board  has objected

based on a cursory investigation made absent evidence in the medical

records of Decedent. No declaration is made neither in the motion to

dismiss nor answer by A.B.M.E. of the investigation of the 18 page

separate complaint of Abner .

Abner asserts that an offer of proof of the allegations is made by the

medical records sent in opposition to the motion to dismiss petition ,

and by the medical research obtained from the internet and the Los

Angeles County Law Library by Abner assisted in the latter endeavor

by a Registered nurses with a Masters .

-10-

The petition seeks a writ of mandaus be directed both to the A.B.M.E.and the Alabama Department of Public Health. The latter agency receiving federal funds has not performed any investigation of the complaint of Abner, and has un factually invoked immunity to writ. The Constitution of The United States by the First Amendment and the Alabama Constitution with its declaration of rights affords citizens or citizens at the time of an action to petition the government for redress of grievance. This fundamental right is secured .

## CONCLUSION

For all reasons stated in the arguments in reply to the delinquent answer by the Alabama Board of Medical Examiners Petitioner Janice Abner respectfully requests the Court issue a writ directing the agency to answer the complaint of Janice Abner as prior declared. There is no conflict or controversy existent to deny a writ as petitioner has met the burden of proof by evidence and point of law. A state agency cannot violate the constitutional rights of a former citizen seeking redress through the government if the complainant was a citizen of the state at the time the alleged action occurred. Abner was dual citizen of Alabama as a property owner, and citizen of California at the time.

Dated: November 21, 2006    By: _Janice Abner_
Janice Abner, Petitioner

# EXHIBIT D



# ALABAMA STATE BOARD OF MEDICAL EXAMINERS
## OFFICE OF THE GENERAL COUNSEL
### 848 WASHINGTON AVE., MONTGOMERY AL 36104
### P.O. BOX 946, MONTGOMERY AL 36101-0946
### TEL. (334) 242-4116  FAX (334) 242-4155

**PATRICIA E. SHANER**
**GENERAL COUNSEL**
tshaner@albme.org

**WILLIAM F. ADDISON**
**ASSOCIATE COUNSEL**
baddison@albme.org

December 6, 2006

Janice Abner
888 Victor Ave Unit #16
Inglewood CA  90302

RE:   *Janice Abner v. Alabama Board of Medical Examiners, et. al.*
      In the Circuit Court of Montgomery County, Alabama, Case No. 06-2470

Dear Ms. Abner:

Enclosed are copies of two letters which I submitted as exhibits to Judge Shashy at the hearing on December 4, 2006. These are letters which the Board authorized Executive Director, Larry D. Dixon, to send as a result of the investigation of your mother's case. I do not know if you have copies of these letters, but I wanted to send them to you in case you did not.

Sincerely,
ALABAMA BOARD OF MEDICAL EXAMINERS

William F. Addison
Associate Counsel

WFA:chk

Enclosures

# EXHIBIT E

David T. Thornton
Page Two
September 19, 2006

The Alabama Board has done a thorough investigation including a review of the complete medical records of <u>seven</u> treating/consulting physicians, Mobile Infirmary Medical Center records, and a pathology report, and is of the unanimous opinion that Dr. Posey has acted in a manner with conclusions overstated and lacking in merit and has directed that I notify the California Board and the American Academy of Pathology.

This case is exacerbated by the fact that Janice Abner, the daughter of the deceased, filed a lawsuit in Federal Court here in Alabama against eight physicians and the hospital. The Federal Court ruled in favor of the physicians. Mrs. Abner then appealed the decision to the Eleventh Circuit Court of Appeals (Atlanta) where again, the court ruled in favor of the physicians. She has now filed a complaint with this Board and the Attorney General's Office. Apparently, this new involvement is based on Dr. Posey's subsequent autopsy/pathology report done three years after the incident. In addition to the court suit the Alabama Quality Assurance Foundation, the Professional Review Organization, (PRO) determined in 2003 that Standards and Professional Norms of Medical Care and Conduct were provided by physicians attending Lillian Abner in 2002.

The Alabama Board of Medical Examiners feels that a subsequent pathology/autopsy report based on an incomplete record and a series of slides is totally inappropriate for a physician and asks that the California Board address this matter.

Thank you for your attention to this matter.

Sincerely,
Alabama Board of Medical Examiners


Larry D. Dixon

LDD/mlm

# EXHIBIT F



## ALABAMA STATE BOARD OF MEDICAL EXAMINERS
LARRY D. DIXON, EXECUTIVE DIRECTOR

P.O. BOX 946
MONTGOMERY, ALABAMA 36101-0946
848 WASHINGTON AVE.
MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 242-4116
E MAIL: ldixon@albme.org

September 19, 2006

David T. Thornton, Executive Director
Medical Board of California
1426 Howe Avenue, Suite 54
Sacramento, CA 95825

Dear David:

I am certain this will appear to be a little odd. I am making a complaint on behalf of the Alabama Board of Medical Examiners against one of your California physicians, David M. Posey, M.D., who submitted a pathology report, dated 12/19/05, on a patient (expired) in Mobile, Alabama. That outside pathology opinion was based solely on an incomplete chart review and declining hematocrit and hemoglobin. The pathology report at Mobile Infirmary had no mention of hemorrhage. David M. Posey, M.D., Glenoaks Pathology, LaCanada, California, submitted a pathology report to Mrs. Janice N. Abner, 888 Victor Avenue, #16, Inglewood, California, 90302, regarding her mother who died in the hospital in Mobile, Alabama, in August 2002.

In his report, attached, he says " . . . the following documents provided by you have been reviewed and analyzed: 21 glass microscopic slides, 2 medical records labeled *Medical records of Lillian Abner during period of 7/30/02 - 8/05/02.* (Please note this is an abstract of the medical record because there are a number of documents, as well as laboratory data missing from the record provided.)"

He goes on to state that in his analysis based on the records "provided", the cause and manner of death, and the autopsy findings lead him to identify the cause of death, " . . . Hypovolemic (hemorrahagic) shock due to untreated severe postoperative blood loss". Manner of Death was listed as, "Undetermined (acts of omission or commission)." He states in the Conclusion and Opinion that Lillian Abner, a 78-year-old lady died as a result of the above stated reasons and that the rapid blood loss represented more than one third of her blood volume a 45 percent loss. He further states that the medical records provided disclose no evidence the hospital personnel were aware of her blood loss and calls the exploratory laparotomy, done by surgeons in Mobile, as "unnecessary" and charges the postoperative care failed to recognize and to treat severe post operative hemorrhage resulting in hypovolemic (hemorrhagic) shock and Mrs. Abner's death.

David T. Thornton
Page Two
September 19, 2006

The Alabama Board has done a thorough investigation including a review of the complete medical records of <u>seven</u> treating/consulting physicians, Mobile Infirmary Medical Center records, and a pathology report, and is of the unanimous opinion that Dr. Posey has acted in a manner with conclusions overstated and lacking in merit and has directed that I notify the California Board and the American Academy of Pathology.

This case is exacerbated by the fact that Janice Abner, the daughter of the deceased, filed a lawsuit in Federal Court here in Alabama against eight physicians and the hospital. The Federal Court ruled in favor of the physicians. Mrs. Abner then appealed the decision to the Eleventh Circuit Court of Appeals (Atlanta) where again, the court ruled in favor of the physicians. She has now filed a complaint with this Board and the Attorney General's Office. Apparently, this new involvement is based on Dr. Posey's subsequent autopsy/pathology report done three years after the incident. In addition to the court suit the Alabama Quality Assurance Foundation, the Professional Review Organization, (PRO) determined in 2003 that Standards and Professional Norms of Medical Care and Conduct were provided by physicians attending Lillian Abner in 2002.

The Alabama Board of Medical Examiners feels that a subsequent pathology/autopsy report based on an incomplete record and a series of slides is totally inappropriate for a physician and asks that the California Board address this matter.

Thank you for your attention to this matter.

Sincerely,
Alabama Board of Medical Examiners


Larry D. Dixon

LDD/mlm

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JANICE ABNER,                              )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )        CASE NO. CV- 06-2470
                                           )
AL BD OF MEDICAL EXAMINERS, et. al.,       )
                                           )
        Defendants.                        )

**ORDER**

This case comes before the Court on a "Petition for Peremptory Writ of Mandate" filed by the Petitioner, Janice Abner, on September 19, 2006. Motions to Dismiss were filed by Defendant Alabama Board of Medical Examiners on October 17, 2006, and Defendant Alabama Department of Public Health on October 19, 2006. Subsequent pleadings were also filed by all parties. Two hearings have been held in this case, one on October 19, 2006, and another on December 4, 2006, during which all parties were allowed to present argument and additional exhibits.

After reading and considering all pleadings, exhibits and argument, the Court is of the opinion that the Defendants' Motions to Dismiss are due to be GRANTED.

It is therefore the ORDER of the Court that this case be DISMISSED with prejudice and that copies of this Order be transmitted to all parties of record.

DONE and ORDERED this _15_ day of March, 2007.

                                        WILLIAM A. SHASHY
                                        CIRCUIT JUDGE

cc:  Ms. Janice Abner
     888 Victor Ave. Unit #16
     Inglewood CA  90302