IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANICE ABNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CV-146-WKW-SRW |
| | ) | |
| ALABAMA BOARD OF MEDICAL | ) | |
| EXAMINERS, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, Alabama Board of Medical Examiners (hereinafter "ABME"), by and through counsel, and moves the Court for summary judgment in favor of ABME dismissing this action on the grounds that there is no genuine issue of material fact and that the Defendant ABME is entitled to judgment as a matter of law.

This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure.

UNDISPUTED FACTS

In her complaint, Ms. Abner states that ABME "has acted under color of state authority and law to deprive Plaintiff of the First Amendment rights secured by the United States Constitution and seeking redress from the government through complaint." In her handwritten complaint attached to her typed complaint, Ms. Abner states, "The ABME fraudulently answered complaints constituting denial of complaint and therefore First Amendment right." Ms. Abner attached five exhibits to her complaint, four of which were generated by Defendant ABME and which will be discussed below, although the exact nature of Ms. Abner's claim is still not completely clear to undersigned counsel, it is undisputed that she states it is a "civil rights action

1

seeking declaratory injunctive relief" and that Defendant ABME "acted under color of state authority and law to deprive Plaintiff of the First Amendment right secured by the United States Constitution and seeking redress form the government through complaint."

Ms. Abner submits no additional evidence other than the five exhibits attached to her complaint, and as mentioned above, four of those were generated by Defendant ABME. The fifth was generated by Defendant Alabama Department of Public Health.

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." This standard can be met by the movant either by submitting affirmative evidence negating an essential element of the non-movant's claim, or by demonstrating that the non-movant's evidence itself is insufficient to establish an essential element of his or her claim. Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986); Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590, 593 (11th Cir. 1995); Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1521 (11th Cir. 1995).

The burden shifts to the non-movant to make a showing sufficient to establish the existence of an essential element of her claims, and on which she bears the burden of proof at trial. Id. To satisfy this burden, a non-movant cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

The court's function in deciding a motion for summary judgment is to determine whether there exists genuine, material issues of fact to be tried; and if not, whether the movant is entitled

to judgment as a matter of law. <u>Dominick v. Dixie Nat'l Life Ins. Co.</u>, 809 F.2d 1559 (11th Cir. 1987). When the court considers a motion for summary judgment, it must refrain from deciding any material factual issues. All the evidence and entrances drawn from the underlying facts must be viewed in the light most favorable to the non-movant. <u>Earley v. Champion Int'l Corp.</u>, 907 F.2d 1077, 1080 (11th Cir. 1990).

ARGUMENT

A.    PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF.

Four factors must be considered in determining whether temporary restraining or preliminary injunctive relief is to be granted. The movant must establish: 1) the likelihood of success on the merits; 2) that irreparable injury will be suffered if the relief is not granted; 3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and 4) that entry of the relief would serve the public interest. <u>Ingram v. Ault</u>, 50 F.3d 898, 900 (11th Cir. 1995); <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000).

Plaintiff Abner has submitted no substantive evidence since the filing of her complaint. The exhibits attached to her complaint do not support her allegations for either a "civil rights action" or claim for "declaratory and injunctive relief." To the contrary, they support the fact that Defendant ABME did, in fact, perform its statutory duties.

Attached hereto as Exhibits 1 through 4 are copies of ABME correspondence reflecting the receipt of Ms. Abner's complaint, the investigation by ABME of Lillian Abner's death and the notification to Ms. Abner of the results of that investigation. In addition, attached Exhibit 5 is a copy of an ABME pleading filed in a similar case involving many of the same issues in the Montgomery County Circuit Court. Exhibit 5 reflects the numerous documents and files which were reviewed by ABME in its investigation of Lillian Abner's death.

### B. NO CAUSAL CONNECTION

Plaintiff's complaint is comprised of conclusory allegation made against the defendants. Although Larry Dixon is identified as the Executive Director of ABME, he is not named as a defendant, nor has Plaintiff Abner specifically alleged what Mr. Dixon did or did not do to create a cause of action against Defendant ABME. The Plaintiff has therefore failed to establish the required affirmative causal connection between any alleged constitutional violation and any act or omission by Mr. Dixon or the Defendant ABME. See Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1987). The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the action taken by the defendants and the alleged constitutional deprivation. Jones v. Preuit & Mauldin, 851 F.2d 1321 (11th Cir. 1988).

### C. IMMUNITY

To the extent that this is a "civil rights action" seeking relief that is not injunctive in nature, Defendant ABME asserts the defense of immunity. The 11th Amendment generally prohibits suits against states and instrumentalities of the states where any judgment rendered would "be paid from other funds in the treasury." Edelman v. Jordan, 415 U.S. 651, 653 (1974).

### D. DEFENDANT ABME HAS PERFORMED ITS STATUTORY DUTIES

Among its statutory powers and duties, ABME employs investigators, attorneys, agents, employees and consultants for the purpose of investigating complaints against licensed medical doctors and doctors of osteopathy. Ala. Code §34-24-313(2002). As the exhibits attached to Ms. Abner's complaint clearly show, ABME has fulfilled its statutory obligation to investigate the complaint referenced by Ms. Abner and in rendering the decision it did in death of Lillian Abner. As explained above, ABME also submits attached Exhibits 1 through 5 as further proof that it has fulfilled its statutory obligation to investigate Ms. Abner's complaint. Ms. Abner has

produced no additional evidence that Defendant ABME failed to comply with its statutory duties; therefore, there is no genuine issue of material fact, and ABME is entitled to a judgment as a matter of law.

    RESPECTFULLY SUBMITTED this the 24th day of August, 2007.

        TROY KING  
        ATTORNEY GENERAL    (KIN047)

        /s/ William F. Addison  
        William F. Addison, Associate Counsel    (ADD002)  
        Alabama State Board of Medical Examiners  
        Assistant Attorney General  
        Alabama Bar No. ASB-7206-A54W  
        P.O. Box 946  
        Montgomery, AL 36101-0946  
        Telephone (334) 242-4116  
        Facsimile  (334) 242-4155  
        E-mail:  baddison@albme.org

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Summary Judgment has been served on P. Brian Hale, Esq., Alabama Department of Public Health, by electronic notice, and on Janice Abner, 888 Victor Ave, Unit #16, Inglewood CA  90302, by U. S. mail, properly addressed and postage prepaid, this 24th day of August, 2007.

        /s/ William F. Addison  
        William F. Addison

STATE OF ALABAMA            )
                            )
MONTGOMERY COUNTY           )

## CERTIFICATION

I, Amy T. Dorminey, Secretary and Custodian of Records for the Alabama Board of Medical Examiners, 848 Washington Avenue, P.O. Box 946, Montgomery, Alabama 36101-0946, hereby certify that the attached documents are true and correct copies of documents on file with the Alabama Board of Medical Examiners, that said documents are kept and maintained in the regular course of business of the Board, and that it is the regular course of business of the Board to keep and maintain such documents.

_____
Amy T. Dorminey, Secretary

SWORN TO AND SUBSCRIBED before me this 24th day of August, 2007.

_____
Notary Public
My Commission Expires: 10-1-07





# ALABAMA STATE BOARD OF MEDICAL EXAMINERS
### LARRY D. DIXON, EXECUTIVE DIRECTOR

P.O. BOX 946
MONTGOMERY, ALABAMA 36101-0946
848 WASHINGTON AVE.
MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 242-4116
E MAIL: ldixon@albme.org

March 27, 2006

Janice M. Abner
888 Victor AV, Unit 16
Inglewood, CA   90302

Dear Ms. Abner:

  This will acknowledge receipt of your recent complaint concerning Drs. John Michael O'Dowd, Brian Kendrick Arcement, John Donald Kirby, Philip Stanley Travis, Gregory Sullivan McGee, Terry Trent Wilsdorf, Jeffery James Ickler and Maher Niji Sahawneh. The information you have provided will be reviewed and assigned to one of our investigators. When the investigation has begun, you will be contacted by the investigator to whom the case has been assigned.

  The Alabama Board of Medical Examiners has seven investigators who handle heavy case loads. A number of other investigations may be in progress when your complaint is assigned. These investigations are often quite involved and require a great deal of time, dedication and travel. Your complaint is important to us and will be investigated, thoroughly, professionally, and, in as timely a manner as possible.

  If you have any questions or if this office can be of any further assistance to you please contact us.

                 Sincerely,
                 ALABAMA BOARD OF MEDICAL EXAMINERS

                 Larry D. Dixon

LDD/as




**U.S. Department of Justice**

**United States Attorney**
*Southern District of Alabama*

EXHIBIT 2

Riverview Plaza  
63 So. Royal Street, Suite 600  
Mobile, Alabama 36602

Phone: 251/441-5845  
Fax: 251/441-5051

April 13, 2006

Ms. Barbara A. Little, R.N., L.N.C.  
Paralegal Complaint Intake Coordinator  
Division of Health Care Facilities  
The RSA Tower  
201 Monroe Street  
Montgomery, Alabama 36104

> RE: **Complaint Against Mobile Infirmary Medical Center by Family of Lillian Abner**

Dear Ms. Little:

Enclosed please find a complaint against the Mobile Infirmary Medical Center of Mobile, Alabama by the family of Lillian Abner. The complaint was sent to this office by Ms. Abner's family, and is related to the death of Lillian Abner while she was a patient at the Infirmary. Also enclosed in support of the complaint is a letter from Ms. Janice M. Abner, medical records, a pathology report from Mobile Infirmary, and an autopsy performed by Glenoaks Pathology Medical Group of La Canada, California.

The Glenoaks autopsy concluded that Mrs. Abner "died as a result of hypovolemic (hemorrhagic) shock due to untreated severe post operative blood loss." Report at 3. The autopsy further questions the treatment that Mrs. Abner received, and questions the listed cause of death - cardiac arrest secondary to a nonischemic cardiomyopathy.

Mrs. Abner's family believes that her death at the Mobile Infirmary in August, 2002, was the result of negligence, if not gross negligence. At this point, it appears as though it is too late to file a civil action, but the family is concerned that if the issues involved in Mrs. Abner's death are not addressed that others may suffer. Moreover, they also want to get to the bottom of what may be a suspicious death.

We would appreciate it if you could review the enclosed documents to determine if any improper treatment occurred. If you are not the correct person to receive this, I would appreciate it if you would forward this to the appropriate person, agency, division, etc.

Page Two

      If you have any questions, please feel free to contact me. I may be reached at (251) 441-5845.

                                    Sincerely,

                                    DEBORAH J. RHODES
                                  UNITED STATES ATTORNEY

                                By *(signature)*
                                Eugene A. Seidel
                                Assistant United States Attorney

EAS/bmh

Enc.





EXHIBIT 3

# ALABAMA STATE BOARD OF MEDICAL EXAMINERS
### OFFICE OF THE GENERAL COUNSEL
848 WASHINGTON AVE., MONTGOMERY AL 36104
P.O. BOX 946, MONTGOMERY AL 36101-0946
TEL. (334) 242-4116   FAX (334) 242-4155

PATRICIA E. SHANER  
GENERAL COUNSEL  
tshaner@albme.org

WILLIAM F. ADDISON  
ASSOCIATE COUNSEL  
baddison@albme.org

April 25, 2006

Eugene A. Seidel, Esq.
Assistant U. S. Attorney
Southern District of Alabama
Riverview Plaza
63 S Royal St Ste 600
Mobile AL  36602

RE:   Complaint against Mobile Infirmary Medical Center by Family of Lillian Abner

Dear Mr. Seidel:

This letter is to advise you that the Alabama Board of Medical Examiners has received your April 13, 2006, letter with enclosures. The information you sent has been forwarded to the Alabama Board of Medical Examiners' investigative department. The Alabama Board of Medical Examiners investigates all complaints, and Ms. Abner will be contacted concerning the progress of the investigation and a disposition by the Board when the investigation is concluded.

Thank you for your concern in this matter.

Sincerely,
ALABAMA BOARD OF MEDICAL EXAMINERS

Patricia E. Shaner
General Counsel

PES:chk

cc:    Mr. Stan Ingram
       Mr. Jim Nichols

RECEIVED
U.S. ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF ALABAMA
2006 APR 27 P 12: 49



## ALABAMA STATE BOARD OF MEDICAL EXAMINERS
LARRY D. DIXON, EXECUTIVE DIRECTOR

P.O. BOX 946
MONTGOMERY, ALABAMA 36101-0946
848 WASHINGTON AVE.
MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 242-4116
E MAIL: ldixon@albme.org

September 7, 2006

Janice M. Abner
888 Victor Avenue
Unit 16
Inglewood, CA 90302

Dear Ms. Abner:

At its August 16, 2006 meeting, the Alabama Board of Medical Examiners considered the investigative report concerning your complaint on the Mobile Infirmary physicians, Mobile, Alabama. The medical records belonging to the subjects of your complaint, Brian K. Arcement, M.D., Jeffrey J. Ickler, M.D., John D. Kirby, M.D., Gregory S. McGee, M.D., John M. O'Dowd, M.D., Maher N. Sahawneh, M.D., Philip S. Travis, M.D., Terry T. Wilsdorf, M.D., were all subpoenaed and reviewed by board certified physicians. In addition, Mobile Infirmary's records and autopsy report were also reviewed.

Mrs. Abner, a 78 year old female with multiple medical problems including renal failure, on hemodialysis, coronary artery atherosclerotic disease, cardiac arrhythmia, hypertension, COPD and hypothyroidism, was admitted to the hospital with cardiac arrhythmia (atrial fibrillation) and multiple GI symptoms consistent with mesenteric ischemia. The CT scan findings indicated occlusive mesenteric ischemia. The emergency exploratory laparotomy, performed on July 30, 2002, revealed no bowel necrosis or emboli. Therefore, her mesenteric ischemia was non-occlusive.

Although her hemoglobin and hematicrit decreased following the surgery there was no evidence of significant hemorrhage reported. The decrease in hemoglobin and hematicrit, was believed by the physicians to most likely be dilutional, secondary to underlying renal failure and IV fluids used in resuscitation. She had a terminal cardiac event exacerbated by the underlying chronic renal failure, coronary artery disease and heart failure.

The complaints you filed against these physicians were discussed individually following the review of the medical records. There is no evidence to support your complaints of malpractice, lack of informed consent and abandonment or they are inconclusive and not possible to prove. The Alabama Board of Medical Examiners believes that the pathology report from David M. Posey, M.D., in California which was based solely on chart review and declining H&H have conclusions which are overstated and without merit. The Mobile pathology had no mention of hemorrhage, there is no mention of excessive bleeding in any of the hospital records, nursing records or physician records.

Mrs. Abner
Page Two
September 7, 2006

      Ms. Abner, I am certain this report will not satisfy your concerns. I can only state to you that the Alabama Board of Medical Examiners did a thorough investigation and spent countless hours to include an expert review of the charts and the conclusion reached by the Board is what I have stated.

                                    Sincerely,
                                    Alabama Board of Medical Examiners

                                    Larry D. Dixon

LDD/mlm



IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

EXHIBIT 5

| | |
|---|---|
| JANICE ABNER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. CV-06-2470 |
| ALABAMA BOARD OF MEDICAL EXAMINERS, et. al., | ) |
| Defendant. | ) |

### RESPONSE OF ALABAMA BOARD OF MEDICAL EXAMINERS TO THE COURT'S VERBAL ORDER OF 10/19/06

COMES NOW, the Alabama State Board of Medical Examiners, by and through counsel, and submits this response to the Court's Verbal Order of October 19, 2006, by stating as follows:

1.  During a telephone conference on October 19, 2006, the Court instructed undersigned counsel to report to the Court whether autopsy records of the deceased Lillian Abner were considered during the Board's investigation.

2.  Attached hereto as Exhibit A is a list of all the records reviewed and considered by the Board during its investigation. Included in this list are two items which refer specifically to the autopsy of Lillian Abner and which were read and considered by the Board:

    a.  Item 5: Autopsy Report of Brian Arcement, M. D.

    b.  Item 2a: Four-page letter of 12/19/05 from David M. Posey, M. D., to Ms. Janice Abner in which he renders his medical opinion, at Ms. Abner's request, concerning the deceased Lillian Abner's medical treatment and cause of death.

Case 2:07-cv-00146-WKW-SRW     Document 27-2     Filed 08/24/2007     Page 9 of 14

RESPECTFULLY submitted on this the 20th day of October, 2006.

TROY KING (KIN047)
ATTORNEY GENERAL

_____
William F. Addison, Associate Counsel    (ADD002)
Alabama State Board of Medical Examiners
Assistant Attorney General
Alabama Bar No. ASB-7206-A54W
P.O. Box 946
Montgomery, AL 36101-0946
Telephone (334) 242-4116
Facsimile (334) 242-4155
E-mail: baddison@albme.org

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss has been served on Janice Abner, 888 Victor Ave, Unit #16, Inglewood CA 90302, and Brian Hale, Esq., Office of General Counsel, Alabama Department of Public Health, P.O. Box 303017, Montgomery, AL 36130-3017 by U. S. mail, postage prepaid, this 20th day of October, 2006.

_____
William F. Addison

2

EXHIBIT A

STATE OF ALABAMA            )
MONTGOMERY COUNTY    )
                                                          **AFFIDAVIT**

I, the undersigned, William F. Addison, being first duly sworn, depose and say:

"In connection with the complaint of Janice Abner filed with the Alabama Board of Medical Examiners on March 20, 2006, against the following physicians:

Brian K. Arcement, M. D. (license no. MD.00018500)
Jeffrey James Ickler, M. D. (license no. MD.00022258)
John Donald Kirby, M. D. (license no. MD.00006382)
Gregory Sullivan McGee, M. D. (license no. MD.00015677)
John Michael O'Dowd, M. D. (license no. MD.00012245)
Maher Naji Sahawney, M. D. (license no. MD.00010414)
Philip Stanley Travis, M. D. (license no. MD.00015173)
Terry Trent Wilsdorf, M. D. (license no. MD.00024078),

the following information, which, pursuant to Ala. Code §34-24-60(2002) is "privileged and confidential, shall be used only in the exercise of the proper functions of the board, and shall not be public records nor be available for court subpoena or for discovery proceedings," was reviewed by a board certified vascular surgeon:

1. July 14, 2006, Synopsis of Investigation

2. Complaint to the Alabama Board of Medical Examiners by Janice Abner dated March 15, 2006, which attached the following documents:

   a. Letter dated December 19, 2005, to Ms. Abner from David M. Posey, M. D., a physician in California who is not licensed to practice medicine in Alabama;

   b. Letter dated October 29, 2002, from S. Greg Burge, Esq., Heninger Burge Vargo & Davis;

   c. *Curriculum Vitae* of David M. Posey, M. D.;

   d. Seven pages of medical records from Mobile Infirmary Medical Center; and

3. Eight two-page complaints, one against each physician listed above.

1

3. One-page letter from Janice Abner received April 27, 2006, which enclosed a copy of an undated letter from Ms. Abner to the U. S. Department of Health and Human Services.

4. Letters of response to Ms. Abner's complaint from Dr. Arcement, Dr. Ickler, Dr. Kirby, Dr. McGee, Dr. O'Dowd, Dr. Sahawney, Dr. Travis and Dr. Wilsdorf.

5. Letter dated April 13, 2006, to the Board from the U. S. Attorney, Southern District of Alabama, which enclosed Ms. Abner's February 24, 2006, letter of complaint against Mobile Infirmary Medical Center and August 5, 2002, Autopsy Report of Brian Arcement, M. D

6. Medical record of Lillian Abner subpoenaed from Philip Stanley Travis, M. D.

7. Medical record of Lillian Abner subpoenaed from John Michael O'Dowd, M. D.

8. Medical record of Lillian Abner subpoenaed from Gregory Sullivan McGee, M. D.

9. Medical record of Lillian Abner subpoenaed from John Donald Kirby, M. D.

10. Medical record of Lillian Abner subpoenaed from Terry Trent Wilsdorf, M. D.

11. Medical record of Lillian Abner subpoenaed from Maher Naji Sahawney, M. D.

12. Medical record of Lillian Abner subpoenaed from Jeffrey James Ickler, M. D.

13. Medical record of Lillian Abner subpoenaed from Mobile Infirmary Medical Center"

_____
William F. Addison

SWORN TO AND SUBSCRIBED before me this the 20th day of October, 2006.

_____
Notary Public
My Commission Expires: 10-1-07