Janice Abner, Plaintiff
888 Victor Avenue, Unit 16
Inglewood, California 90202
(310) 419-4563



RECEIVED
2007 SEP -6 A 9:57
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| JANICE ABNER, | ) Plaintiff's Reply To Motion |
| | ) For Summary Judgment By |
| Plaintiff | ) The Alabama Department Of |
| | ) Public Health ; |
| Vs. | ) Request For Judicial Notice; |
| | ) Declaration Of Janice Abner; |
| ALABAMA BOARD OF | ) Exhibit s "1" & "2" |
| | ) |
| MEDICAL EXAMINERS, et al, | ) |
| | ) |
| Defendant | ) |
| _____ | ) |

## INTRODUCTION

The Alabama Department of Public Health (A.D.P.H.) has moved for summary judgment of Plaintiff's civil rights complaint brought pursuant to 41 U.S.C.A., Sections 1981 and 1983. The motion by the state agency is brought on ground that because the agency has provided the relief requested in the complaint, the issue is moot, and no triable issue. Summary judgment must be denied the A.D.P.H. as without a doubt they have offered no proof that they have performed a duty required by their agency who receives

federal funds for operation.

A party opposing a motion for summary judgment may rest on its pleadings when it appears the affidavits and deposition of movant standing alone does entitle movant to a directed verdict ; **Stevens vs. Bernard (1975) 512 F. 2d. 876**

ARGUMENT

### The Contention That Relief Has Been Provided Plaintiff By Compliance With Statutory Duty Is Unsupported By Evidence.

The Alabama Board of Medical Examiners operates in part by an agreement with the Department of Health And Human Services to receive and investigate complaints by individuals regarding the standard of care provided by public hospitals of Alabama or those receiving cost sharing by Medicare. This agreement arises from fact that the agency is a recipient of federal funds from grant occurring from application by the state agency. Pursuant to Section 607 0f 42 U.S.C.A., such state agency " shall establish and maintain a grievance procedure . The grievance procedure must provide for complaint . investigation thereof, and report of stating findings identifying parties who served as respondents to complaint charges; **Public Citizens , Inc. Vs. Department of Health and Human Services , 2001, 151 F. Supp. 2d 64** . The A.D.P.H. has not meet such guidelines in moving

for summary judgment on ground relief has been provided plaintiff by investigation of the complaint to agency.

The A.D.P.H. in moving for summary judgment by declaring the current civil rights action by plaintiff as moot has submitted a certified copy of correspondence dated 08/10/07 from Carolyn C. Duck, Supervisor declaring agency investigation of the complaint by plaintiff received submitted by The Office of the United States Attorney on 04/13/06.. Plaintiff on or around 02/25/07 did provide additional details at the request of the A.D.P.H.

The fore referenced affidavit declares an employee from the Unit supervised by Ms. Duck did on 08/06/07 conduct an investigation and "communicated " findings to said supervisor . The findings by the agency served on plaintiff Abner discloses no name of any respondents contacted for complaint investigation , nor discloses any standard for investigation of complaint charges. Notice and affidavit from the A.D.P.H. both concludes no improper treatment was found by hospital and physicians named in complaint.  There fore the agency has offered no proof according to standard reporting and disclosure by Peer review agencies that investigation was conducted to provide relief sought by plaintiff .

-3-

CONCLUSION

Based on the foregoing summary judgment on ground that the action by plaintiff seeking injunctive relief for complaint investigation is moot should be denied .

Dated: August 31, 2007    By: *Janice Abner*
Janice Abner

**REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS**

Plaintiff requests the Court to take notice pursuant to Rule 201 of Federal Procedure of the following judicial fact (s) . " A judicially noticed fact must n be one not subject to reasonable dispute and " capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

**Declaration of Janice Abner in Request For Judicial Notice**

I, Janice Abner have person knowledge of the fact (s) stated in this declaration , and If called upon , would and could testify competently thereto .

On or around 04/21/06 I received correspondence from the Office of The United States Attorney, Southern District with attached notice of a declaration by Barbara Little of the A.D.P.H. that the agency would comply

-4-

with policy and investigate my complaint against the Mobile Infirmary Hospitals submitted by the office of the Federal Attorney. Attached as Exhibit "1' is a true copy of the notice by the Alabama agency to the Office of The United States Attorney of statement of intent to comply with regulations by answering complaint. .

2. On or around 08/24/07 I received notice from the A.D.P.H. through Carolyn Duck of investigation of fore referenced complaint. The opinion in notice of investigation disclosed name(s) of respondents to complaint against the Mobile Infirmary Hospital, nor was any statement of how the investigation procedure was conducted disclosed. Attached as Exhibit "2" is a true copy of the notice of completion of investigation and agency finding by the A.D.P.H.

I declare under the laws of penalty of perjury of Alabama that the foregoing is true.

Dated : August 31, 2007        By: *Janice Abner*
                                    Janice Abner

-5-

# CERTIFICATE OF SERVICE

I, Janice Abner hereby certify that on September 4, 2007

I served pleading entitled : **Reply By Plaintiff To Motion For Summary Judgment By The Alabama Department of Public Health on:**

The Alabama Department of Public Health
Brian Hale , Atty.
P.O. Box 303017
Montgomery, Ala. 36130-3017

The pleading was served by United States mail with postage full prepaid .

*Janice Abner* (signature)
Janice Abner

# EXHIBIT 1



U.S. Department of Justice

**United States Attorney**
*Southern District of Alabama*

Riverview Plaza  Phone: 251/441-5845
63 So. Royal Street, Suite 600  Fax: 251/441-5051
Mobile, Alabama 36602

April 13, 2006

Ms. Barbara A. Little, R.N., L.N.C.
Paralegal Complaint Intake Coordinator
Division of Health Care Facilities
The RSA Tower
201 Monroe Street
Montgomery, Alabama 36104

    RE:    **Complaint Against Mobile Infirmary Medical Center by Family of Lillian Abner**

Dear Ms. Little:

    Enclosed please find a complaint against the Mobile Infirmary Medical Center of Mobile, Alabama by the family of Lillian Abner. The complaint was sent to this office by Ms. Abner's family, and is related to the death of Lillian Abner while she was a patient at the Infirmary. Also enclosed in support of the complaint is a letter from Ms. Janice M. Abner, medical records, a pathology report from Mobile Infirmary, and an autopsy performed by Glenoaks Pathology Medical Group of La Canada, California.

    The Glenoaks autopsy concluded that Mrs. Abner "died as a result of hypovolemic (hemorrhagic) shock due to untreated severe post operative blood loss." Report at 3. The autopsy further questions the treatment that Mrs. Abner received, and questions the listed cause of death - cardiac arrest secondary to a nonischemic cardiomyopathy.

    Mrs. Abner's family believes that her death at the Mobile Infirmary in August, 2002, was the result of negligence, if not gross negligence. At this point, it appears as though it is too late to file a civil action, but the family is concerned that if the issues involved in Mrs. Abner's death are not addressed that others may suffer. Moreover, they also want to get to the bottom of what may be a suspicious death.

    We would appreciate it if you could review the enclosed documents to determine if any improper treatment occurred. If you are not the correct person to receive this, I would appreciate it if you would forward this to the appropriate person, agency, division, etc.

Page Two

      If you have any questions, please feel free to contact me. I may be reached at (251) 441-5845.

                                  Sincerely,

                                  DEBORAH J. RHODES
                                  UNITED STATES ATTORNEY

                                By [signature]
                                Eugene A. Seidel
                                Assistant United States Attorney

EAS/bmh

Enc.

# EXHIBIT 2



# STATE OF ALABAMA DEPARTMENT OF
# PUBLIC HEALTH

Donald E. Williamson, MD
State Health Officer

August 10, 2007

Ms. Janice Abner
88 Victor Ave. Unit 16
Englewood, Ca. 90302

Dear Ms. Janice Abner:

RE: Mobile Infirmary

This letter is to notify you that your complaint against Mobile Infirmary has been investigated by the Department of Public Health on 7/24/07 to 8/6/07.

After reviewing the medical record we could not determine that there was improper treatment.

Thank you for your interest in assuring that patients in the state of Alabama receive the best of care in our health care facilities. Please do not hesitate to call us in the future if you have concerns.

Sincerely,

Carolyn C. Duck, Supervisor
Medicare Other Unit
Division of Health Care Facilities

CCD

cc:   Jennell Thorpe, Administar Of Ky (160)

STATE OF ALABAMA            )

COUNTY OF MONTGOMERY  )

### AFFIDAVIT OF CAROLYN C. DUCK

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at Large, personally appeared Carolyn C. Duck, who, being known to me and being first duly sworn by me, deposed and said as follows:

1. My name is Carolyn C. Duck, and I am the Supervisor of the Alabama Department of Public Health's Division of Health Care Facilities' Medicare/Other Unit. As Supervisor of the Medicare/Other Unit, I oversee: (1) the initial licensure and Medicare certification of health care facilities and providers of services; (2) recertification surveys; (3) licensure resurveys; and (4) complaint investigations. These activities relate to the following health provider types: home health; hospice; hospitals; dialysis facilities; ambulatory surgical centers; rural health clinics; outpatient rehabilitation facilities; comprehensive outpatient rehabilitation facilities; portable x-ray units; sleep disorder clinics; abortion centers; and psychiatric residential treatment facilities for patients under 21 years of age.

2. On or about July 23, 2007, I directed Tonya Blankenship, a Licensure and Certification Surveyor employed by my unit, to conduct an investigation of a complaint by Janice Abner against the Mobile Infirmary. Tonya Blankenship completed her investigation on August 6, 2007. After Ms. Blankenship communicated her findings to me, I issued a letter on August 10, 2007, to Ms. Abner informing her that the investigation had been completed and that

- 1 -

no improper treatment was found. A true and correct copy of the August 10, 2007, letter is attached hereto.

_Carolyn C. Duck_
Carolyn C. Duck

STATE OF ALABAMA        )

COUNTY OF MONTGOMERY    )

Sworn to and subscribed before me and given under my hand and seal on this the _17th_ day of August, 2007.

_Pat Conner_
NOTARY PUBLIC

My Commission Expires: _8/31/10_

STATE OF ALABAMA )

COUNTY OF MONTGOMERY )

### AFFIDAVIT OF TONYA BLANKENSHIP

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at Large, personally appeared Tonya Blankenship, who, being known to me and being first duly sworn by me, deposed and said as follows:

1. My name is Tonya Blankenship, and I am a Licensure and Certification Surveyor employed by the Alabama Department of Public Health's Division of Health Care Facilities' Medicare/Other Unit. As a Licensure and Certification Surveyor, I perform: (1) the initial licensure and Medicare certification of health care facilities and providers of services; (2) recertification surveys; (3) licensure resurveys; and (4) complaint investigations. These activities relate to a number of different health provider types, including hospitals.

2. On or about July 23, 2007, I was directed by Carolyn C. Duck, the Supervisor of my Unit, to conduct an investigation of a complaint by Janice Abner against the Mobile Infirmary. I began my investigation on July 24, 2007; I completed it on August 6, 2007. I then communicated to Ms. Duck that I had found no improper treatment to have occurred.

*[Signature]*
Tonya Blankenship

- 1 -

STATE OF ALABAMA          )

COUNTY OF MONTGOMERY      )

Sworn to and subscribed before me and given under my hand and seal on this the 17th day of August, 2007.

_____
NOTARY PUBLIC

My Commission Expires:  8/31/10