Janice Abner, Plaintiff/Movant
888 Victor Avenue, Unit #16
Inglewood, Calif. 90302
(310) 419-4563

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANICE ABNER, | ) | **Case No. 2:07-CV146-WKW-SRW** |
| | ) | |
| Plaintiff | ) | **Reply By Plaintiff In Opposition To** |
| | ) | **Grant Of Motion By The Alabama** |
| Vs. | ) | **Board Of Medical Examiners For** |
| | ) | **Summary Judgment** |
| ALABAMA BOARD OF | ) | |
| MEDICAL EXAMINERS, et al | ) | **Request For Judicial Notice Of** |
| | ) | **Facts; Declaration Of Janice Abner;** |
| Defendant | ) | **Exhibits "A" thru "L" in Support** |
| | ) | **Of Declaration** |
| | ) | |

## INTRODUCTION

The Alabama Board of Medical Examiners ( A.B.M.E.) moves for

summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure on grounds of absence of any trial facts while failing to respond to

interrogatories served on agency by plaintiff on 07/28/07 as discovery

pursuant to Rule 33 of Rules of Civil Procedure.

Though a party opposing summary judgment may not rest on mere

allegations in his pleadings , motion for summary judgment by defendant

-1-

does not require plaintiff to come forward with additional proof unless

defendant fails to establish that facts are other than those alleged in

complaint. **Thomas Vs. Penn Wash. Inc. 429 F. Supp. 808**.

As to any issue whether movant's documents do not establish the absence of

a material fact, , summary judgment must be denied even though no

opposing evidentiary matter is presented. **McWhiter Distributing Co. Inc.**

**V. Texaco , Inc. 1981, 688 F. 2d. 511**

The A.B.M .E. .moves for summary judgment on ground no issue of

material fact exists as to the following contentions :

1. Plaintiff has failed to establish a casual connection between the A.B.M.E.

and Constitutional Rights alleged violated by Agency to State A Cause of

Action under Section 1983

2. Eleventh Amendment Immunity bars  A complaint against The A.B.M.E.

under Section 1983

3. The Plaintiff Is not entitled to injunctive relief As The A.B.M.E. has

performed its statutory duties.

Summary judgment must be denied the A.B.M.E. as grounds for are

contradicted by evidence provided by Abner.

-2-

REPLY ARGUMENT

**The Argument That Plaintiff Fails To State A Causal Connection Between The Government And Right Deprived To State A Claim Under 1983 Is Contradicted By Legal Authority**

. Allegations in the complaint of plaintiff are stated specifically against the medical board as a body as referenced in paragraphs 17, 23., 24 ,25 and 2 of complaint connection by referenced acts and deprivation of the First Amendment right and due process clause of the Fourteenth Amendment. A cause of action under 1983 transpires when a claim alleges a state deprived party making as complaint of first amendment rights; **Lavoie Vs. Bigwood, 1971, 457 F. Rptr. 7,15.** Section 1983 allows a party to state a claim under the substantive component of the Fourteenth amendment when arbitrary and wrongful actions by the state results in the denial of the right .**Hodges Vs. Carroll, 267 Fed. 2d.. , 459.**

Only paragraph 26 as to facts premising complaint alleges act by Mr. Larry Dixon, and he is therefore not sued in an individual capacity ..

The facts premising a claim under 1983 must establish the government and not an individual was the "moving force "behind the deprivation when an agent is sued in individual capacity in a claim under 1983 seeking damages.. **Kentucky v. Graham, Ky. , 1985, 105 S./ Ct. 309, 473 U.S. 159,**

-3-

**87 L. Ed. 2d. 114.** The 1983 claim seeks no liability against the A.B.M.E., but only injunctive and declaratory relief. .Even if Mr. Dixon was sued in his individual capacity , a action under 1983 could not be brought against the Director, as it is clear the actions by the Agency Director arose from the Board by fact Mr. Dixon is not a physician , and the A.B.M.E., as a medical Board of physicians was in charge of reviewing and making conclusions regarding the seven (7) physicians subject of the complaint who are their peers.

A claim is stated against the A.B.M.E. under 1981 for discrimination. Section 1983 constitutes the exclusive remedy for such claim under the equal a causal connection between the Board and deprivation of constitutional rights under the First and Fourteenth Amendments by its failure to amend un factual patient history leading to erroneous findings when provided with evidence that the report was invalid due to errors . (Pargh 27) Therefore a causal connection between the A.B.M.E. and cause of action under 1983 is established by plaintiff in complaint .

## B. The Argument That Eleventh Immunity From Complaint Under 1983 Is Unsupported by Legal Authority

The claim by Abner brought pursuant to Section 1983 seeks only injunctive and declaratory relief, and no monetary damages.

-4-

. The Eleventh Amendment of the United States Constitution bars damage suits brought against states in federal court when the state has not waived its sovereign immunity. **Seminole Tribe of Florida v. Florida , 517 U.S. 44 (1996)** . Therefore the defense of Eleventh Immunity is unavailing to both complaints under Sections 1981 and 1983 .

### 1. The Defendant Is Not Entitle To Summary Judgment By Fact It Has Failed To Correct Erroneous Investigation Findings To Ensure Fair Redress of Grievance To A Complaint

Acts or acts of omission by an arm of the state which shocks the conscience constitute a violation of constitutional rights to state a claim under Section 1983; **Shelly Vs. Green (1975) 391 F. Supp. 1040.** An act of refusal to correct an erroneous investigatory report by a governmental agency when presented with evidence contradicting finding is absent fair play by a agency .

The fore act and act of omission by the A.B.M.E. agency to amend its statement of patient history in the investigative findings upon receipt of contradictory evidence from plaintiff has deprived family of right granted by the First Amendment to receive redress by statement of the true physical and psychological being of its family member before subjection to behaviors by physicians reported in the complaint. As factually fore alleged said family

-5-

member upon entering outpatient ward of hospital also served as respondent

to questionnaire by staff nurse before a medical intervention was performed

The complaint also factually states the A.B.M.E. did subpoena directly from

physicians thereby circumventing certification rules and authenticity

purported medical records reports of decedent who had expired four years

earlier, and the conclusion as to complaint was also base don the medical

reports ( **Pargh. 25,Complaint for Injunctive relief** )

Because the A.B. M.E. has arbitrarily refused to correct significant error in

patient history upon proof of contrary, the agency cannot move for summary

judgment as it operates with unclean hands despite absence of an order by

the Circuit Court of Montgomery directing agency to correct report upon

proof of false reporting. .

### C. The Argument That Plaintiff Is Not Entitled To Injunctive Relief Is Unsupported By Law

Injunctive relief may be be granted when it appears by the

complaint that the plaintiff is entitled to relief demanded , and the relief in

part consists of restraining the commission or continuance of the act

complained of , either for a limited time or perpetually , and defendant is

doing some act in violation of the rights of another party to the action.

The A.B.M.E. is still violating the right of plaintiff to receive redress to

-6-

report that is factual in history as to the complaint that was dismissed by agency on ground of lack of merit . The A.B.M.E. continues to violate right of plaintiff to receive information of responses to interrogatories as part of discovery. Based on the foregoing summary judgment should be denied .

Dated _August 30, 2007_ By: _Janice Abner_

Janice Abner

## REQUEST FOR JUDICIAL NOTICE OF FACTS

Plaintiff Janice Abner requests pursuant to Rule 201 of Federal Procedure the Court take notice of the following adjudicative facts :

Pursuant to Rule 201 of Federal Procedure , " a judicially noticed fact must be one not subject to reasonable dispute in that it is (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be determined.

### Declaration of Janice Abner

I, Janice Abner /Declarant  have personal knowledge of the allegations in this declaration, and if called upon could and would competently testify in relation.

1. I submitted on or around March 2, 2006 an 18 page multi domain complaint to the Alabama Board of medical Examiners ( A.B.M.E.)  seeking

-7-

investigation of an extensive complaint against seven (7) licensed physicians regarding the treatment of a family member. I received notice of receipt of complaint from the A.B.M.E. by its director , Mr. Larry Dixon , and statement complaint would be investigated . Attached as Exhibit "A" is an authentic copy of notice from Mr. Dixon .

2. I received correspondence on or around 04/12/06 from the A.B.M.E. requesting authorization to release medical records of deceases family member subject of the complaint. The notice stated authorization  would allow agency to secure documents considered pertinent to complaint investigation. Said agency was authorized to secure the medical records from the hospital. . Attached respectively as Exhibits "B" and "C" are true and authentic copies of the notice from Stan Ingram, Investigator of the A.B.M.E. , and my authorization by signature for release of medical records

3.. Subsequent to lodging of the 18 page complaint to the A.B.M.E. , I lodged  correspondence to the Office of the United States Attorney of Southern Alabama a concise letter of individual concern regarding breach of Alabama Physicians of professional standards while performing under Medicare. Said correspondence was in relation to year 2003 complaint of same concern to the Alabama Quality Assurance Foundation, A Peer Review

-8-

Group has failed to perform a full investigation, and the findings were non appeal able .Attached as Exhibit "D' is correspondence dated 04/13/06 from the Office of the United States Attorney to the A.B.M.E. Said concern was also submitted to the Department of Public Health of Alabama, a Co defendant in current complaint.

4.I received from the Office of the United States Attorney on or around 05/02/06 correspondence from Patricia Shaner , Legal Counsel for the A.B.M.E declaring to the Office of The United States Attorney that their the Agency would investigate the complaint against the seven (7) physicians stated as letter of concern submitted in my behalf. Submitted as Exhibit "E" _is a true and authentic copy of acknowledgement by the A.B.M.E. to the Office of The United States Attorney .

5. By submission of an investigation report of my complaint dated 09/ 07/ 06 I received notice from  the A.B.M .E. of dismissal thereof on the basis of absent merit. The  report consisted of one-one fourth pages  containing total erroneous statements regarding hospital admission of the deceased family member as well as significant error regarding symptoms presented at the time family member upon arriving at the outpatient center . The report un factually declared family member entered the emergency center of hospital

-9-

and that life threatening symptoms were present necessitating radical intervention be performed on same day. . The un factual statements were used as basis to dismiss the complaint against the seven physicians. Submitted as Exhibit "F" is a copy of the findings by the A.B.M.E. in a report from its executive director .

6. I requested the agency to reinvestigate complaint due to significant error in the investigation report that invalidated findings as to the seven physicians . I submitted a copy of the Hospital admissions records of family member establishing that patient was admitted to the outpatient rather than emergency unit of the hospital, and was herself respondent as to information needed for the non emergency procedure that had been ordered by physicians . Submitted as Exhibits "G" is  a 2 page outpatient Admissions Intake report dated 7/30/02 sent to the A.B.M.E. contradicting information in their report , and therefore invalidating report . A request was made for reinvestigation of the complaint in relation .

7. I received executed on 10/20/06 an affidavit from William Addison presented to the Circuit Court upon order declaring  7 documents from the medical records of patient that consisted of 203 documents was used to obtain opinion to dismiss my report against the seven (7) physicians . The

affidavit also declared that medical reports were subpoena directly from the files of physicians although patient had expired three (3) years earlier. Submitted as Exhibit "H" is the affidavit of William Addison, both associate legal counsel for the A. B.M.E. , and Asst. Attorney General of Alabama declaring investigation method of my complaints in reference to the complaint submitted by the Office of the United States Attorney .

8. The fore reference affidavit was ordered by The Circuit Court of Alabama in reference to my filing a petition seeking mandamus directing the A.B.M.E. perform a valid investigation of my complaint against the seven (7) physicians alleging breach of standards of professional care. The A.B.M.E. in answering complaint challenged me to prove charges despite fact the agency had received documents invalidating the medical history of immediate family member in their report .. Attached as Exhibits "I" and "J" respectively are the complaint by plaintiff seeking peremptory writ of mandamus, and answer to the complaint by the A.B.M.E.

9. On 07/28/07 I served by certified mail interrogatories to the A.B.M.E .for discovery pursuant to Rule 33 of Civil Procedure as an effort to prosecute case . The agency has refused to respond to the 48 interrogatories . Submitted as Exhibits "K" and "L" are copies of the interrogatories , and

certified mail slip.

I declare under penalty of perjury under the laws of Alabama that the

foregoing declaration is true .

Dated : August 30, 2007        By: *Janice Abner*

Janice Abner, Plaintiff

-12-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading entitled Reply By

Plaintiff In Opposition To Summary Judgment By The Alabama Board of

Medical Examiner and documents   of Exhibits A thru "L" were served on

the following Party to action :

1. The Alabama Board of medical Examiners

     William Addison, Atty.

      P.O. Box 946

      Montgomery, Alabama 36104

2. The Alabama Department of Public Health

     Brian Hale, Atty.

     P.O. Box 303017

     Montgomery, Alabama 36104

The pleading was served on parties through the U. S. mail with postage

fully pre paid on September 4, 2007

Janice Abner

# EXHIBIT A





## ALABAMA STATE BOARD OF MEDICAL EXAMINERS
### LARRY D. DIXON, EXECUTIVE DIRECTOR

P.O. BOX 946
MONTGOMERY, ALABAMA 36101-0946
848 WASHINGTON AVE.
MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 242-4116
E-MAIL: ldixon@albme.org

March 27, 2006

Janice M. Abner
888 Victor AV, Unit 16
Inglewood, CA   90302

Dear Ms. Abner:

This will acknowledge receipt of your recent complaint concerning Drs. John Michael O'Dowd, Brian Kendrick Arcement, John Donald Kirby, Philip Stanley Travis, Gregory Sullivan McGee, Terry Trent Wilsdorf, Jeffery James Ickler and Maher Niji Sahawneh. The information you have provided will be reviewed and assigned to one of our investigators. When the investigation has begun, you will be contacted by the investigator to whom the case has been assigned.

The Alabama Board of Medical Examiners has seven investigators who handle heavy case loads. A number of other investigations may be in progress when your complaint is assigned. These investigations are often quite involved and require a great deal of time, dedication and travel. Your complaint is important to us and will be investigated, thoroughly, professionally, and, in as timely a manner as possible.

If you have any questions or if this office can be of any further assistance to you please contact us.

Sincerely,
ALABAMA BOARD OF MEDICAL EXAMINERS

Larry D. Dixon

LDD/as

# EXHIBIT
# B



# ALABAMA STATE BOARD OF MEDICAL EXAMINERS
### ED MUNSON, JR., SENIOR INVESTIGATOR

P.O. BOX 946

MONTGOMERY, ALABAMA 36101-0946

TELEPHONE: (334) 833-0184

FAX (334) 242-4155

## NOTE / MEMORANDUM

To All Complainants:

Please note that this Agency has no authority, or regulatory control, in matters regarding medical billings or medical charges. In addition, we have no authority in Workman's Comp issues or disputes. Medical billings/charges and Workman's Comp issues are civil in nature and must be pursued through a civil court of law.



# ALABAMA STATE BOARD OF MEDICAL EXAMINERS
### ED MUNSON, JR., INVESTIGATOR

P.O. BOX 946

MONTGOMERY, ALABAMA 36101-0946

TELEPHONE: (334) 833-0184

FAX (334) 242-4155

---

## NOTE / MEMORANDUM

The attached "Authorization For Disclosure Of Protected Health Information" will be instrumental in our investigative process. Please fill out only the blanks highlighted in yellow. The remainder of the form will be filled out, with your assistance, after the investigation commences.

Thank you,

Ed Munson, Jr.
Senior Investigator

## ALABAMA BOARD OF MEDICAL EXAMINERS
## INFORMATION FOR COMPLAINANTS

Overview of Responsibilities

The Alabama Board of Medical Examiners has jurisdiction over investigation of complaints which are placed against medical doctors or doctors of osteopathy. It does **not** have jurisdiction over other health professionals such as podiatrists, dentists or registered nurses. Neither does it have jurisdiction over hospitals, nursing homes, surgical centers or other health care facilities.

Should your complaint be against some health care professional or entity other than a physician, your complaint should be directed to the appropriate regulatory agency.

The Board of Medical Examiners is responsible for receiving and investigating complaints placed against medical doctors or doctors of osteopathy and has authority to conduct investigations, enforce regulations and impose sanctions when a violation of law or regulation has occurred.

The Board has **no jurisdiction** over actions concerning fees.

The Handling of Complaints

The Board of Medical Examiners receives complaints placed against medical doctors or doctors of osteopathy and will determine if the complaint falls within its jurisdiction. If the complaint is within the Board's jurisdiction, an investigation will be conducted.

The complainant is notified of the Board's decision on each complaint. You should note, however, that the proper conduct of an investigation can be a time-consuming process, and it may be several months before the investigation is completed and a decision is reached.

If a violation of the law or of regulation has occurred, the Board may give the physician an opportunity to come into compliance with the law or regulation, or the Board may determine that other action is necessary. If there is no violation of law or of regulation, the file on the complaint is closed.

If the investigation should result in a formal hearing, the Board may subpoena persons to testify at that hearing if it is believed that their testimony is essential to the case.

Filing a Complaint

To initiate an investigation, complaints must be submitted on the Board's Memorandum of Complaint form, which must in turn be provided to the physician for response. It is important that you complete the form and include as much fact as is available, including such things as the date(s) of the alleged action, the physician's full name and address, the exact nature of the complaint, the names of other individuals who might be involved and their relationship to the complaint, as well as any other information which will assist in the investigation. It is also

necessary for you to provide the date of birth and social security number of the patient involved in the complaint. If you are not the patient, it will be necessary for you to obtain that information and include it in the space provided on the form. This information will be vital to us in identifying and obtaining the proper patient charts from hospitals and clinics. Included with these forms is an authorization and release which you need to sign and return with the complaint. This will help expedite the release of those records that are pertinent to your complaint. Please note that if you include any documentation other than the complaint form (medical records, letters, etc.), you should send **photocopies**, since all materials received in connection with a complaint become the property of the Board and cannot be returned.

The Board will acknowledge receipt of your complaint, may contact you for additional information, and will notify you of the Board's decision concerning the complaint.

# EXHIBIT C

ALABAMA BOARD OF MEDICAL EXAMINERS

## AUTHORIZATION FOR DISCLOSURE OF PROTECTED HEALTH INFORMATION

I, _____, hereby authorize _____
   *(Name of patient or representative)*                     *(Name of provider or facility)*

to disclose the following protected health information to The State Board of Medical Examiners, a health oversight agency of the State of Alabama:

(1)    Patient's Complete Medical Record including, but not limited to any and all medical reports/charts, including reports of treatment for substance abuse, Psychiatric/Psychological care, laboratory reports, x-rays, progress notes, nursing notes, computer reports/charts, prescriptions, audio tapes, or clinical abstracts which may have been made or prepared pursuant to, or in connection with, any examination(s), test(s), or evaluation(s) of the undersigned.

(2)    Other Documents as Specified:_____

_____

This protected health information is being used and/or disclosed for the following purpose(s):

(1)    Investigation by the Board of complaints concerning medical treatments or conduct.
(2)    Other (specify) _____

I understand that the protected health information released to the Board of Medical Examiners may be subject to re-disclosure in accordance with state law and the regulations of the Board.

This authorization shall be in force and effect until:

(1)    Date (specify) _____ or
(2)    Until the conclusion of the Board's investigation, at which time this authorization to use or disclose this protected health information expires.

I understand that I have the right to revoke this authorization, in writing, at any time by sending such written notification to _____ I understand that a revocation
             *(Name of provider or facility)*

is not effective to the extent that _____ has relied on the use
             *Name of provider or facility)*

or disclosure of the protected health information.    I understand that information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and may no longer be protected by federal or state law.

I understand that I have the right to refuse to sign this authorization.

A photocopy of this authorization will be valid as an original thereof.

*Janice M. Abner*
*(Signature of Patient or Personal Representative)*

*Janice M. Abner*
*(Print name of Patient or Personal Representative)*

*March 15 2006*
*(Date Signed)*       *( DOB of patient)*            *(Relationship to Patient )*

**********************************************Official Use Only**********************************************

*The Alabama Board of Medical Examiners, P.O. Box 946, Montgomery, AL 36101-0946*
*Telephone: 1-800-227-2606*

*Investigator:* _____



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Alabama*

---

Riverview Plaza
63 So. Royal Street, Suite 600
Mobile, Alabama 36602

Phone:  251/441-5845
Fax:     251/441-5051

April 13, 2006

Alabama State Board of Medical Examiners
Office of the General Counsel
P. O. Box 946
Montgomery, Alabama 36101-0946

RE:  **Complaint Against Mobile Infirmary Medical Center**
      **by Family of Lillian Abner**

Dear Sir or Madam:

Enclosed please find a complaint against the Mobile Infirmary Medical Center of Mobile, Alabama by the family of Lillian Abner. The complaint was sent to this office by Ms. Abner's family, and is related to the death of Lillian Abner while she was a patient at the Infirmary. Also enclosed in support of the complaint is a letter from Ms. Janice M. Abner, medical records, a pathology report from Mobile Infirmary, and an autopsy performed by Glenoaks Pathology Medical Group of La Canada, California.

The Glenoaks autopsy concluded that Mrs. Abner "died as a result of hypovolemic (hemorrhagic) shock due to untreated severe post operative blood loss." Report at 3. The autopsy further questions the treatment that Mrs. Abner received, and questions the listed cause of death - cardiac arrest secondary to a nonischemic cardiomyopathy.

Mrs. Abner's family believes that her death at the Mobile Infirmary in August, 2002, was the result of negligence, if not gross negligence. At this point, it appears as though it is too late to file a civil action, but the family is concerned that if the issues involved in Mrs. Abner's death are not addressed that others may suffer. Moreover, they also want to get to the bottom of what may be a suspicious death.

We would appreciate it if you could review the enclosed documents to determine if any improper treatment occurred. If you are not the correct person to receive this, I would appreciate it if you would forward this to the appropriate person, agency, division, etc.

Page Two

If you have any questions, please feel free to contact me.  I may be reached at (251) 441-5845.

Sincerely,

DEBORAH J. RHODES
UNITED STATES ATTORNEY

By

Eugene A. Seidel
Assistant United States Attorney

EAS/bmh

Enc.

# EXHIBIT D



## ALABAMA STATE BOARD OF MEDICAL EXAMINERS
LARRY D. DIXON, EXECUTIVE DIRECTOR

P.O. BOX 946
MONTGOMERY, ALABAMA 36101-0946
848 WASHINGTON AVE.
MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 242-4116
E MAIL: ldixon@albme.org

September 7, 2006

Janice M. Abner
888 Victor Avenue
Unit 16
Inglewood, CA 90302

Dear Ms. Abner:

At its August 16, 2006 meeting, the Alabama Board of Medical Examiners considered the investigative report concerning your complaint on the Mobile Infirmary physicians, Mobile, Alabama. The medical records belonging to the subjects of your complaint, Brian K. Arcement, M.D., Jeffrey J. Ickler, M.D., John D. Kirby, M.D., Gregory S. McGee, M.D., John M. O'Dowd, M.D., Maher N. Sahawneh, M.D., Philip S. Travis, M.D., Terry T. Wilsdorf, M.D., were all subpoenaed and reviewed by board certified physicians. In addition, Mobile Infirmary's records and autopsy report were also reviewed.

Mrs. Abner, a 78 year old female with multiple medical problems including renal failure, on hemodialysis, coronary artery atherosclerotic disease, cardiac arrhythmia, hypertension, COPD and hypothyroidism, was admitted to the hospital with cardiac arrhythmia (atrial fibrillation) and multiple GI symptoms consistent with mesenteric ischemia. The CT scan findings indicated occlusive mesenteric ischemia. The emergency exploratory laparotomy, performed on July 30, 2002, revealed no bowel necrosis or emboli. Therefore, her mesenteric ischemia was non-occlusive.

Although her hemoglobin and hematicrit decreased following the surgery there was no evidence of significant hemorrhage reported. The decrease in hemoglobin and hematicrit, was believed by the physicians to most likely be dilutional, secondary to underlying renal failure and IV fluids used in resuscitation. She had a terminal cardiac event exacerbated by the underlying chronic renal failure, coronary artery disease and heart failure.

The complaints you filed against these physicians were discussed individually following the review of the medical records. There is no evidence to support your complaints of malpractice, lack of informed consent and abandonment or they are inconclusive and not possible to prove. The Alabama Board of Medical Examiners believes that the pathology report from David M. Posey, M.D., in California which was based solely on chart review and declining H&H have conclusions which are overstated and without merit. The Mobile pathology had no mention of hemorrhage, there is no mention of excessive bleeding in any of the hospital records, nursing records or physician records.

Mrs. Abner
Page Two
September 7, 2006

     Ms. Abner, I am certain this report will not satisfy your concerns. I can only state to you that the Alabama Board of Medical Examiners did a thorough investigation and spent countless hours to include an expert review of the charts and the conclusion reached by the Board is what I have stated.

                                  Sincerely,
                                  Alabama Board of Medical Examiners

                                  Larry D. Dixon

LDD/mlm

# EXHIBIT
# E



# ALABAMA STATE BOARD OF MEDICAL EXAMINERS
## OFFICE OF THE GENERAL COUNSEL
### 848 WASHINGTON AVE., MONTGOMERY AL 36104
### P.O. BOX 946, MONTGOMERY AL 36101-0946
### TEL. (334) 242-4116  FAX (334) 242-4155

PATRICIA E. SHANER
GENERAL COUNSEL
tshaner@albme.org

WILLIAM F. ADDISON
ASSOCIATE COUNSEL
baddison@albme.org

April 25, 2006

Eugene A. Seidel, Esq.
Assistant U. S. Attorney
Southern District of Alabama
Riverview Plaza
63 S Royal St Ste 600
Mobile AL  36602

RE:    Complaint against Mobile Infirmary Medical Center by Family of Lillian Abner

Dear Mr. Seidel:

This letter is to advise you that the Alabama Board of Medical Examiners has received your April 13, 2006, letter with enclosures. The information you sent has been forwarded to the Alabama Board of Medical Examiners' investigative department. The Alabama Board of Medical Examiners investigates all complaints, and Ms. Abner will be contacted concerning the progress of the investigation and a disposition by the Board when the investigation is concluded.

Thank you for your concern in this matter.

Sincerely,
ALABAMA BOARD OF MEDICAL EXAMINERS

Patricia E. Shaner
General Counsel

PES:chk

cc:    Mr. Stan Ingram
      Mr. Jim Nichols

RECEIVED
U. S. ATTORNEY'S OFFICE
2006 APR 27  P 12: 49
SOUTHERN DISTRICT
OF ALABAMA

# EXHIBIT F



## ALABAMA STATE BOARD OF MEDICAL EXAMINERS
### LARRY D. DIXON, EXECUTIVE DIRECTOR

P.O. BOX 946
MONTGOMERY, ALABAMA 36101-0946
848 WASHINGTON AVE.
MONTGOMERY, ALABAMA 36104

TELEPHONE: (334) 242-4116
E MAIL: ldixon@albme.org

September 7, 2006

Janice M. Abner
888 Victor Avenue
Unit 16
Inglewood, CA 90302

Dear Ms. Abner:

At its August 16, 2006 meeting, the Alabama Board of Medical Examiners considered the investigative report concerning your complaint on the Mobile Infirmary physicians, Mobile, Alabama. The medical records belonging to the subjects of your complaint, Brian K. Arcement, M.D., Jeffrey J. Ickler, M.D., John D. Kirby, M.D., Gregory S. McGee, M.D., John M. O'Dowd, M.D., Maher N. Sahawneh, M.D., Philip S. Travis, M.D., Terry T. Wilsdorf, M.D., were all subpoenaed and reviewed by board certified physicians. In addition, Mobile Infirmary's records and autopsy report were also reviewed.

Mrs. Abner, a 78 year old female with multiple medical problems including renal failure, on hemodialysis, coronary artery atherosclerotic disease, cardiac arrhythmia, hypertension, COPD and hypothyroidism, was admitted to the hospital with cardiac arrhythmia (atrial fibrillation) and multiple GI symptoms consistent with mesenteric ischemia. The CT scan findings indicated occlusive mesenteric ischemia. The emergency exploratory laparotomy, performed on July 30, 2002, revealed no bowel necrosis or emboli. Therefore, her mesenteric ischemia was non-occlusive.

Although her hemoglobin and hematicrit decreased following the surgery there was no evidence of significant hemorrhage reported. The decrease in hemoglobin and hematicrit, was believed by the physicians to most likely be dilutional, secondary to underlying renal failure and IV fluids used in resuscitation. She had a terminal cardiac event exacerbated by the underlying chronic renal failure, coronary artery disease and heart failure.

The complaints you filed against these physicians were discussed individually following the review of the medical records. There is no evidence to support your complaints of malpractice, lack of informed consent and abandonment or they are inconclusive and not possible to prove. The Alabama Board of Medical Examiners believes that the pathology report from David M. Posey, M.D., in California which was based solely on chart review and declining H&H have conclusions which are overstated and without merit. The Mobile pathology had no mention of hemorrhage, there is no mention of excessive bleeding in any of the hospital records, nursing records or physician records.

Mrs. Abner
Page Two
September 7, 2006

    Ms. Abner, I am certain this report will not satisfy your concerns.  I can only state to you that the Alabama Board of Medical Examiners did a thorough investigation and spent countless hours to include an expert review of the charts and the conclusion reached by the Board is what I have stated.

        Sincerely,
        Alabama Board of Medical Examiners


        Larry D. Dixon

LDD/mlm

EXHIBIT
G

**ADMISSION INFORMATION:** Date: 1-30-07 Time: 11 N

From: ☐ EEU ☑ ADMITTING ☐ ROTARY ☐ PSYCH
☐ OTHER _____

**Reason for Admission / Surgery** (as stated by patient / family): _Cardioversion_

**Info. Source:** ☑ Pt ☐ Family / S.O. (Relationship): _____
**Last Hospital Admission** (Date / Reason): _____

**Previous Surgeries:** _fistula, arm_
_thyroid_

**Orientation to Environment:**
☑ Patient ☑ Family / S.O. ☐ Unable to Orient _will reorient later_
☑ Nurse Call Bell / TV ☐ Bed Controls ☐ Emergency Call Bell
☑ Guest Information Brochure ☐ Safety Tips / Siderails

**Identification Bracelets Present:**
☑ MIMC ID ☐ Blood Bank ☐ Allergy
☐ Allergy Information Screen Verified **Latex:** ☑ No ☐ Yes
Additional Allergies Identified: ☐ No ☐ Yes _____
_NKDA_

| PATIENT HEALTH HISTORY: | YES | NO |
|---|---|---|
| (If yes, circle as appropriate) | | |
| Heart Disease, MI, CHF, Arrhythmia, | | |
| Chest Pain, Angina, Murmur | ☑ | ☐ |
| High Blood Pressure | ☑ | ☐ |
| Stroke / TIA / Paralysis / Weakness / | | |
| Cerebral Palsy | ☐ | ☑ |
| Seizure Disorder | ☐ | ☑ |
| Diabetes | ☐ | ☑ |
| Lung Diseases / TB / SOB / Emphysema / | | |
| Asthma | ☑ | ☐ |
| Blood Diseases / Sickle Cell Disease | ☐ | ☑ |
| Cancer | ☐ | ☑ |
| Anesthetic Problems | ☐ | ☑ |
| Mental Illness / Depression | ☐ | ☑ |
| Altered Mental Status / Retardation | ☐ | ☑ |
| Thyroid Problems | ☑ | ☐ |
| Stomach Problems / GI Bleeding / | | |
| Hiatal Hernia / Reflux / Diverticulitis | ☐ | ☑ |
| Kidney Problems / Dialysis _Last Mon._ | ☑ | ☐ |
| Liver Problems / Hepatitis, Jaundice | ☐ | ☑ |
| Recent Falls | ☐ | ☑ |
| Possibly Pregnant | ☐ | ☑ |
| Alcohol / Drug Use ... Amt/Day ___ Yr(s) ___ | ☐ | ☑ |
| Tobacco Use ... PPD ___ Yr(s) ___ | ☐ | ☑ |
| Recent Fever Requiring Antibiotics | | |
| Onset ___ Antibiotics ___ | ☐ | ☑ |
| Immunizations Current? | ☐ | ☑ |
| Flu Vaccine ... Date ___ | ☐ | ☑ |
| Pneumonia Vaccine ... Date ___ | ☐ | ☑ |

Focus Notes: _____
_____
_____
_____

Ht: 5'4" Wt: 127 Admit VS: _____

**Personal Property & Valuables** (circle one) Family Pt PS

| | | U | L | | |
|---|---|---|---|---|---|
| Glasses / Contacts | ☐ | | | ☐ | ☐ |
| Dentures / Bridge / Partial _No_ | ☐ U ☐ L | | | ☐ | ☐ |
| Hearing Aid | ☐ R ☐ L | | | ☐ | ☐ |
| Clothing / Shoes | ☐ | | | ☐ | ☐ |
| Jewelry / Watch / Purse / Wallet | ☒ | | | ☐ | ☒ |
| Prosthetics / Implants | ☐ | | | ☐ | ☐ |
| Other | | | | | |

**NUTRITIONAL SCREEN** (check all that apply) ☑ None Apply
☐ Unplanned weight change more than 10# in 3 months
☐ Ped growth chart below 25th percentile or above 95th percentile
☐ Appearance of malnutrition / failure to thrive
☐ Recent diagnosis of diabetes &/or uncontrolled diabetes
☐ Stage 3 or 4 skin breakdown / Eschar
☐ Wet sounds / increased congestion / coughing during meals
☐ Difficulty chewing / swallowing / holding food / liquid in mouth / pain
☐ Continuous vomiting or diarrhea for a period greater than 24 hrs
☐ Assistance needed with feeding / cooking / buying food
☐ Lactating or pregnant woman ☐ Pregnant, 14 years old or less
☐ Pregnant with Multi Fetuses ☐ Pre-Eclampsia

**PEDIATRIC / ADOLESCENT ASSESSMENT\*** (0-17 Years)
☐ If indicated, consult Pediatric Unit
**PSYCHOSOCIAL:** Nickname ___
Parental relationships: ☐ Single ☐ Married ☐ Separate
☐ Divorced ☐ Widowed ☐ Other Guardian ___
Day Care / School Attended: ___
Security Blanket / Favorite Toy: ___
**HISTORY COMMUNICABLE DISEASE / RECENT EXPOSURE:**
☐ Measles ☐ German Measles ☐ Hepatitis ☐ Mumps ☐ Chicken Pox
**BIRTH HISTORY:** Birth Weight: ___ lbs. ___ oz.
☐ Normal Pregnancy ☐ Normal Delivery ☐ Complications
Condition of Infant: ___ Birth Defects: ___
**DEVELOPMENTAL:** \*☐ Growth Chart Completed
**INFANT (Birth - Year)**
☐ Sits Up (Assisted / Unassisted) ☐ Turns Over ☐ Crawls
☐ Cries ☐ Babbles ☐ Holds Head Up ☐ Sucks Thumb
Feeding: ☐ Breast ☐ Bottle ☐ Cup ☐ Pacifier
**TODDLERS (1-2 Years)**
☐ Speaks ☐ Plays w/ Toys ☐ Uses Cup / Spoon
☐ Walks ☐ Toilet Trained ☐ Helps Dress / Undress
**PRESCHOOL (3-5 Years)**
☐ Speaks Clearly ☐ Draws / Colors ☐ Knows Own Age
☐ Jumps / Runs ☐ Dresses Self
**SCHOOL (6-9 Years)**
☐ Creative ☐ Tells Time ☐ Has Loose Teeth ☐ Writes
**PRE-ADOLESCENT (10-12 Years)**
☐ Clubs / Activities / Hobbies ☐ Involved in Assessment
**ADOLESCENT (13-17 Years)**
☐ Voice Changes ☐ Menstruating
☐ Uses Alcohol / Drugs / Tobacco ☐ Clubs / Activities / Hobbies
Words used for pain / injury: ___
Words used for elimination: ___
Is there anything else you would like us to know about this child / family that would help better meet your needs and expectations?
_____
_____

**MOBILE INFIRMARY MEDICAL CENTER**
**ADMISSION ASSESSMENT**

A D D R E S S O G R A P H

Surgery Date: _____
OR Room #: _____
Arrived in Pre op _____
Patient in Time: _____
Patient Out Time: _____

**Patient Type**
__Inpatient
__Outpatient
__AM Admit

**Case Status**
__Scheduled
__Emergency
__Urgent

**Anesthesia**
__None      __Epidural
__Spinal    __Axillary Block
__MAC       __Bier Block Other: _____
__General: Agent _____
Anesthesiologist #1 _____
Anesthesiologist #2 (DOR) _____
CRNA #1: _____
CRNA #2: _____
ASA   I   II   III   IV   V   E

Circle Wound Classification Post Procedure
Wound Classification      I      II      III      IV

PreOp Diagnosis: _____
PostOp Diagnosis: _____

Procedure:   Incision Time _____   Closure Time _____

Surgeon: _____
Assistant: _____
Assistant 2: _____

Procedure:   Incision Time ___:___   Closure Time ___:___

Surgeon: _____
Assistant: _____
Assistant 2: _____

| STAFF NAME/TITLE | Position Code | Time in | Time out |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| STAFF NAME/TITLE | Position Code | Time in | Time out |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| OTHERS: NAME/TITLE | Position Code |
|---|---|

| OTHERS: NAME/TITLE | Position Code |
|---|---|

**Legend: Staff Postition Codes  FOR DATA INPUT**

Circulating Nurse   CIRC       Asst. Circulator   ACR      Relief Circulator   RCIR       Dr.'s Private Scrub   PRVT
Scrub Person        SCRB       RN 1st Assist      RNFA     Relief Scrub        RSCR       Observe               OBSV
Retractor           RETR                                   Relief Retractor    RRET

Implants:   ☐ N/A   ☐ Yes        ☐ Documented in Progress Note        ☐ Implant Record
Explants:   ☐ N/A   ☐ Yes

Implant Description/Location                Manufacturer, Lot #, Serial #

_____        _____
_____        _____
_____        _____
_____        _____

A
D
D

ABNER LILLIAN         F078Y
417148124(7)
ARCEMENT 9846473

**MOBILE INFIRMARY MEDICAL CENTER**
**SURGICAL SERVICES**
**INTRAOPERATIVE RECORD**

```
3/16/2002          MEDICAL RECORDS RELEASE OF INFORMATION              PAGE    1
2:30              REMIT TO: MOBILE INFIRMARY MEDICAL CENTER
                              P.O. BOX 2144
                           MOBILE, ALABAMA 36652

                                                          ***********
                                                          *  INVOICE *
                                                          ***********

J: JANICE ABNER                          PATIENT: ABNER LILLIAN
   2026 HATHCOCK ST                      SOC SEC NO: 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
   MOBILE, AL                            INVOICE#: 02080506
   36617                                 INSURED:
                                         CONTRACT#:
                                         ACCOUNT#: OV13592
```

```
=========================================================================
CCOUNT   ADMITTED   DISCHARGED        DOCUMENTS COPIED          TOTAL PAGES
B46473   07/30/02   08/05/02          FACE SHEET                    214
                                      HISTORY AND PHYSICAL
                                      DISCHARGE SUMMARY
                                      CONSULTS
                                      ELECTRODIAGNOSTICS
                                      X-RAYS
                                      LAB
                                      OPERATIVE NOTE
                                      PATH
                                      PROGRESS NOTES
                                      PHYSICIANS ORDERS
                                      NURSES NOTES
                                      AUTHOPSY REPORT
                                      AUTHORIZATION
                                      OTHER
```

```
                                      ***************************
                                      *   SUBTOTAL:   $124.50   *
                                      *   POSTAGE:      $0.00   *
                                      * AMOUNT DUE:    $124.50   *
                                      ***************************
```

```
***********************************************************************
*   PLEASE INCLUDE THE ACCOUNT NUMBER OV13592 ON YOUR CHECK. - THANK YOU.  *
*   THIS IS AN INVOICE.   BALANCE IS DUE IN FULL WITHIN 10 DAYS OF THE DATE *
*   OF THIS INVOICE.                                                        *
***********************************************************************
```



# EXHIBIT H

EXHIBIT A

STATE OF ALABAMA        )
MONTGOMERY COUNTY     )

## AFFIDAVIT

I, the undersigned, William F. Addison, being first duly sworn, depose and say:

"In connection with the complaint of Janice Abner filed with the Alabama Board of Medical Examiners on March 20, 2006, against the following physicians:

Brian K. Arcement, M. D. (license no. MD.00018500)
Jeffrey James Ickler, M. D. (license no. MD.00022258)
John Donald Kirby, M. D. (license no. MD.00006382)
Gregory Sullivan McGee, M. D. (license no. MD.00015677)
John Michael O'Dowd, M. D. (license no. MD.00012245)
Maher Naji Sahawney, M. D. (license no. MD.00010414)
Philip Stanley Travis, M. D. (license no. MD.00015173)
Terry Trent Wilsdorf, M. D. (license no. MD.00024078),

the following information, which, pursuant to Ala. Code §34-24-60(2002) is "privileged and confidential, shall be used only in the exercise of the proper functions of the board, and shall not be public records nor be available for court subpoena or for discovery proceedings," was reviewed by a board certified vascular surgeon:

1.     July 14, 2006, Synopsis of Investigation

2.     Complaint to the Alabama Board of Medical Examiners by Janice Abner dated March 15, 2006, which attached the following documents:

     a.     Letter dated December 19, 2005, to Ms. Abner from David M. Posey, M. D., a physician in California who is not licensed to practice medicine in Alabama;

     b.     Letter dated October 29, 2002, from S. Greg Burge, Esq., Heninger Burge Vargo & Davis;

     c.     *Curriculum Vitae* of David M. Posey, M. D.;

     d.     Seven pages of medical records from Mobile Infirmary Medical Center; and

3.     Eight two-page complaints, one against each physician listed above.

1

3.     One-page letter from Janice Abner received April 27, 2006, which enclosed a copy of an undated letter from Ms. Abner to the U. S. Department of Health and Human Services.

4.     Letters of response to Ms. Abner's complaint from Dr. Arcement, Dr. Ickler, Dr. Kirby, Dr. McGee, Dr. O'Dowd, Dr. Sahawney, Dr. Travis and Dr. Wilsdorf.

5.     Letter dated April 13, 2006, to the Board from the U. S. Attorney, Southern District of Alabama, which enclosed Ms. Abner's February 24, 2006, letter of complaint against Mobile Infirmary Medical Center and August 5, 2002, Autopsy Report of Brian Arcement, M. D

6.     Medical record of Lillian Abner subpoenaed from Philip Stanley Travis, M. D.

7.     Medical record of Lillian Abner subpoenaed from John Michael O'Dowd, M. D.

8.     Medical record of Lillian Abner subpoenaed from Gregory Sullivan McGee, M. D.

9.     Medical record of Lillian Abner subpoenaed from John Donald Kirby, M. D.

10.     Medical record of Lillian Abner subpoenaed from Terry Trent Wilsdorf, M. D.

11.     Medical record of Lillian Abner subpoenaed from Maher Naji Sahawney, M. D.

12.     Medical record of Lillian Abner subpoenaed from Jeffrey James Ickler, M. D.

13.     Medical record of Lillian Abner subpoenaed from Mobile Infirmary Medical Center"

_William F. Addison_

SWORN TO AND SUBSCRIBED before me this the _20th_ day of October, 2006.

Notary Public
My Commission Expires: _10-1-07_

2

# EXHIBIT
# I

" ⟨0⟩

# IN THE CIRCUIT COURT OF ALABAMA ,
# FOR THE COUNTY OF MONTGOMERY

---

## PETITION FOR PEREMPTORY WRIT OF
## MANDATE

---

JANICE ABNER.

    Petitioner

      Vs.

ALABAMA BOARD OF MEDICAL EXAMINERS
    Respondent

      And

ALABAMA DEPARTMENT OF PUBLIC HEALTH
    Respondent

---

### PETITION FOR PEREMPTORY WRIT OF MANDATE
Janice Abner
888 Victor Avenue , Unit # 16
Inglewood, California 90302
(310) 419-4563

1

# TABLE OF CONTENTS

Page

PETITION FOR WRIT OF MANDATE-----------------4

ISSUED PRESENTED------------------------------------4

INTRODUCTION-------------------------------------------5

FACTUAL AND PROCEURAL HISTORY-------------6

ARGUMENTS IN SUPPORT OF REVIEW-------------13

CONCLUSION-------------------------------------------------16

VERIFICATION -----------------------------------------------18

CERTIFICATE OF SERVICE----------------------------------22

TABLE OF AUTHORITIES

42 USC, Section 1320 (a)(2)

42Code of Federal Regulation

## PETITION FOR WRIT OF MANDATE

Janice Abner , Petitioner, petitions the Circuit Court of Alabama

pursuant to Alabama Code of Civil Practice and the Alabama Constitution,

Article 1, Section 36. for a writ of mandamus compelling the Alabama

Board of Medical Examiners and Alabama  Department of Public Health to

perform a duty required of conduction by the latter state agency of a full

investigation of complaint of Petitioner to address all grievances as required

by the Alabama Constitution and for the former agency to commence and

complete investigation of complaint to address grievance .

### ISSUE PRESENTED

The issue presented is whether or not the two state agencies having

jurisdiction to receive, investigate and make determinations regarding

complaints alleging negligence by medical physicians of Alabama ,or a

medical entity have acted willfully and arbitrarily in failure to a complete

investigation or assume investigation as required by their office . The issue

as to Alabama Board of medical Examiners is whether the agency has

deviated from agency standards by conducting  only a partial investigation

of the complaint of Petitioner through selectively investigating only certain

charges in the complaint to the exclusion of other allegations ?

The issue is whether or not Alabama Department of Public Health has abandoned a duty required by agency by refusing to even assume jurisdiction over the complaint of Petitioner as required by State and Federal law?

## INTRODUCTION

Alabama Medical Commission (AMC) is a state agency with jurisdiction to to investigate complaints by citizens of Alabama or former citizens regarding the diagnosis and care provided by medical practitioners . A second agency,  the Alabama Department of Public Health( ADPH)  has jurisdiction to investigate in relation complaints regarding hospitals to include private entities that receive federal funds through services provided that are reimbursed in part by cost sharing by the Medicare . It is maintained said agency also has jurisdiction over the behavior of physicians submitted to the Alabama Board of Medical Examiners  as the physicians acted in conjunction with the staff physicians at the hospital for diagnosis.

The complaint lodged in April 20067 to The Department of Public Health regarding the entity of Mobile Infirmary Medical Center the  was never investigated despite correspondence stating an investigation would be conducted .,The  Alabama Medical Board found all charges to include misdiagnosis, failure to exercise professional judgment and obtain informed

consent , and alleging of the triggering of a asthma attack by the negligence of physicians as absent "merit." Without any reference to how determination was made regarding the claim for misdiagnosis , lack of proper medical judgment in the doctors ordering in conjunction with Mobile Infirmary Medical Center  the insertion of  a foreign synthetic tube into the nose leading to the stomach of a patient known diagnosed with pulmonary asthma.

\ Therefore the Alabama Public health Department and the Alabama Medical  Board has co jurisdiction over the claims of the physicians who worked directly with staff at Mobile Infirmary medical Center, and an determination as to negligence or non negligence can only be sustained through a co investigation.

## PROCEDURAL HISTORY/FACTS

**By this verified writ, Petitioner alleges as follows:**

1. On March 13, 2006 a complaint alleging misdiagnosis , failure to use professional judgment to prevent triggering of a pre existent pulmonary disease  of Lillian Abner who was a citizen of Alabama as was Petitioner at such time , allegation of the performance of un required surgery through misdiagnosis resulting in four day hemorrhaging from the area of a surgical incision,  and failure to obtain the informed consent of patient nor family

was lodge to the Alabama Board of Medical Examiners (ABNE) an agency

with jurisdiction to investigate and make determinations regarding the

validity of complaints.. Said complaint contained charges against multiple

physicians and medical entity, Mobile Infirmary Medical Center whom

Lillian Abner was in the care of in 2002.

2. On March 27, 2006 Petitioner received correspondence from Mr. Larry

Dixon, Director of the ABME declaring the agency would investigate the

complaints of Petitioner forwarded to their agency.

2. Petitioner factually alleges a complaint was prior submitted by Petitioner

on February 23, 2006 to the Alabama Hospital Association against Mobile

Infirmary Medical Center , and a complaint also was sent to by the Office of

The United States Attorney for Southern Alabama to the Alabama

Department of Public Health (ADPH). The complaint alleged (alleges )

negligence by Mobile Infirmary Hospital in regards to misdiagnosis by staff

radiologist at Mobile Infirmary medical Center in conjunction with the

private physicians from Mobile Diagnostic and Medical Center.

3. On March 13, 2006 complaints were lodged by Petitioner to the Alabama

Board of Medical Examiners( ABME) against multiple physicians and

Mobile Infirmary Medical Center during the period patient Lillian Abner

was in their care as a recipient of Medicare. . The charges in the complaint to

7

ABME alleged misdiagnosis, unnecessary surgery leading to continued post operative bleeding , negligence by inducement of a pre existent pulmonary condition in patient by insertion of a foreign synthetic tube into mouth to stomach , and failure to failure to implant a pacemaker .

4. Petitioner on March 13, 2006 also lodged a complaint against Mobile Infirmary medical Center to the Alabama Hospital Association. Thereafter correspondence was received on March 26, 2006 from Association informing Petitioner of lack of jurisdiction to investigate complaint, but giving notice that complaint would be submitted to the medical center.

6. On April 13, 2006 The Office of the United States Attorney for the Southern Alabama submitted a complaint to the Alabama Board of Medical Examiners (ABME) by Petitioner predicated on a recent findings in a 2005 post autopsy report of Lillian Abner. Said correspondence requested an investigation be conducted as to negligence by physicians determined in autopsy report . On the same date a complaint against Mobile Infirmary Hospital was also lodged by the Office of the United States Attorney to the Alabama Department of Public Health .

7. On April 25, 2006 the Alabama Board of Medical Examiners submitted correspondence to the United States Attorney declaring that an investigation would be conducted of the complaints of Lillian Abner.

8

8. On September 12, 2006 Petitioner received a delinquent notice from Larry Dixon , Director of the Alabama Board of Medical Examiners dated September 7, 2006 declaring a determination had been made by the Alabama Board of Medical Examiners on August 15, 2006 that the complaints of petitioner  had no merits as to all allegations against physicians .The delinquent notice of findings was submitted to petitioner by the ABME a only after follow up on the status of the investigation m complaint .

9. On September 13, 2006 Petitioner called the Office of the United States Attorney for Southern Alabama to make inquiry to Mr. Eugene Sideau, Assistant Attorney as to whether an investigative report of the complaint forwarded by his office to the Alabama Department of Public health had been received . At such time  Mr. Sideau , Assistant United States Attorney was away from the office.

10. On September 13, 2006 after calling the office of the United States Attorney , Petitioner called the Alabama Department of Public Health for inquiry as to whether the complaint against Mobile Infirmary Medical Center lodged to their office dually by Petitioner and the Office of the United States Attorney had been investigated. Upon speaking with Supervisor Barbara Little, Petitioner was told no investigation had commenced.

10. On September 14, 2006 Petitioner received a phone call from Ms. Deborah Rhodes , the United States Attorney For Southern Alabama. At such time the United States Attorney informed Petitioner that her office had not received any investigative report from the Alabama Department of Public health.

11. In regards to the complaint submitted to the Alabama Board of Medical Examiners , only notice and not an investigative report required by general agency guidelines governing investigations and findings was submitted to Petitioner by Mr. Larry Dixon , Director of the agency on September 7, 2006. The two paragraph statement of findings clearly reveals as contends that an investigation was selectively conducted as to charges in the complaint of Petitioner to the exclusion of some charges. Only a partial investigation occurred as to the findings by the agency.

12. The two paragraph findings by the ABNE as to determinations is absent any findings and conclusions establishing as without merit the allegations by Petitioner of misdiagnosis by physicians leading to un required surgery and prolonged post operative bleeding by patient Lillian Abner while in the care of physicians and hospital. In relation the determination by the Alabama Board of Medical Examiners (ABME) was made on selected facts , and the overlooking relevant facts documented in the medical records such as

documentation of prolonged and constant bleeding from the medical incision of patient Lillian Abner subsequent to unnecessary surgery cause by misdiagnosis... An agency does not have discretion to conduct an examination in such manner.

13. The findings by the Alabama Board of medical Examiners that an emergency laparotomy was performed after diagnosis of a CT scan is un factual as the medical records confirm that one hour and forty-five (45) minutes lapsed between the diagnosis and the performance of the lapratomy. Therefore sufficient time existed for physicians to order other diagnostic tests in view that the CT scan and another radiographic examination performed the same day were in conflict. Sufficient and ample time existed for the physicians to obtain the informed consent of patient in writing as required under Alabama law.

14. In relation to paragraph 13, medical research validates that if a CT scan or examination indicates occurrence of a life threatening condition, immediate medical intervention is warranted, and no consent from patient is needed . However misdiagnosis occurs when the intervention is performed hastily based on uncertainty due to conflicting radiological tests as found in Haskins Vs. Howard , (159 Tennessee. 86, 16 SW2d. 20,) However in the case of Brewer Vs. Ring , 177 North Carolina , 476, 99 SE 358 where

misdiagnosis resulted in immediate exploratory surgery performed on a pregnant woman resulting in no harm or injury to the patient from surgery due to misdiagnosis , and thereafter a healthy baby was born , determination was made that the physicians did no harm. In contrast, the complaint of Petitioner alleges that the misdiagnosis giving rise to unnecessary vascular surgery performed on Lillian Abner did result in injury , harm and death of patient as confirmed by medical records .

15. There is also misreporting by the Alabama Board of Medical Examiners in the two page notice declaring allegations of Petitioner as un meritious. The agency reports the diagnosis and laparotomy were performed on July 31, 2002 when in fact the medical records reveal the interventions were in fact performed on August 1, 2002

16. The two paragraphs of determination makes no finding regarding the charge that negligence by physicians and hospital triggered severe breathing problems by patient after surgery by doctors and hospital placing a synthetic tube into the mouth leading to the stomach of patient for four (4) days despite knowledge that Patient had a history of asthma.

17. The investigative findings by The Alabama Board of Medical Examiners as reported by a two paragraphs states no findings no findings of the charge in the complaint that physicians failed to place a pacemaker in patient after

securing her authorization by signature. The single page finding denies

excessive bleeding post operatively by patient from the area of the surgical

incision for four days as documented in the medical records occurred

18.Therefore in absence of employment of standard and national agency

norms and regulations for investigation and determination of complaints , it

is clear the Alabama Board of Medical Examiners made a partial

investigation based on selective investigation and response  to the charges in

the complaint by Petitioner.

11. MEMORANDUM OF POINTS AND AUTHORITES

ARGUMENT

**The Alabama Board of Medical Examiners Acted Arbitrarily , Willfully  And Without Discretion In Choosing To Partially Investigate The Complaints of Petitioner**

The Alabama Board of Medical Examiners operates as a peer review

agency for Alabama in regards to complaints pertaining to services by

physicians in Alabama. All state agency must adhere to guidelines.

Although Petitioner has been unable to secure the guidelines and

regulations for operation by the ABME, Petitioner will use as norms for such

peer review group the standards adopted by the Department of Health and

Human Services for investigation ,fact finding and determination by Peer

review agencies under contract with the Department to investigate complaints of negligence by physicians providing service under Medicare. Pursuant to 42 USC, Section 1320-(a)(2), as amended, a peer review agency performs review functions of the quality of care in an area of medical practice where actual performance is measure against objective criteria which define acceptable and adequate practice.

Based on the function of Peer Review Groups pursuant to federal Code, it is submitted that the Alabama Board of Medical Examiners utilized subjective rather than objective and national norms and criteria to determine that no mis diagnosis by physicians and hospital occurred giving rise to unnecessary surgery and prolonged bleeding from surgical wound while the patient was in their care. Therefore their conclusion as an agency having jurisdiction to investigate and make determination of the complaint of Petitioner as submitted cannot be sustained regarding the conclusion that no misdiagnosis giving rise to unnecessary surgery occurred by physicians in the case of Lillian Abner

**B. The Alabama Department of Public Health Is Without Discretion To Choose Not To Investigate Complaint By Petitioner Due To The Fact That The Agency Is Under Contract With The Department Of Health And Human Services.**

A complaint was lodged by Petitioner to the Alabama Department of Public Health against Mobile Infirmary Hospital , a private medical entity receiving cost sharing through Medicare for services provided to Medicare recipients. Said complaint alleges misdiagnosis by hospital staff radiologist in conjunction with private physicians whom Lillian Abner was in their care The complaint also alleges failure by both the hospital staff and private physicians to obtain the informed consent of patient for expioratory surgery despite the fact that one hour and forty-five minutes lapsed between the time the CT scan giving rise to a misdiagnosis was done  and a laporatomy subsequently performed.

Pursuant to 42 Code of Federal Regulations , a medical entity receiving funds for cost sharing from the Department of health and Human Services is prohibited from performing surgery unless the informed consent is obtained from the patient , and when  impossible, it  must be obtained from a family member. Pursuant to Alabama Code a physician must obtain the informed consent of a patient before performance of surgery with exceptions when a

life threatening condition is discovered by examination of the patient. The preclusion as fore stated was not in operation with Lillian Abner due to ample time to obtain informed consent .

As fore alleged , Petitioner was informed on September 14, 2006 by the Alabama Department of Public Health that no investigation of the complaint against Mobile Infirmary Medical Center lodged with the public agency in April 2006 has been investigated. The Alabama Department of Public Services does have jurisdiction to investigate complaints alleging negligence by Alabama hospitals and physicians . Due to the fact the agency is under contract with the Department of Health and Human Services , agency is without discretion to chose whether or not to investing ate complaints and make findings.

### 111 CONCLUSION

Based on the foregoing facts and arguments it is clear the fore named have acted willfully and arbitrarily to perform a duty required by their agencies and assumed discretion un afforded . Petitioner respectfully requests that the Court issue a writ of mandate compelling the Alabama Board of Medical Examiners and Alabama Department of Public Health as State agencies to submit findings of all the complaint of Petitioner as is standard and customary by an agency of findings of all allegations by Petitioner

Prayer:

Petitioner prays for as follows:

That the Board of Medical Examiners of Alabama submit findings of alleged negligence by physicians unreported by the Agency as follows : 1.Findings and conclusions regarding the complaint of misdiagnosis, 2. Findings and conclusions regarding the allegation of negligence resulting in the triggering of pulmonary difficulties in patient Lillian Abner after exploratory surgery performed in regard to factually allegation of insertion of a synthetic tube into the mouth leading to the stomach of patient Lillian Abner who had pre existent diagnosis of asthma as known to the physicians , 3. Findings and conclusions regarding allegation by petitioner of failure to implant a pacemaker after obtaining the authorization for implantation by patient , 4. Findings and conclusions regarding allegation by Petitioner of the failure to obtain informed consent for surgery despite one hour and forty five minute time lapse between CT scan diagnosis and commencement of exploratory surgery and, 5. Explanation of the profuse bleeding that occurred after surgery necessitating insulin injections order by treating physician despite patient had no history of diabetes.

**2.** That these omitted findings be submitted by the Board of Medical Examiners of Alabama to Petitioner within ten (10) days after a writ is

17

issued or voluntarily . (When a duty is performed before the issuance of a writ , an alternative writ will not issue) .

3. The Court to issue a writ of mandate commanding the Alabama Department of Public Health, a state agency  commence an investigation of the complaint against Mobile Infirmary by Petitioner Hospital as required by duty within 45 days .

4. For reimbursement for cost of the writ to be equally divided as to cost and be paid by the agencies .

Dated: September 15, 2006     Respectfully Submitted by:

*Janice Abner*

Janice Abner, Petitioner In Pro Per       .

VERIFICATION

I , Janice Abner am the Petitioner in pro per in this matter, and in connection with this writ , I am familiar with the proceedings and files described in and the subject of this petition , and know the facts set forth in this petition to be true and correct.

I declare under the laws of the penalty of perjury of the State of Alabama that the foregoing is true and correct.

Dated: September 15, 2006     By : *Janice Abner*

Janice Abner, Petitioner

18

**Declaration of Petitioner Janice Abner In Support of A Writ of Mandate**

I Janice Abner as Petitioner and Declarant have personal knowledge of the facts presented in this delaration, and if called upon could and would competently do so.

1. On 4/13/06 I filed a complaint against nine private physicians alleging negligence and misdiagnosis while Lillian Abner , mother was in their care to the Alabama Board of medical Examiners (ABME). The complaints were based on post autopsy findings by autopsy performed by Glenoakes Pathology Associates of Los Angeles County, California. I received on ------ -correspondence from Mr. Larry D be conducted by the state agency . Submitted as Exhibit "A" is a true copy of the correspondence from the ABME.

2. On 4/14/06 I lodge a complaint alleging negligence by medical misdiagnosis against the Mobile Infirmary Medical Center to the Alabama Hospital Association. I received on correspondence dated 4/22/06 acknowledging receipt of complaint but lack of jurisdiction to perform an investigation . Notice was given that the complaint would be forwarded to the Mobile Infirmary medical Center. Submitted as Exhibit "B" is a copy of the notice from the Alabama Hospital Association.

3. On 4/13/06 the complaint against Mobile Infirmary Medical Center incorporating allegations also of negligence by the private physicians identified in the complaint lodged to the ABNE by Petitioner was by the office of The United States Attorney for Southern Alabama to both the Alabama Board of Medical Examiners and The Alabama Department of Public Health.. Submitted in respective order of "C" and "CC" are complaints submitted to both state agencies by the Office of the United States Attorney.

4. On 4/30/06 I received a copy of a correspondence submitted to the Office of the United States Attorney by Patricia Shaner, General Counsel for ABME declaring that investigation would be conducted of the complaint submitted to their agency by the federal agency on behalf of Petitioner . Attached as Exhibit "D" is an authentic copy of the correspondence from Patricia Shaner, General Counsel for ABME.

5. I received on 5/13/06 from the Office of The United States Attorney a copy of a correspondence from the Alabama Department of Public health declaring the agency would investigate the complaint against Mobile Infirmary Hospital . Submitted as Exhibit "E" is a true copy of from the agency declaring an investigation of the complaint of Petitioner's complaint

sent to the Office of the U. S. Attorney against Mobile Infirmary Medical Center would be investigated.

6. On 9/10/06  I received a one and one- fourth page notice dated August 15, 2006 from Mr. Larry Dixon , Director of the finding and conclusions reached by the Alabama Board of Medical Examiners regarding the multiple complaints alleging negligence and misdiagnosis by name private physicians in conjunction with the Mobile Infirmary Medical Center . The agency only forwarded the notice of determinations , findings and conclusions and made by the Board of Medical Examiners on August 15, 2006 after I made inquiry when the investigation would be concluded. Submitted as Exhibit "F" is the notice rather than a report of findings from the state agency  having jurisdiction to investigate complaints regarding medical care rendered by Alabama physicians.

I declare under the laws of penalty of perjury for the State of Alabama that the foregoing declaration is true .

Dated: September _15_ 2006   Respectfully Submitted by:

_Janice Abner_

Janice Abner, Petitioner In Pro Per

## CERTIFICATE OF SERVICE

On September _15_, 2006 I served this petition upon the Circuit Court of

Montgomery County, Alabama to be served upon Respondent as follows :

1. Alabama Board of Medical Examiners
Patricia E. Shaner, General Counsel
848 Washington Avenue
Montgomery, Ala. 36104
P.O. Box 946, Momthomery, Ala. 36101-0946

2. State of Alabama Department of Public Health
   Barbara A. Little, R.N., L.N.C., Paralegal
   The RSA Tower
   201 Monroe Street
   Montgomery, Ala. 36104
   P.O. Box  303017

# EXHIBIT
# J

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

JANICE ABNER,           )
                          )
     Plaintiff,        )
                          )
v.                    )     CASE NO. CV- 06-2470
                          )
ALABAMA BOARD OF MEDICAL  )
EXAMINERS, et. al.,       )
                          )
     Defendant.     )

## ANSWER TO PETITION FOR WRIT OF MANDATE

COMES NOW Defendant, Alabama Board of Medical Examiners (hereinafter the

"Board"), by and through counsel, and file this Answer to Petition for Writ of Mandate by

stating as follows:

1.    Defendant denies that any grounds exist to support the filing of a Petition for Writ

of Mandate (or Petition for Writ of Mandamus).

2.    Defendant denies that it failed to conduct a full investigation of the complaint in

question.

3.    Defendant denies that it has deviated from its rules or standards in this

investigation.

4.    Defendant admits that it has jurisdiction to investigate complaints against medical

doctors (M. D.s) and doctors of osteopathy (D. O.s).

5.    Defendant has no knowledge of any complaints filed with the Alabama

Department of Public Health.

6.    As to the claims against this Defendant (contained on pages 6 through 9 of the

1

Petition), Defendant denies the substantive allegations and further states that, pursuant to statutory law, patient complaints and subsequent investigations are private, confidential and undiscoverable.

7.    Defendant admits that Executive Director Larry Dixon sent a letter to Petitioner on September 7, 2006. A copy of that letter is attached as Exhibit 1. Defendant denies all other substantive allegations concerning this letter and demands proof thereof.

8.    Defendant is without sufficient knowledge or information to admit or deny any actions allegedly taken by the Petitioner set forth on pages 9 and 10 of the Petition.

9.    Defendant is without sufficient knowledge or information to admit or deny any actions taken or not taken by Ms. Deborah Rhodes (page 10 of Petition) or any other third parties referenced by Petitioner.

10.    Defendant denies the allegations contained in Paragraph 11 on page 10 of the Petition and demands proof thereof.

11.    Defendant denies the allegations contained in Paragraph 12 on page 10 of the Petition and demands proof thereof.

12.    Defendant denies the substantive allegations contained in Paragraph 13 on page 11 of the Petition and demands proof thereof.

13.    Defendant denies the substantive allegations contained in Paragraph 14 on page 11 of the Petition and demands strict proof thereof.

14.    Defendant denies the substantive allegations contained in Paragraph 15 on page 12 of the Petition and demands strict proof thereof.

15.    Defendant denies the substantive allegations contained in Paragraph 16 on page

2

12 of the Petition and demands strict proof thereof. Defendant admits that a letter dated September 7, 2006, and signed by Larry Dixon was sent to Petitioner on September 7, 2006, and is attached hereto as Exhibit 1.

16.    Defendant denies the allegations in Paragraph 17 on pages 12 and 13 of the Petition and demands strict proof thereof.

17.    Defendant admits in part and denies in part the allegations contained on pages 13 and 14 of the Petition.

18.    The allegations contained on pages 15 and 16 of the Petition are not directed at this Defendant.

19.    Defendant denies the allegations contained in the "Conclusion" of the Petition on pages 16 through 18 and demands strict proof thereof.

RESPECTFULLY SUBMITTED this the 8th day of November, 2006.

TROY KING
ATTORNEY GENERAL                    (KIN047)


 /s/ William F. Addison
William F. Addison, Associate Counsel          (ADD002)
Alabama State Board of Medical Examiners
Assistant Attorney General
Alabama Bar No. ASB-7206-A54W
P.O. Box 946
Montgomery, AL 36101-0946
Telephone (334) 242-4116
Facsimile (334) 242-4155
E-mail: baddison@albme.org

3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion to Dismiss has been served on Janice Abner, 888 Victor Ave, Unit #16, Inglewood CA 90302, by U. S. mail, postage prepaid, and Brian Hale, Esq., Office of General Counsel, Alabama Department of Public Health, by Notice of Electronic Filing, this _____ day of _____ Nov. _____, 2006.


/s/ William F. Addison
William F. Addison

4

# EXHIBIT
# K

IN THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JANICE ABNER,                                )    CIVIL ACTION NO.
                                             )    2:07cv 146-WKW
        Plaintiff,                           )
                                             )
        v.                                   )
                                             )
ALABAMA BOARD OF MEDICAL                     )
EXAMINERS, et al.,                           )
                                             )
        Defendants, Respondents              )
_____      )

INTERROGATORIES BY PLAINTIFF TO
CO RESPONDENT ALABAMA BOARD OF MEDICAL
EXAMINERS

This discovery is conducted by Plaintiff, Janice Abner in

accords with the May 5, 2007 scheduling order set by the United

States District Court Magistrate Honorable Susan R. Walker requiring

that all discovery be completed on or before September 21, 2007.

Dated: July 25, 2007          By: *Janice Abner*

        Janice Abner, Plaintiff

1. State The Name of Respondent ,Agency jurisdiction and duties.

2. Does any individual (s) holding a position or employed by Respondent agency serve in another capacity or office  either as an elected or appointed public official?

3. If response to interrogatory #2 is yes, name the individual , or individuals.

4. If Answer to #2 is yes , name the public office or capacity held by each individual identified aside from service with Respondent Agency. .

5.  Has Respondent ever  received any complaint(s) directly from Plaintiff seeking investigation of professional conduct of physicians licensed by Respondent Agency?

6. If the response is affirmative, on what date was a complaint received directly from Plaintiff by the Respondent ?.

7. How many pages did the complaint by Plaintiff consist of , and against how many physicians?

8. Did Respondent acknowledge receipt of complaint sent directly by Plaintiff ?

-1-

9. I fthe answer is yes to # 8, identify the name of the agency representative acknowledging receive or complaint submitted directly by Plaintiff.

10. Has Respondent ever received a complaint submitted on behalf of Plaintiff from a governmental agency ?

11. If response is affirmative, please identify by name the Agency representative acknowledging receipt of governmental complaint. i.

12. On what date was the governmental complaint received or date d

13. Who is in charge of investigation and findings as to facts of complaint ?

14. Is there a standard procedure for investigation of complaints?

15. If response is no to interrogatory 8, what factors determine methodology for investigation of simple domain as opposed to multi domain complaints .

16. How did The investigator for Respondent obtain reports of physicians subjects in complaint for the Medical Board to form its conclusions?

17. What date were the reports obtained after receiving complaints of Plaintiff ?

-2-

18. What treatment year (s) did the medical reports obtained from physicians lists as to decedent subject of complaint?

19. Are the reports secured directly by Respondent from physicians subject to release to a complainant on request ?

20.. What percentage or exact number of The Medical Records were secured directly from the Hospital by Respondent for conduction of investigation and finding?.

21. Does Respondent believe the number of medical records obtained in comparison to total documents was standard to perform an investigation as pertains to conformity with national norms for Peer Review Groups?

22. If the response to # 15 is affirmative, state why such belief exists, and the authority as pertains to support belief.

23. Was the percentage of medical records obtained considered adequate by national standards to base conclusions of either of the complaints?

24. Did Respondent submit a findings of investigation of any complaint against the physicians subject of the complaints of Plaintiff

-3-

25. Did Respondent receive immediate notice by Plaintiff of disagreement with purported patient history and facts stated in Report finding regarding reason for admittance as a walk in patient to the Outpatient Clinic and immediate events that transpired thereafter?

26. Did Respondent reply to the notice of erroneous reporting by Plaintiff?

27. I f the response is yes, state what basis did Respondent contend that the admission history of patient in the report of findings by Respondent Agency was accurate.

28 .Has a dispute emanated between Respondent and Plaintiff regarding in part referenced agency finding that evolved to Judicial Action brought by Plaintiff?

29. What was the nature of the judicial action arising from dispute?

30. Did Respondent during period of litigation of complaint arising from dispute ever receive substantial evidence from Plaintiff contradicting reported medical symptoms present as reason for admittance in outpatient department of medical facility by patient , and immediate medical interventions that transpired thereafter ?

-4-

31. I f the response is affirmative, name all documentary evidence received by Plaintiff in asserting dispute of the report of findings as the medical history of subject at the time f admittance to the Hosptial.

32. . If response is correct where was the source of evidence submitted by Plaintiff derived from ?

33. Was the evidence authentic as to the source derived from ?

34. Did the judicial action by Plaintiff in relation request conduction of a new investigation and correction of findings based on documentary evidence received from Plaintiff and all documentary evidence available?

35. Did Respondent agree , or deny such evidence contradicted statements in report regarding admission history of subject related to complaint against physicians ?

36. Did respondent ever at any time offer as proof any evidence contradicting the evidence received from Plaintiff.

37. Did respondent serve upon the Court during proceeding for litigation of judicial action any complaints to agencies against Plaintiff suggestive that actions by Plaintiff were illegal and improper as to motive?.

38. If  the response is affirmative, identify by name the agencies .

39. Did  Respondent in complaints to agencies  identify any other individual as having acted improperly as and unprofessionally in regards to the complaint lodged to respondent by Plaintiff ?

40. If the Response is affirmative, why was other party through to have acted improperly and unprofessionally as listed in the complaints

41. If the answer is yes., who specifically lodged the complaints ?

42. Were the complaints served on Plaintiff on the date lodged to agencies ?

43. If the answer to interrogatory 34 is negative, what day were complaints served on plaintiff ?

44. By whom were complaints served?

45. Were the complaints ever responded to or an opinion received from the two agencies once lodged by Respondent ?

46. If the interrogatory is affirmative, what were the opinions and was opinion ever served on the Plaintiff ?

47. In regards to interrogatories 21 thru 39 as relates was a judgment entered in the judicial action brought by Plaintiff ?,

48. To whom was judgment rendered in favor and what was judgment / and order ?

# EXHIBIT L



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Board of Medical
Examiners of Alabama
P.O. Box 946
Montgomery, Alabama
36101-0946

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *C. Kruger*
☐ Agent
☐ Addressee

B. Received by ( Printed Name)
C. KRUGER
C. Date of Delivery
8-1-07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

■ Sender: Please print your name, address, and ZIP+4 in this box ■

Janice Tabner
388 Victor Ave. #/6
Inglewood, Calif
90302

## **SAMPLE NOTICE FORMAT**

**Note:** When E-Filing this pleading, please enter a separate docket entry. The event entry is located on CM/ECF by clicking: **CIVIL > OTHER DOCUMENTS > CORPORATE DISCLOSURE STATEMENT** A **screen-fillable** Adobe Acrobat PDF form, which can be saved and E-Filed, is available on-line; it is available at http://www.almd.uscourts.gov/docs/CONFLICT_DISCLOSURE_STATEMENT_FILLABLE.pdf

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

Janice Abney                    )
_____,        )
        **Plaintiff,**           )
                                 )
                                 )
v.                               )     CASE NO. 2:07-CV146-WKW-SRW
                                 )
Alabama Board of Medical         )
Examiners et al          ,       )
        **Defendants,**          )
                                 )

### **CONFLICT DISCLOSURE STATEMENT**

COMES NOW Janice Abney, a [Plaintiff/Defendant] in the above-captioned matter, and in accordance with the order of this Court, making the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047:

☑ This party is an individual, or

☐ This party is a governmental entity, or

☐ There are no entities to be reported, or

☐ The following entities and their relationship to the party are hereby reported:

Reportable Entity                          Relationship to Party

_____          _____

_____          _____

_____          _____

_____          _____


7/27/07
_____
Date

Signature  Janice Abney
_____
Counsel

_____
Counsel for (print names of all parties)

_____
Address, City, State Zip Code

_____
Telephone Number

Also requires a certificate of Service