"Q"

Janice Abner , Plaintiff
888 Victor Avenue , Unit 16
Inglewood, Ca. 90302
(310) 419-4563

RECEIVED

2008 MAR -3  A 9: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

2:07-cv-146-WKW

| | |
|---|---|
| JANICE ABNER, | ) **Plaintiff's Objections To** |
| | ) **Recommendation By The** |
| Plaintiff , | ) **Magistrate Judge To Grant** |
| | ) **Motion By Defendants  For** |
| vs. | ) **Summary Judgment And** |
| | ) **Denying  Motion For Judgment** |
| ALABAMA BOARD OF | ) **In Favor Of Plaintiff** |
| MEDICAL EXAMINERS, et al | ) |
| | ) Judge: Honorable Susan R. |
| | )          Walker, Magistrate |
| Defendant | ) |
| | ) |

## INTRODUCTION

Plaintiff , Janice Abner replies in objection to the

recommendation of the United States District Court to grant the

motions by Co Defendants the Alabama Board of Medical Examiners

( ABME ) and the Department of Public Health of Alabama (DPHA)

-1-

on in grounds plaintiff has not met the burden of proof by absence of sufficient facts to establish no material dispute exists as to complaint alleging primarily denial by the agencies of the equal protection of the Law. Said Clause as pertains to the Fourteenth Amendment operates to ensure all persons who are similarly situated are treated uniformly by the government . **City of Cleburne vs. Cleburne Living Ctr. , Inc ( 1998) 473 U.S. , 432 . 441. 105 S. Ct . 3248, 87 L. Ed. 2d. ed**. The must exists as to laws and Acts by States uniform treatment among similarly situated persons or entities **Woco Pep Co cs. City of Montgomery ( Supreme Court of Alabama ), 213 Ala. 453, 105 So. 214.**

Opposition by plaintiff to the recommendation by the Court currently to deny plaintiff summary judgment is base don the following contentions as to agencies who have engage in concerted , illegal acts.

1. . The legal authority cited , and relied upon in support of recommendation to deny summary judgment to plaintiff is superseded by current Law Serving As Legal Precedent To Support Claim By Plaintiff Under The Equal Protection Of The Law As a Prima Facie Claim As Statement of Facts .

-2-

2.. The tentative judgment is unsupported by the record that the ADPH while legally a moving party has met the burden of proof that complaint of plaintiff is now moot due to agency performing its duty .

3. The Record Would  Establish A Reasonable Trier Of Facts Could Infer No Triable Issues Of Material Fact Exist As To The Complaint of Plaintiff  of acts buy defendants tantamount to a conspiracy .

## PROCEDURAL HISTORY

1. On 05/23/07 a scheduling order for adjudication of case of Abner vs. Alabama Board of medical Examiners , et al was served on parties by Honorable Susan R. Walker, Magistrate Judge assigned to case. By the order all dipositive motions were to be filed by  06/21/ 07.

2. On 08/20/07 Defendant Department of Public Health of Alabama (DPHA) filed and served on plaintiff notice of motion and motion for order of summary Judgment .

3. Plaintiff  timely filed with the Court by United States overnight mail on 08/21/08 and on parities by regular mail with certificated receipt Notice of Motion and Motion seeking full summary  or partial Plaintiff has provided the Court with copy of overnight mail service by  United mail service proving motion was timely served on the

-3-

Court by overnight US nail on 08/21/07.. Plaintiff interprets the language in the federal rules of Federal Rules of Civil provides that service by overnight United States mail is the date of service.

4. The motion for summary judgment by plaintiff refer to the record establishing that plaintiff is similarly situated by semblance in educational level to the professional level of physicians subjects in a complaint of professional negligence dismissed by the agencies of the ABME and DPHA which has given rise to the current federal action .

3. Co Defendant , the Alabama Board of medical Examiners, ABME filed is notice of motion and motion for summary judgment motion and  motion  for summary 08/24/07  3 days past due date.

4. On plaintiff received a tentative order dated 02/20/08 by the District Court granting the motion of defendant for summary judgment in case Abner vs. Alabama Board of Medical Examiners , et al.

## 111 CONTENTIONS  FOR OBJECTION TO THE TENTATIVE  RECOMMENDATION BY THE COURT

1.THE POINT OF LAW RELIED UPON IN THE RECOMMENDATION TO DENY SUMMARY JUDGMENT TO PLAINTIFF IS SUPERSEDED BY RECENT AUTHORITY SERVING AS LEGAL PRECEDENT TO SUPPORTS CLAIM BY PLAINTIFF OF VIOLATION  OF THE EQUAL PROTECTION CLAUSE BY DEFENDANTS

-4-

**A. A Reasonable Trier Of  Fact Would Infer From Applicable Authority And The facts and documentary evidence In  the Record That Absence  OF A Dispute  Of material Fact  Exists For Grant of Summary Judgment To Plaintiff**

The facts in the record supported by the documentary evidence state the ABME as a Peer review Board acted irrationally and with malice by fraud to deny the equal protection of the law to plaintiff in admitting purported  evidence of medical reports obtained directly from seven (7) Caucasian male physicians to dismiss complaint of negligence whereby question of authenticity existed . The facts state the ABME acted non uniformly to conceal 93 %f medical evidence in the medical   records to dismiss complaint of plaintiff in addition to substantial other documents received from plaintiff ( **Exhibit "H")** Facts in the record  state the DPHA  despite receiving federal funds on condition agency serve as a peer review agency to investigate complaints  against hospitals did act arbitrarily in refusal to perform duty as required by contract to receive funds from the Unites States Department of Health and Welfare.

The United States Supreme Court on review of case **City of Willowbrook vs Olech (2000) 528 U.S. 562, 120 S. Ct. 1073, 128 M. Ed. 2d (2000)** , formally recognized  a Class of One Theory

applicable to actions under the Equal Protection Clause thereby

setting legal precedent by its ruling .. In referenced case,  The  High

Court held that to state a prima facie complaint for denial of equal

protection under the law, a plaintiff  need allege he or she was

intentionally treated differently from others similarly situated , and

that there was no rational basis for the for the difference.

 The High Court in **Willowbrook, Id**  further held that allegations by

a plaintiff of irrational , malicious and wholly arbitrary treatment by

defendant in non uniform treatment did state a claim under  the Equal

Protection Clause even and no allegations of improper  subjective

motive for conduct was necessary . **Willowbrook vs. Olech (2000) .**

**Id.** The Constitution requires laws and acts by a state of uniform

 treatment of persons similarly situated,. **Woco Pep Co vs. City of**

**Montgomery (1999,  Alabama Supreme Court)** 213 Ala. 452, 105

So. , 214

    Plaintiff has made claim that she is similarly situated by some

degree of semblance in educational training educational level  to

physicians who were subject of a complaint for professional

-6-

negligence but was denied equal protection by the ABME by its failure to perform a fair and unbiased investigation of charges by Abner inter alia :

1. Irrational and disparate treatment by agency toward plaintiff in considering but 7 percent of evidence from 203 medical records of decedent family member of plaintiff who died   in purported care of the physicians while admitting all evidence illegally received directly from the physicians to dismiss complaints of plaintiff **(Exh "H")**

2. Outrageous refusal to amend investigation report stating inaccurate medical facts upon receipt of medical evidence from plaintiff proving inaccuracy **( Exhibits ""F, "I" and "J"" )**

3.. Malice   show by the ABME toward plaintiff despite its behavior of fraud to protect the Caucasian physicians and dismiss the complaints Writing false accusations to the National Pathology Board and the California Board of Medical Examiners that plaintiff sought investigation solely to bring suit against physicians . The accusations were absent merit and contradicted by the notice from the United States   Department of Justice to Agency that plaintiff was, and continues to be concerned about the public well being of the

-7-

citizens of Alabama where relatives of plaintiff still reside and

concern of risk if investigation of plaintiff's complaint against the 7

physicians and Hospital does not occur ( **Exhibit "D"** ) . Plaintiff can

prove by Source identified that plaintiff upon returning to California

in year 2002 after the death of mother did donate $3000.00 to

Morningstar Missionary Baptist Church of Mobile Alabana to begin a

Health Wellness program for Senior Citizens which did occur . The

complaint has not been investigated fairly by the ABME ,plaintiff

remains injured and therefore is entitled to injuctive and declaratory

relief based on the case law **Malowney vs. Fed. Collection Deposit**

**Group, 11th Circuit 1999, 193 F. 3d. 1342.** Therefore plaintiff is

entitled to declaratory and injunctive relief requested in the complaint

.    THE CLAIM FOR DENIAL OF DUE PROCESS UNDER
AMENDMENT ONE BY THE ALABAMA BOARD OF MEDICAL
EXAMINERS STATE A CLAIM

Plaintiff has alleged the ABME did violate rights to petition the

government for redress of grievance afforded by Amendment One of

the United States Constitution by presenting to the State Circuit Court

absent service on plaintiff letters prejudicial letters containing false

unsubstantiated accusations regarding criminal intent by plaintiff and

-8-

William Posey ,Pathologist to the National Pathology Board and

Board of Medical Examiners of California falsely stating criminal

motive of plaintiff in seeking investigation of the complaint against

the seven Caucasian physicians. **( Complaint By Plaintiff For**

**Declaratory and Injunctive Relief ((pgs 12 & 13, Parghs 26 & 27).**

**( Exhibit I, Opposit by ABME to motion for Summary Jdgm't.**

The State Circuit Court thereafter receipt of letters ordered mandamus

action dismissed as submitted due to prejudicial error the mandamus

action by plaintiff was dismissed with prejudice . A review of the

order is currently pending before the Court of Civil Appeals of

Alabama whereby the ABME has asserted a defense of Res Judicata

Therefore based on the above facts stating behavior by the ABNE of

illegal , arbitrary and very unfair play Defendant ABME and arbitrary

behavior by the ABME , plaintiff has stated a claim for violation of

First Amendment Rights affording due process to Petition the

government through its  Courts for redress of grievance.

### B. No issue of Material Dispute Exists as to Proposition By Plaintiff That The Claim By the Alabama Department of Public Health Is Not Moot

The DPHA as  the moving party in this action seeking summary

-9-

judgment as regards the complaint of plaintiff on ground no dispute

of material fact exists as complaint is moot and declaratory and

injunctive relief is unwarranted . Plaintiff has stated that the agency

received complaint by plaintiff seeking investigation of physicians

from Assistant United States Attorney Eugene Sideu stating concern

that the well being of the citizens of Alabama were at risk if

the complaint against the seven (7) physicians and Hospital was not

investigated  **(Exhibit "D").** Plaintiff has relatives of various ages

that remain in both Mobile and Montgomery Counties  of Alabama.

   In regards , plaintiff as can be proven through source referenced ,

did after the death of decedent mother and upon returning to

California in year 2002 donated  $3,000 to Morningstar Missionary

Baptist Church of Mobile to commence a a Health Wellness Program

for Senior Citizens which did occur and can be proven by Source

mentioned.

. .Plaintiff has stated the agency of the DPHA receives federal funds

by grant application from the Department of Health and Human

Services (DHHS)  requiring it operate in addition to a Peer Review

Agency The 11th Circuit ruled a case is moot when the issues initially

-10-

presented becomes inexistent ; **Trojano vs. Supervisor of Elections In Palm Beach County. Fla. 382 F. 3d , 1276 , 1278 (11th Circuit 2004**

By **Code 42 , Section 1320 c-3 (5)** governing the standards for peer review agencies under contract with the DHHS such organizations in its review of complaints shall "developed norms of care , diagnosis and treatment based upon typical patterns within the geographic area

The DPHA as the moving party has offered no proof by its notice to plaintiff of investigation and finding of adherence to norms prescribed by peer review agencies receiving The DPHA has offered no proof that investigation has been conducted based on the procedural regulations of DHHS.**( Exhibit "2" . Notice of conduction of investigation and finding by Carolyn Duck )**

**In Public Citizens , Inc Vs. Department of Health and Human Services (2001), 151 F. Supp. 2d,** the Court held peer review agencies are required to disclose some information regarding procedures of investigation , and more to complainant than simply statement that an investigation has been conducted and of position by agency as to the complaints The affidavit by Tonya Blankenship

-11-

purporting to serve as proof the agency did conduct investigation of

plaintiff's complaint only states job duties of affiant as a surveyor

who performs license to health care facilities, and found

no improper treatment by Mobile Infirmary Hospital as to complaint

of negligence    . Therefore in the absence by the agency on meeting a

burden of proof that it did conduct a investigation of complaint of

plaintiff, it is submitted plaintiff is entitled to injunctive relief.

Because the injury by plaintiff will continue if injunctive and

declaratory relief is denied plaintiff , summary judgment should be

granted in favor of plaintiff .

## CONCLUSION

The relief sought in the federal complaint by plaintiff that is before

the Court was for the agencies of the ABME and the DPHA perform

an investigation of a complaint by plaintiff against seven (7)

physicians and a Medical Center by plaintiff forwarded through the

United States Department of Justice and a separate 13 page complaint

of plaintiff . The correspondence by the Department of Justice stated

investigation was sought out of concern for the public well being of

the citizens of Alabama where relatives of plaintiff still reside .

-12-

The Court has recommended summary judgment to defendants despite fact there is substantial evidence in the record proving neither agency has performed any investigation that is bears any semblance of fairness , and has used fraud and false declaration of moot action . Based on the arguments in this complaint plaintiff has met the burden of proof in establishing that no issue of material fact exists as to claim that Defendants and their attorneys who are officials of Alabama   did concertedly deny plaintiff the equal protection of the law, and the ABME did violate the First Amendment right of plaintiff to petition the government through its courts for redress of grievance. Therefore they are un entitled to qualified immunity .Plaintiff submits that the grant of summary judgment to the ABME who also filed its motion 3 days delinquent would not serve administration of justice.. Plaintiff submits that the grant of summary judgment to the DPHA upon failure by agency to meet its burden of proof and make un factual declaration to the Court of moot issue as to the complaint of plaintiff would not serve for administration of justice.

Plaintiff respectfully pleads in view of fact a decision was to rendered on this case by February 21, 2008 , but adjudications is still

-13-

pending as the Court has only submitted recommendation , that if possible upon receipt of this to recommendation by plaintiff an order be expeditiously rendered by the Honorable Court.

Dated: February 25, 2008            By

Janice Abner, plaintiff

-14-

CERTIFICATE OF SERVICE

I, Janice Abner hereby do certify that on February 27, 2008, I served document entitled :

**Reply In Opposition To Recommendation To Deny Summary Judgment To Plaintiff**

on the following parties to the action,

**The Alabama Board of Medical Examiners**
**P.O. Box 946**
**848 Washington Ave.**
**Montgomery, Ala. 36101-0946**

**The Alabama Department of Public Health**
**P.O. Box 303017**
**201 Monroe Street, Ste 1540**
**Montgomery, Ala. 36130-3017**

f

Janice Abner , Plaintiff